# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| **In Re:**<br><br>**Treasure Valley Marine, Inc., LLC,**<br><br>**Debtor.** | **Bankruptcy Case**<br>**No. 16-00927-JDP** |

## MEMORANDUM OF DECISION

**Appearances:**

> Jed D. Manwaring, Boise, Idaho, Attorney for Chapter 7 Trustee.

> Adam B. Little, Boise, Idaho, Attorney for David McKitrick, Grant Lungren, Leland Spindler, and KeyBank National Association

> William M. Humphries, Boise, Idaho, Assistant United States Attorney

### *Introduction*

Christopher Bohnenkamp, the principal of his company Treasure Valley Marine, Inc. ("Debtor"), built expensive custom-designed boats for his customers. Unfortunately for all, as things turned out, he also misappropriated large sums from the monies his customers paid him for the boats to spend on his

MEMORANDUM OF DECISION –1

other ventures. When funds to construct the boats ran short, and customers

complained about inordinate delays in receiving their purchases, Bohnenkamp

left town with many orders unfulfilled. Several frustrated customers and a

lender retained counsel and pursued Bohnenkamp and others to recover assets

he allegedly transferred to them. Eventually, the customers and lender forced

Debtor into an involuntary chapter 7 bankruptcy case and helped authorities to

indict and convict Bohnenkamp for his crimes. These customers now claim that

most of their legal costs incurred pursuing Bohnenkamp and his transferred

assets must be given priority over other creditors' claims and reimbursed from

funds generated in the bankruptcy case. The bankruptcy case trustee, and the

U.S. attorney on behalf of Bohnenkamp's victims, objected to the customers'

asserted priority status. This decision addresses that dispute.

More specifically, customers/creditors Leland Spindler, David McKitrick,

Grant Lungren, and lender KeyBank National Association ("KeyBank")

(collectively, "Creditors"), filed Proof of Claim Numbers 12, 13, 14, and 15 in the

MEMORANDUM OF DECISION –2

bankruptcy case, seeking priority status for their claims under § 507(a)(2).[1] The

chapter 7 Trustee, Janine Reynard ("Trustee"), objected to those claims, Dkt. Nos.

88–91, and Creditors filed responses to those objections. Dkt. Nos. 96–99.

Additionally, Creditors filed separate applications seeking allowance of their

claims as administrative expenses in the bankruptcy case pursuant to § 503(b).

Dkt. Nos. 102–105. The U.S. Attorney filed an objection to the applications for

administrative expenses, Dkt. No. 112; Trustee also filed a response to the

applications for administrative expenses consistent with her claim objections.

Dkt. No. 114. Creditors filed a reply to the U.S. Attorney's objection. Dkt. No.

113. On July 21, 2020, the Court conducted a hearing where the parties presented

oral arguments in support of their respective positions. Dkt. No. 115.

      The Court has considered the facts appearing in the record and the parties'

arguments. This Memorandum constitutes the Court's findings, conclusions, and

reasons for its disposition of the objections. Rules 7052; 9014.

---

[1] Unless otherwise indicated, all chapter references are to the Bankruptcy Code, 11 U.S.C.
§§ 101–1532, all Rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–
9037, and all Civil Rule references are to the Federal Rules of Civil Procedure, Rules 1–88.

MEMORANDUM OF DECISION −3

*Facts*

The undisputed facts appear in the Court's docket and records, and as acknowledged by the parties in their arguments.

Bohnenkamp owned and was the former president of Debtor. The Idaho Secretary of State dissolved Debtor on January 25, 2016. Bohnenkamp also owned Bohnenkamp's Whitewater Custom, Inc., and Devil's Hole Jetboat, LLC. Niagara Jet Adventures, LLC, is a New York limited liability company and a wholly owned subsidiary of Devil's Hole Jetboat. Niagara Jet Adventures provided guided trips on the Niagara River using Bohnenkamp's Whitewater Custom jetboats.

Debtor and Bohnenkamp's Whitewater Custom began manufacturing upscale jet boats for Devil's Hole Jetboats and Niagara Jet Adventures. At the time, Bohnenkamp did not own Devil's Hole Jetboats. Under the terms of their deal, in exchange for Debtor and Bohnenkamp's Whitewater Customs' services in manufacturing jet boats for Devil's Hole Jetboats at a substantial discount, Bohnenkamp acquired a 49% interest in Devil's Hole Jetboats. These jet boats were to be used to provide guided tours on the Niagara River. However, the financing used to construct these jetboats came from third-party customers who

MEMORANDUM OF DECISION −4

had given Bohnenkamp deposits to buy their own jet boats, and who had no

knowledge of Bohnenkamp's arrangements with Devil's Hole. In other words,

Debtor, acting through Bohnenkamp, solicited and received numerous down

payments from customers who believed they would receive their own custom

jetboat, but instead, Bohnenkamp used those deposits to manufacture custom jet

boats transferred to Devil's Hole. Devil's Hole used those boats to provide

guided tours on the Niagara River. Of course, Debtor could not manufacture the

custom jet boats promised to its customers because the deposits had been

diverted by Bohnenkamp to his other ventures.

When he grew frustrated and suspicious, one of the customers, David

McKitrick, around February 2015, retained the law firm Eberle Berlin to

prosecute an action in state court against Debtor for its failure to deliver the boat

he had purchased, and to recover Bohnenkamp's transfers of Debtor's assets to

Devil's Hole. Grant Lungren, another customer who deposited funds with

Debtor but never received his boat, retained law firm Hawley Troxell around the

same time for a similar purpose. McKitrick and Lungren later agreed that Eberle

Berlin would jointly represent them in state court. Around October 2015, Leland

MEMORANDUM OF DECISION –5

Spindler, yet another victim of the scheme, entered a joint representation agreement with Eberle Berlin to litigate the fraudulent transfers in state court.

A.     The State Court Lawsuit

The McKitrick, Lungren, and Spindler complaints were consolidated into one case in in the Fourth Judicial District for the State of Idaho, Ada County. *See David McKitrick, Grant Lungren and Anne Lungren, Leland Spindler v. Treasure Valley Marine, Inc., Bohnenkamps Whitewater Customs, Inc., Christopher L. Bohnenkamp, Rachel Bohnenkamp, Niagara Jet Adventures, LLC, Devil's Hole Jetboat, LLC, Michael Fox and John Doe*, Ada County Case No. CV OC 15-02174 (hereafter "the state court lawsuit"). Around February 2016, KeyBank, one of Debtor's lenders, entered into a joint representation agreement with McKitrick, Lungren, and Spindler to assist in financing the state court lawsuit litigation. KeyBank filed a complaint on February 10, 2016, and a motion to consolidate the KeyBank complaint into the other state court action was filed, but as of May 22, 2020, it had not yet been heard because of the automatic stay. The same creditors seeking administrative fees in the bankruptcy case, David McKitrick, Grant Lungren, Leland Spindler, and KeyBank, were also plaintiffs in the state court lawsuit. The attorneys representing Creditors, from Eberle, Berlin, as well as Hawley Troxell,

MEMORANDUM OF DECISION –6

represented the plaintiffs in the state court lawsuit. The defendants in the state

court lawsuit were Bohnenkamp, his spouse Rachel Bohnenkamp, Debtor,

Whitewater Customs, Inc., Niagara Jet Adventures, LLC, Devils Hole Jetboat,

LLC, and Michael J. Fox.

The plaintiffs alleged various causes of action against the defendants,

including breach of contract, breach of the covenant of good faith and fair

dealing, conversion, unjust enrichment, and fraudulent transfer claims under

Idaho Code § 55-913, fraud, as wells as Idaho Consumer Protection Act

violations. At bottom, the plaintiffs were attempting to recover the money they

had paid to Debtor because they did not receive a custom jet boat in exchange,

and to recover the valuable boats allegedly fraudulently transferred by

Bohnenkamp.

Creditors' attorneys performed services in the state court lawsuit,

including researching the various entities owned by Bohnenkamp, researching

the various causes of action available to them, serving the complaint, serving

discovery requests, and conducting depositions. Creditors' attorneys later turned

over much of the information they had assembled to the FBI, which at the time

was investigating Bohnenkamp's activities.

MEMORANDUM OF DECISION –7

B.      The Involuntary Bankruptcy Case

In addition to the state court action, Creditors filed a chapter 7 involuntary

petition commencing this bankruptcy case on July 19, 2016. Dkt. No. 1. Creditors'

attorneys provided services in preparation of filing the involuntary petition,

including research about involuntary bankruptcy, conferencing with the

creditors committee, and preparing and filing the petition. In response to the

involuntary petition, Debtor filed a motion to dismiss the case. Dkt. No. 10.

Creditors' attorneys provided services to oppose the motion to dismiss,

including research, drafting opposition memoranda, and attending the motion to

dismiss hearing, and a response brief to the motion to dismiss, Dkt. No. 13.  This

Court denied the motion to dismiss on August 24, 2016. Further, Creditors also

provided information gleaned during the pendency of the state court lawsuit to

the bankruptcy trustee, as well as to Trustee's counsel. As they described their

work, "[c]ounsel for the State Court Plaintiffs shared documents, cooperated

with, and encouraged [Trustee] to bring her own lawsuit for fraudulent

conveyance claims based upon the same theories as the State Court Case."

Trustee's Motion for Approval of Compromise, Dkt. No. 69.

MEMORANDUM OF DECISION −8

Trustee filed an adversary complaint against Bohnenkamp, Niagara Jet

Adventures, Devil's Hole Jetboats, and Michael Fox on October 5, 2017. *Reynard*

*v. Bohnenkamp, et al. (In re Treasure Valley Marine, Inc)*, ADV 17-06023-JDP (Bankr.

D. Idaho 2017). Trustee sought to avoid several alleged fraudulent transfers of

Debtor's assets to the defendants pursuant to § 544, as well as Idaho Code §§ 55-

913 and 55-914. The factual circumstances serving as the basis for the adversary

proceeding were identical to the state court lawsuit.

C.      Criminal Indictment

Around April 2015, Creditors began providing information and assistance

to the FBI in its criminal investigation regarding Debtor's business. Hawley

Troxell initiated conversations with the FBI that started the criminal

investigation. On September 13, 2016, Bohnenkamp was indicted by a federal

grand jury. *United States v. Bohnenkamp*, 1:16-cr-00215-BLW-1. The United States

and Bohnenkamp eventually entered into a plea agreement wherein

Bohnenkamp agreed to plead to two counts of the indictment, which charged

Bohnenkamp with Wire Fraud Affecting a Financial Institution, and Bank Fraud.

*United States v. Bohnenkamp*, 1:16-cr-00215-BLW-1, Dkt. No. 33. All other counts

MEMORANDUM OF DECISION –9

were dismissed upon motion of the United States. *United States v. Bohnenkamp*, 1:16-cr-00215-BLW-1, Dkt. No. 58.

After his guilty plea, in connection with sentencing proceedings, U.S. Attorney sought to recover the boats from the transferees to partially compensate the victims. The District Court conducted a Restitution/Forfeiture hearing on October 25, 2017. *United States v. Bohnenkamp*, 1:16-cr-00215-BLW-1, Dkt. No. 70. The District Court entered an Order of Reference on May 17, 2018, referring the fraudulent transfer claims in the restitution proceedings to this Court. *United States v. Bohnenkamp*, 1:16-cr-00215-BLW-1, Dkt. No. 87. The parties eventually entered a comprehensive settlement agreement resolving both the restitution matters in the criminal case, as well as the adversary complaint in the bankruptcy case. The settlement was approved by both the District Court and this Court.

Under the settlement agreement, Devil's Hole Jetboats agreed to pay Trustee $48,000 per year, or 25% of its net profits, whichever sum is greater, for five years. Trustee agreed to administer those funds on behalf of the bankruptcy creditors and the victims named in the criminal case. In exchange for these payments, Trustee's adversary complaint would be dismissed with prejudice,

MEMORANDUM OF DECISION −10

and the U.S. Attorney would not pursue restitution claims against the settling

parties. *See* Trustee's Motion for Approval of Compromise, Dkt. No. 69. The

settlement agreement resolved pending matters from both the criminal case as

well as the bankruptcy case. This Court entered an order approving the

compromise on November 30, 2018. Dkt. No. 74.

D.    Creditors' Bankruptcy and Administrative Expense Claims

Creditor Leland Spindler filed Proof of Claim Number 12, as well as an

Application for Allowance of Administrative Expenses, Dkt. No. 102, seeking

priority status for his claims for reimbursement of his legal costs pursuant to §

507(a)(2). Creditor David McKitrick filed Proof of Claim Number 13, as well as

an Application for Allowance of Administrative Expenses, Dkt. No. 103, seeking

priority status pursuant to § 507(a)(2). Creditor Grant Lungren filed Claim

Number 14, as well as an Application for Allowance of Administrative Expenses,

Dkt. No. 104, seeking priority status pursuant to § 507(a)(2). Creditor KeyBank

filed Claim Number 15, as well as an Application for Allowance of

Administrative Expenses, Dkt. No. 105, seeking priority status pursuant to §

507(a)(2). Trustee objected to all these claims. Dkt. Nos. 96–99.

MEMORANDUM OF DECISION −11

Claim number 12 requested priority status for $17,230.60, but the related application for allowance of administrative claim seeks $15,656.80 pursuant to § 503(b). Dkt. No. 102. Claim number 13 requested priority status for $43,563.46, but the related application for allowance of administrative claim seeks $36,866.06 pursuant to § 503(b). Dkt. No. 103. Claim number 14 requested priority status for $53,577.59, but the related application for allowance of administrative claim seeks $45,553.65 pursuant to §503(b). Dkt. No. 104. Claim number 15 requested priority status for $93,282.20, but the related application for allowance of administrative claim seeks $84,787.99 pursuant to § 503(b). Dkt. No. 105. The U.S. Attorney filed an objection to the applications for allowance of the administrative claims, Dkt. No. 112[2], and Trustee filed a response opposing them. Dkt. No. 114. In sum, collectively, Creditors' seek allowance of $182,864.50 of legal fees and costs as administrative expenses pursuant to § 503(b).

_____

[2] The U.S. Attorney states, "The United States is an interested party and creditor in this action based on the U.S. District Court's restitution order and the Court-approved Settlement Agreement because the Attorney General is responsible for collecting criminal restitution." U.S. Attorney's Objection to Applications for Administrative Expenses, Dkt. No. 112, p. 6. In other words, the U.S. Attorney represents the interest of the numerous victims from the criminal case against Debtor.

MEMORANDUM OF DECISION −12

Creditors' arguments in this matter, and the accompanying expense tables ("Exhibit 1"), describe the services performed by the attorneys for Creditors. By agreement, Creditors allocated a percentage share of the total fees and costs of work performed by the attorneys to each Creditor. Creditor McKitrick is allocated 20.16% of the total legal expenses; Creditor Lungren is allocated 24.91%; Creditor Spindler is allocated 8.56%; and Creditor KeyBank is allocated 46.37%. *See* Exhibit A to Declaration of Adam Boone Little in Support of Administrative Expenses, Dkt. No. 100-1.[3]

### *Arguments of the Parties*

Creditors argue that that they are entitled to allowed administrative expenses for their legal fees and costs under §§ 503(b)(3)(A), 503(b)(3)(C), and 503(b)(3)(D), which amounts they argue are entitled priority status pursuant to § 507(a)(2). Dkt. Nos. 102–105. Trustee disputes that Creditors should be allowed administrative expenses because, among other reasons, their attorneys' services did not make "a substantial contribution" in the bankruptcy case.

---

[3] Neither Trustee nor the U.S. Attorney objected to the Creditors' allocation of their shares of the total legal fees and costs as administrative expenses. In granting partial relief to Creditors under the applications, below, the Court will adhere to these allocations.

MEMORANDUM OF DECISION −13

The U.S. Attorney objects to the administrative expense claims "because allowing them would harm all other victims listed in the criminal restitution order, would flout the purpose of the Settlement Agreement, and pay attorney's fees and costs for state court civil lawsuit expenses of [Creditors] rather than for necessary expenses incurred in connection with the prosecution of a criminal offense." U.S. Attorney's Objection to Applications for Administrative Expenses, Dkt. No. 112, at 1–2.

## *Discussion*

### A.    The Applicable Law, Generally

"The Bankruptcy Code affords a priority status for administrative expenses." *In re Lettunich*, No. 08-02589-JDP, 2010 WL 503021, at *2 (Bankr. D. Idaho Feb. 8, 2010) (citing *In re Coolex*, 96.1 I.B.C.R. 35, 36 (Bankr. D. Idaho 1996)). "Administrative expenses allowed under § 503(b) enjoy a high priority of payment in bankruptcy cases. § 507(a)(2) (providing priority for administrative expenses subordinate only to domestic support obligations and trustee expenses)." *In re Azevedo*, 485 B.R. 596, 600 (Bankr. D. Idaho 2013). Accordingly, any administrative expense claims awarded to Creditors for their attorneys' fees and costs under § 503(b) would enjoy priority status under § 507(a)(2), thus

MEMORANDUM OF DECISION −14

reducing the amount available for distribution to other restitution victims in the criminal case, and other creditors in the bankruptcy case.

"The burden of proving an entitlement to an administrative expense is on the claimant." *In re Cent. Idaho Forest Prod.*, 04.4 I.B.C.R. 159, 161 (Bankr. D. Idaho (2004). "[S]uch applications are carefully examined for the protection of other creditors." *In re Petit*, 291 B.R. 582, 591 (Bankr. D. Me. 2003). Here, Creditors seek administrative expenses under § 503(b)(3)(A), § 503(b)(3)(C), § 503(b)(3)(D), and § 503(b)(4). These Code provisions state, in pertinent part:

> (b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including—
>      (3) the actual, necessary expenses, other than compensation and reimbursement specified in paragraph (4) of this subsection, incurred by—
>           (A) a creditor that files a petition under section 303 of this title;
> . . .
>           (C) a creditor in connection with the prosecution of a criminal offense relating to the case or to the business or property of the debtor;
>           (D) a creditor, an indenture trustee, an equity security holder, or a committee representing creditors or equity security holders other than a committee appointed under section 1102 of this title, in making a substantial contribution in a case under chapter 9 or 11 of this title;
> . . .

MEMORANDUM OF DECISION −15

(4) reasonable compensation for professional services rendered by an attorney or an accountant of an entity whose expense is allowable under subparagraph (A), (B), (C), (D), or (E) of paragraph (3) of this subsection, based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under this title, and reimbursement for actual, necessary expenses incurred by such attorney or accountant;
. . . .

§ 503(b).

To stake a valid claim to administrative expenses for professional services rendered by an attorney to a creditor, the legal costs must be actual, necessary, allowed under §§ 503(B)(3)(A)–(E), and in addition, the amounts must be reasonable under § 503(b)(4). *In re Coonrod*, No. BR 09-41934-JDP, 2012 WL 2150486, at *4 (Bankr. D. Idaho 2012). Importantly, in this context, the Ninth Circuit has instructed that "[a] creditor's application under § 503(b) should be allowed only if the creditor demonstrates by a preponderance of the evidence that the expenses were incurred in an endeavor that 'provide[d] tangible benefits to the bankruptcy estate and the other unsecured creditors.'" *In re Sedona Inst.*, 21 F. App'x 723, 724 (9th Cir. 2001) (quoting *In re Catalina Spa & R.V. Resort, Ltd.*, 97 B.R. 13, 17 (Bankr. S.D. Cal. 1989)).

MEMORANDUM OF DECISION −16

Section 503(b)(4) requires that any fees awarded under § 503(B)(3)(A)–(E) be reasonable "based on the time, the nature, the extent, and the value of such services . . . ." § 503(b)(4). "The preeminent question to be asked before awarding professional compensation [as administrative expenses] under § 503(b)(4) is whether the services resulted in an actual, direct and demonstrable benefit to the estate." *In re Sedona Inst.*, 21 F. App'x at 724 (quoting 2 Norton Bankruptcy Law & Practice 2d § 42:28 (1997)).

This Court must also disallow those fees claimed if the Court cannot determine whether the amount charged for services was reasonable because the time entries in the lawyers' accounting are "lumped." Fee lumping occurs when an attorney's application describes several services but then charges a single fee for those services without enumerating how much time was dedicated to each discreet task or service. This billing practice is especially problematic in the bankruptcy context. "This Court requires attorney services to be itemized and has consistently rejected 'lumping' of multiple described services on a single day." *In re Pavement Markings Nw., Inc.*, 612 B.R. 218, 227 (Bankr. D. Idaho 2020) (disallowing fees where a creditor was seeking fees under § 503(b)(3)(E) but lumped multiple described services on a single day); *see also In re Thacker*, No. 12-

MEMORANDUM OF DECISION −17

50370-KKS, 2020 WL 4000864, at *4 (Bankr. N.D. Fla. May 28, 2020)

("Aggregation of multiple tasks into one billing entry, referred to as block billing

or lumping, is routinely disallowed or reduced. This type of billing makes it

exceedingly difficult [for a bankruptcy court] to determine the reasonableness of

the time spent on each of the individual tasks performed."). "Listing only the

total charge for lumped services deprives the [c]ourt of the ability to weigh the

reasonableness of either the amount of time spent, or the amount charged for the

individual services." *Kilborn v. Haun (In re Haun)*, 396 B.R. 522, 533 (Bankr. D.

Idaho 2008) (quoting *Hopkins v. Saratoga Holdings, LLC (In re Colvin)*, 08.2 I.B.C.R.

63, 2008 WL 1957855 *6 (Bankr. D. Idaho 2008)). "[Lumping] makes determining

actual time spent on any individual task impossible." *In re Jones*, 356 B.R. 39, 45

(Bankr. D. Idaho 2005). "[R]esearch is a reasonable component of legal services,

[but] it must be measured and appropriate." *In re Hart Creek Ranch, LLC*, No. 12-

00059-TLM, 2012 WL 2871720, at *6 (Bankr. D. Idaho July 12, 2012). Simply put,

since an applicant bears the burden of showing its fees are reasonable, lumped

description of legal services cannot satisfy that burden.

B.    § 503(b)(3)(A)

MEMORANDUM OF DECISION −18

Creditors request administrative expenses related to the filing and prosecution of the involuntary bankruptcy petition against Debtor in this case pursuant to § 503(b)(3)(A). Creditor's Joint Memorandum in Support of Allowance of Administrative Expenses, Dkt. No. 101. Trustee concedes that Creditors are entitled to reimbursement for the filing fees they incurred to commence the involuntary case against Debtor as an actual, necessary expense. Trustee's Response to Applications for Administrative Expenses, Dkt. No. 114, p. 2.

Here, however, Creditors' lawyers did more than simply commence the bankruptcy case and Creditors' seek credit for their additional services.  In particular, Debtor contested the involuntary petition by filing a motion to dismiss the case, Dkt. No. 10, together with a supporting memorandum. Dkt. No. 15. Creditors then filed a response to Debtor's motion to dismiss the involuntary case. Dkt. No. 13. Debtor's motion was denied. Dkt. No. 17. Thus, Creditors point out, their attorneys performed work not only by filing the petition, but also in connection with adjudicating the involuntary bankruptcy after the petition filing occurred. Trustee disputes allowance of an administrative expense for the time

MEMORANDUM OF DECISION −19

spent on these post-petition services because they are not reasonable as required by § 503(b)(4).

Other courts have allowed administrative fees for creditor's reasonable expenses incurred in an involuntary case expenses beyond just the case filing fee. *See In re Crazy Eddie, Inc.*, 120 B.R. 273, 278 (Bankr. S.D. N.Y. 1990) (concurring with the holding from *In re Hanson Industries, Inc.*, 90 B.R. 405, 410 (Bankr. D. Minn. 1988), that §§ 503(b)(3)(A) and (b)(4) should include compensation for the preparation, filing and adjudication of an involuntary petition). *See also Matter of Baldwin-United Corp.*, 79 B.R. 321, 337 (Bankr. S.D. Ohio 1987) (holding that, although "expenses and attorneys fees arising from a reasonable amount of research and investigation prior to preparing and filing the petition should be allowable[,]" fees "which are inadequately described, refer to matters extraneous to the filing of the petitions, or are excessive given the tasks performed" were not compensable under § 503(b)(3)(A)).

The Code contemplates that creditors are entitled to an administrative expense for legal costs and fees incurred for a reasonable amount of investigation and research prior to preparing and filing the petition so long as the services are adequately described and do not refer to matters extraneous to the filing of the

MEMORANDUM OF DECISION –20

petition.  But are Creditors entitled to administrative fees, not only for the

preparation and filing of the involuntary petition, but also to compensate for

their attorneys' services for the adjudication of that involuntary petition?

Some bankruptcy courts have held that § 503(b)(3)(A) encompasses fees

awarded for both the filing of the involuntary bankruptcy as well as the

adjudication of the involuntary bankruptcy. *See Matter of Baldwin-United Corp.*, 79

B.R. at 337 ("To the extent that the rule under the [Bankruptcy Act of 1898] limits

attorneys' fees solely to time spent in writing and filing the petition, we conclude

that it is out of step with the realities of practice under 11 U.S.C. § 303."); *In re*

*Hanson Industries, Inc.*, 90 B.R. at 410 ("The more reasoned approach in a case

such as this is to allow fees and costs incurred by the petitioning creditor for

work directly related to the preparation of the petition and, if there is opposition,

to reasonable and necessary efforts to pursue the petition to successful

conclusion by entry of the order for relief."); *In re Crazy Eddie, Inc.*, 120 B.R. at 278

(agreeing with the holding from *Hanson* because "This reading of the Code

recognizes that an involuntary proceeding can become an expensive and

aggressively contested matter.").

MEMORANDUM OF DECISION –21

Other courts disagree with this approach. They allow administrative expense status for the legal fees necessary for the filing of the involuntary petition, but have disallowed fees incurred to adjudicate those petitions. These decisions, cited by both the *Hanson* court as well as the *Baldwin-United* court, provide little analysis as to how the courts reached their decisions. *See Matter of Baldwin-United Corp.*, 79 B.R. at 337 ("While the few cases which have interpreted § 503(b)(3)(A) have generally followed the view taken under the Act, they have done so with little supporting analysis.") (disagreeing with *In re J.V. Knitting Service, Inc.*, 22 B.R. 543, 545 (Bankr. S.D. Fla. 1982); *In re Seatrain Lines, Inc.*, 21 B.R. 194, 195 (Bankr. S.D. N.Y. 1982)).

This Court believes the better-reasoned approach is that offered by *Baldwin-United*, *Hanson*, and *Crazy Eddie*. "Such a reading is consistent with the concept that the purpose of allowing the petitioning creditors their attorney's fees and costs is to encourage them to successfully bring the debtor into court so that there may be equitable marshalling and distribution of its assets before they are squandered by the debtor." *In re Hanson Industries, Inc.*, 90 B.R. at 410. Creditors would derive little benefit from a bankruptcy case which, after it is filed, is dismissed at the involuntary debtor's request. It would be an odd system

MEMORANDUM OF DECISION −22

indeed, that granted priority for a creditor's attorney's efforts in filing the

involuntary bankruptcy petition, but denied that status for the legal services

needed to prosecute and defend that petition over a debtor's objection.

Consequently, an administrative expense should be allowed pursuant to

§ 503(b)(3)(A) for reasonable fees incurred by a creditor for the preparation,

filing, and for the successful adjudication of the involuntary petition.

However, because Creditors seek fees for professional services rendered

by attorneys related to the filing and prosecution of an involuntary petition,

Creditors must satisfy the burden of proving both § 503(b)(3)(A) and § 503(b)(4).

1.    *Eberle Berlin Costs and Fees under § 503(b)(3)(A)*

While it was surely a tedious task, the Court has conducted an extensive

analysis of each Eberle Berlin time entry and charge in the various applications to

identify which should be allowed to Creditors, or not, as an administrative

expense under §§ 503(b)(3)(A) and 503(b)(4).  The allowed expenses are as

follows:

| Date of Services | Hours charged | Description of Legal Services | Amount Sought | Amount Allowed |
|---|---|---|---|---|
| 9/25/2015 | 1.6 | CALL WITH DAVE AND EMAIL REGARDING FORMING A COMMITTEE OF CREDITORS. | $320.00 | $320.00 |

MEMORANDUM OF DECISION −23

| 5/29/2016 | 1.2 | RESEARCH INVOLUNTARY BANKRUPTCY. | $240.00 | $240.00 |
|---|---|---|---|---|
| 6/25/2016 | 0.8 | EMAIL TO COMMITTEE ON INVOLUNTARY DISCUSSION AND FOR APPROVAL TO PURSUE PETITION. | $160.00 | $160.00 |
| 7/13/2016 | 0.7 | PREPARE INVOLUNTARY PETITION. | $140.00 | $140.00 |
| 7/13/2016 | 1 | REVIEW INVOLUNTARY BANKRUPTCY PETITION RULES AND INSTRUCTIONS (.6); BEGIN PREPARING SAME (.4). | $225.00 | $225.00 |
| 7/14/2016 | 1.7 | RESEARCH INVOLUNTARY PROCESS (0.90); PREPARE INVOLUNTARY PETITION (0.80). | $340.00 | $340.00 |
| 7/19/2016 | 1.6 | FINALIZE AND FILE INVOLUNTARY PETITION. | $320.00 | $320.00 |
| 7/20/2016 | 1.8 | CALL REGARDING KEYBANK SCHEDULING ORDER WITH OPPOSING COUNSEL (0.30); SERVE INVOLUNTARY BANKRUPTCY PETITION (0.80); CALL WITH COUNSEL FOR ANOTHER CUSTOMER IN LITIGATION WITH BOHNENKAMP REGARDING BANKRUPTCY (0.70). | $360.00 | $160.00 |
| 7/21/2016 | 1.1 | BANKRUPTCY RESEARCH AND EMAIL TO OPPOSING COUNSEL (0.40); STATUS CONFERENCE IN KEYBANK LAWSUIT (0.70). | $220.00 | $80.00 |
| 8/8/2016 | 0.4 | REVIEW TVM'S REPLY TO MOTION TO DISMISS INVOLUNTARY PETITION. | $80.00 | $80.00 |

MEMORANDUM OF DECISION −24

| 8/8/2016 | 1 | REVIEW AND ANALYZE TVM'S MOTION TO DISMISS BANKRUPTCY (1.0). | $225.00 | $225.00 |
|---|---|---|---|---|
| 8/12/2016 | 1.6 | RESEARCH MOTION IN RESPONSE TO DISMISS INVOLUNTARY PETITION. | $320.00 | $320.00 |
| 8/15/2016 | 5.1 | DRAFT RESPONSE TO DEBTOR'S MOTION TO DISMISS INVOLUNTARY BANKRUPTCY. | $1,020.00 | $1,020.00 |
| 8/16/2016 | 3.3 | DRAFT RESPONSE TO DEBTOR'S MOTION TO DISMISS INVOLUNTARY PETITION. | $660.00 | $660.00 |
| 8/17/2016 | 5.8 | DRAFT PETITIONING CREDITOR'S RESPONSE TO MOTION TO DISMISS INVOLUNTARY BANKRUPTCY. | $1,160.00 | $1,160.00 |
| 8/18/2016 | 2.8 | FINALIZE RESPONSE TO DEBTOR'S MOTION TO DISMISS INVOLUNTARY BANKRUPTCY. | $560.00 | $560.00 |
| 8/22/2016 | 1 | REVIEW AND RESEARCH TVM REPLY IN ITS MOTION TO DISMISS BANKRUPTCY. | $200.00 | $200.00 |
| 8/22/2016 | .5 | REVIEW AND ANALYZE TVM'S REPLY BRIEF IN OPPOSITION TO INVOLUNTARY BANKRUPTCY PETITION (.5). | $112.50 | $112.50 |
| 8/23/2016 | .6 | RECEIPT AND REVIEW OBJECTION TO MOTION TO DISMISS FILED BY D. MUSHLITZ (.6). | $135.00 | $135.00 |
| 8/24/2016 | 7.3 | RESEARCH BANKRUPTCY LAW AND PROCEDURE (1.40); | $1,460.00 | $1,180.00 |

MEMORANDUM OF DECISION −25

| | | | | |
|---|---|---|---|---|
| | | PREPARE FOR HEARING TO DISMISS INVOLUNTARY PETITION (4.30); ATTEND HEARING (1.60). | | |
| 8/24/2016 | 0.3 | PREPARE FOR HEARING ON TVM'S MOTION TO DISMISS BANKRUPTCY PETITION (.3). | $67.50 | $67.50 |
| 8/24/2016 | 1 | ATTEND HEARING ON TVM'S MOTION TO DISMISS BANKRUPTCY PETITION (1.0). | $225.00 | $225.00 |
| 8/24/2016 | 0.6 | RESEARCH SECONDARY AUTHORITY REGARDING PROOF OF ELEMENTS REQUIRED IN TRIAL ON PETITION FOR INVOLUNTARY BANKRUPTCY (.6). | $135.00 | $135.00 |
| 8/24/2016 | N/A | VISA CHECK FILING FEE (BANKRUPTCY PETITION) | $335.00 | $335.00 |
| 8/25/2016 | 0.5 | RESEARCH ELEMENT AND PROOF ISSUES FOR INVOLUNTARY PETITION TRIAL. | $112.50 | $0.00 |
| 8/26/2016 | 3.2 | RESEARCH CASELAW REGARDING SCOPE OF BANKRUPTCY AUTOMATIC STAY AND ELEMENTS OF PRIMA FACIE CASE FOR INVOLUNTARY PETITION. | $720.00 | $0.00 |
| 9/9/2016 | 0.2 | UPDATE TO COMMITTEE REGARDING BANKRUPTCY STATUS. | $40.00 | $0.00 |
| | | | | $8,400.00 |

MEMORANDUM OF DECISION −26

As can be seen, Eberle Berlin spent approximately 8.6 hours researching and preparing to file the involuntary bankruptcy petition, totaling, $1,745.00 in fees. The Court finds that the time spent researching and filing the petition, as well as the charges for such services, are adequately explained in the accounting and are reasonable in amount as required by § 503(b)(4). The cost of the filing fee will be allowed.

Additionally, Creditors were successful in defending the involuntary petition against Debtor' efforts to dismiss it. Creditors seek fees for approximately 38.1 hours of work spent adjudicating the petition. After review, the Court finds that seven hours of these services will be disallowed because they were not sufficiently related to the filing of the petition, or because Creditors failed to satisfy their burden of establishing that the services rendered were related or necessary to the filing or adjudication of the involuntary petition. The amount of awarded fees will be reduced to the amount annotated in the table above because Creditors failed to satisfy their burden proving that all the services related to filing or adjudicating the petition. The following is a list of the services for which fees will be disallowed, and a summary of the Court's reasoning:

MEMORANDUM OF DECISION –27

| Hours Charged | Services Excluded | Reason for disallowance |
|---|---|---|
| 0.3 | CALL REGARDING KEYBANK SCHEDULING ORDER WITH OPPOSING COUNSEL | Creditors failed to satisfy their burden. Unclear whether the scheduling order relates to the involuntary petition or the state court lawsuit. |
| 0.7 | CALL WITH COUNSEL FOR ANOTHER CUSTOMER IN LITIGATION WITH BOHNENKAMP REGARDING BANKRUPTCY | Creditors failed to satisfy their burden. Unclear how this relates to the involuntary petition. |
| 0.7 | STATUS CONFERENCE IN KEYBANK LAWSUIT | Creditors failed to satisfy their burden. Unclear how this relates to the involuntary petition. |
| 1.4 | RESEARCH BANKRUPTCY LAW AND PROCEDURE | Creditors failed to satisfy their burden. Unclear what kind of research attorneys performed and whether that research was relevant to the involuntary petition, or to other aspects of bankruptcy law. |
| 0.5 | RESEARCH ELEMENT AND PROOF ISSUES FOR INVOLUNTARY PETITION TRIAL. | Creditors failed to satisfy their burden. Creditors seek fees for services performed on 8/25/2016 related to researching elements of an involuntary petition, but the petition was filed on 7/19/2016. |
| 3.2 | RESEARCH CASELAW REGARDING SCOPE OF BANKRUPTCY AUTOMATIC STAY AND ELEMENTS OF | Creditors failed to satisfy their burden. Because of lumping, Court cannot determine whether services provided are reasonable in amount pursuant |

MEMORANDUM OF DECISION −28

| | | PRIMA FACIE CASE FOR INVOLUNTARY PETITION. | to § 503(b)(4). Additionally, Creditors seek fees for services performed on 8/26/2016 related to researching elements of an involuntary petition, but the petition was filed on 7/19/2016. |
| 0.2 | | UPDATE TO COMMITTEE REGARDING BANKRUPTCY STATUS. | Creditors failed to satisfy their burden. It is unclear how these services are related to the filing of the involuntary petition. |

This Court has also conducted an extensive analysis of those time entries relating to adjudicating the involuntary bankruptcy petition that will be allowed, and finds that the number of hours worked, and the amount of charged services, are reasonable under § 503(b)(4). Creditors will therefore be allowed an administrative expense of $6,655.00 for successfully adjudicating the involuntary bankruptcy petition.

In sum, Creditors will be awarded $8,400.00 for services related to the filing and successful adjudication of the involuntary petition.

2.     *Hawley Troxell Costs and Fees under § 503(b)(3)(A)*

As near as the Court can tell, Creditors do not seek any administrative priority for fees for services rendered by Hawley Troxell related to the filing or adjudication of the involuntary petition. Accordingly, no fees will be allowed

MEMORANDUM OF DECISION −29

under § 503(b)(3)(A).

B.    § 503(b)(3)(C)

Creditors assert they should recover legal fees and costs under

§ 503(b)(3)(C) for services rendered by their lawyers in connection with the

prosecution of a criminal offense relating to the bankruptcy case, or to the

business or property of Debtor. Creditor's Joint Memorandum in Support of

Allowance of Administrative Expenses, Dkt. No. 101. Creditors argue that they

began assisting the FBI with the underlying criminal matter in 2015, and

provided information obtained during the course of the state lawsuits that, once

it was turned over to the FBI, led to Bohnenkamp's criminal indictment and his

subsequent guilty plea. *Id.* Additionally, they seek fees under § 503(b)(3)(C) for

services performed by their counsel in furtherance of the state court lawsuit.[4]

_____

[4] In their pleadings, Creditors explain their view of the nexus between the state court services
and Bohnenkamp criminal proceedings: "Creditors are seeking administrative expenses for
preparing state court complaints and legal services related to discovery requests. Without filing
a state court complaint, serving the complaints, and conducting discovery, the EB Creditors
would have no available remedy to investigate and advance the state court cases that made the
criminal prosecution and Settlement Agreement possible." Creditor's Reply to the United
States' Attorney's Objection to Applications for Administrative Expenses, Dkt. No. 113, p. 4.

MEMORANDUM OF DECISION −30

Creditors request administrative fees related to the prosecution after

Bohnenkamp was indicted on September 13, 2016, after he was sentenced on

August 8, 2017, and after the restitution hearing on October 25, 2017. While not

challenging all the charges, the U.S. Attorney disputes that Creditors are entitled

to administrative expenses related to the prosecution after Bohnenkamp was

indicted because those actions were not related to the prosecution of the criminal

case. U.S. Attorney's Objection to Applications for Administrative Expenses, Dkt.

No. 112.

Because Creditors seek fees for professional services rendered by attorneys

in connection with the criminal prosecution, Creditors must satisfy the burden of

proving both § 503(b)(3)(C) and § 503(b)(4). "To be entitled to an administrative

expense under section 503(b)(3)(C), the moving party has the burden of proving

(1) there is a direct relationship between the expenses sought and the prosecution

of the criminal activity, and (2) the prosecution of the criminal offense relates to

the debtor's case, business, or property." *In re Ideal Mortg. Bankers, Ltd.*, 539 B.R.

409, 434 (Bankr. E.D. N.Y. 2015), aff'd sub nom. *Holzer v. Barnard*, No. 15-CV-6277

(JFB), 2016 WL 4046767 (E.D. N.Y. July 27, 2016) (citing *In re Summit Metals, Inc.*,

379 B.R. 40, 59 (Bankr. D. Del. 2007); *In re Fall*, 93 B.R. 1003, 1013 (Bankr. D. Ore.

MEMORANDUM OF DECISION −31

1988)). Pursuing a civil suit relating to the debtor's case, business, or property

does not entitle a party to administrative expenses under § 503(B)(3)(C). *See*

*Holzer v. Barnard*, No. 15-CV-6277 (JFB), 2016 WL 4046767, at *10 (E.D. N.Y. July

27, 2016).

Creditors seek some fees under § 503(b)(3)(C) for services pertaining to

Bohnenkamp's restitution proceedings after Bohnenkamp entered his plea in the

criminal matter. Section 503(b)(3)(C) is unclear as to whether it permits

administrative fees for participating in restitution matters related to the criminal

prosecution *after* the debtor, or any other relevant party, is convicted or pleads

guilty.[5] The court in *In re Fall* addressed the broad language of § 503(b)(3)(C):

> The language of § 503(b)(3)(C) is broader than that of its
> predecessor, § 64(a)(3) of the Bankruptcy Act in that it does not
> require information provided by the creditor to result in a
> conviction. It is unclear from the langauge [sic] the extent to which
> or how directly a creditor's actions must contribute to the

---

[5] Recall, administrative expenses shall be allowed for the actual, necessary expenses incurred by
a creditor *in connection* with the prosecution of a criminal offense relating to the case.
§ 503(b)(3)(C) (emphasis added). Nothing in the Code requires that the debtor is the one
charged with a crime in order to recover under § 503(b)(3)(C). Rather, more simplistically, there
need only be the prosecution of a criminal offense that relates to the bankruptcy case or to the
business or property of the debtor. That requirement is clearly met here, where Bohnenkamp
was the individual charged with the criminal offense, was the owner of Debtor, and the
criminal charges stemmed from Bohnenkamp's conduct as owner of Debtor.

MEMORANDUM OF DECISION −32

> prosecution. The phrase "in connection" could encompass a wide
> variety of activities. Its use suggests a legislative intent that a
> creditor whose activities can be shown to have contributed in any
> direct way to the results which led to prosecution of a criminal
> offense, whether or not resulting in conviction, may have its
> expenses allowed.

*In re Fall*, 93 B.R. 1003, 1012 (Bankr. D. Or. 1988). The amendment is indicative of

congressional intent. "When Congress acts to amend a statute, we presume it

intends its amendment to have real and substantial effect." *Pierce Cty., Wash. v.*

*Guillen*, 537 U.S. 129, 145, 123 S. Ct. 720, 730, 154 L. Ed. 2d 610 (2003) (citing *Stone*

*v. INS*, 514 U.S. 386, 397, 115 S. Ct. 1537, 131 L. Ed. 2d 465 (1995)). Accordingly,

this Court agrees with the reasoning in *In re Fall* and holds that a conviction is

not a prerequisite to a creditor receiving administrative fees under § 503(b)(3)(C).

Because a conviction is not necessary to recover fees under § 503(b)(3)(C),

then why would a creditor or creditor's attorney's right to receive fees under

§ 503(b)(3)(C) end at conviction? That result makes little sense having already

concluded no conviction is necessary to recover fees in the first place.

Furthermore, the outcome of the restitution proceedings are potentially

important to the creditor body in a bankruptcy case because they may entail

recovery of compensation for the victims of a debtor's crimes, and these same

MEMORANDUM OF DECISION −33

victims are likely creditors in the bankruptcy case, as is the case here.[6] The

services rendered during the restitution phase of the criminal case could lead to a

larger recovery for victims. Again, as is the case here, those services during the

restitution phase could also impact, or even resolve, other matters in the

bankruptcy case. Thus, this Court declines to take the more narrow view of the

Code, and holds that creditors are entitled to the actual and necessary,

reasonable expenses incurred by a creditor in connection with the prosecution of

a criminal offense relating to the case, including attorney services rendered in

connection with the restitution phase of the criminal proceeding.

1.      *Eberle Berlin Costs and Fees under § 503(b)(3)(C)*

This Court has conducted an analysis of each Eberle Berlin time entry to

determine if the fees should be allowed under §§ 503(b)(3)(C) and 503(b)(4).

These are the results of that review:

---

[6] One indication of the relationship of the restitution proceedings and the bankruptcy case is notable. Recall, here, the District Court in the criminal matter referred the restitution issues involving the fraudulent conveyance schemes to this Court for it recommended resolution. The settlement agreement entered into by the parties and approved by the District Court and this Court resolved not only the criminal restitution issues, but also the related transfer avoidance adversary proceeding in this case. While this may be a rare situation, it can be seen how the criminal and bankruptcy issues were intertwined for purposes of the § 503(b)(3)(C) analysis.

MEMORANDUM OF DECISION −34

| Date of Services | Hours charged | Description of Legal Services | Amount Allowed |
|---|---|---|---|
| 5/18/2016 | 7 | DRAFT DEPOSITION OUTLINE OF CHRIS BOHNENKAMP. | $1,400.00 |
| 5/19/2016 | 1.1 | PREPARE FOR CHRIS'S DEPOSITION (1.10). | $220.00 |
| 5/20/2016 | 2.8 | PREPARE FOR BOHNENKAMP DEPOSITION. | $560.00 |
| 5/22/2016 | 7.8 | PREPARE FOR BOHNENKAMP DEPOSITION. | $1,560.00 |
| 5/23/2016 | 8.1 | DEPOSITION OF CHRIS BOHNENKAMP. | $1,620.00 |
| 5/24/2016 | 7.5 | CHRIS BOHNENKAMP DEPOSITION. | $1,500.00 |
| 12/13/2016 | 0.5 | COPY AND PRODUCE BOHNENKAMP DVD OF DEPOSITION TO FBI. | $100.00 |
| 12/15/2016 | 0.8 | PREPARE PRODUCTION FOR FBI AGENT, DREW MCCANDLESS. | $160.00 |
| 3/28/2017 | 1.4 | PULL AND PRODUCE ITEMS AT REQUEST OF INVESTIGATING FBI AGENT. | $280.00 |
| 4/4/2017 | 0.4 | PROVIDE DOCUMENTS TO FBI AGENT, DREW MCCANDLESS. | $80.00 |
| 4/6/2017 | 1.1 | CALL WITH DAVE AND INVESTIGATING FBI AGENT AND PROSECUTORS IN BOHNENKAMP CRIMINAL TRIAL. | $220.00 |
| 4/12/2017 | 1.8 | CALL WITH PROSECUTING ATTORNEY AND LELAND SPINDLER REGARDING BOHNENKAMP CRIMINAL TRIAL. | $360.00 |
| 7/25/2017 | 0.3 | CORRESPONDENCE AND CALL TO U.S. ATTORNEY REGARDING BOHNENKAMP RESTITUTION ISSUE AND NEW ASSIGNMENT OF CLAIMS TO KEYBANK (.3). | $67.50 |
| 8/3/2017 | 0.8 | REVIEW PROSECUTOR'S ORDER FOR RESTITUTION IN BOHNENKAMP CRIMINAL MATTER. | $160.00 |

MEMORANDUM OF DECISION −35

| 11/9/2017 | 1.4 | CONFERENCE WITH FEDERAL PROSECUTOR AND FBI AGENT ON RESTITUTION PLAN. | $280.00 |
|---|---|---|---|
| 11/10/2017 | 1.6 | EMAIL TO COMMITTEE ON UPDATED STATUS WITH FEDERAL PROSECUTOR (0.30); SEND INFORMATION REQUESTED BY FEDERAL PROSECUTOR (1.30). | $320.00 |
| 11/13/2017 | 1.5 | CONFERENCE WITH N. MCFEELEY AND R. STOVER REGARDING DEPORTMENT OF JUSTICE PROPOSAL (1.10); CALL WITH RAY PATRICO (.40) | $300.00 |
| 11/14/2017 | 1.5 | CALL WITH LELAND (.20); CALL WITH BANKRUPTCY TRUSTEE ON GLOBAL SETTLEMENT WITH DEPARTMENT OF JUSTICE (1.30). | $300.00 |
| | | | $9,487.50 |

Regarding the deposition of Bohnenkamp in the state court lawsuit,

Creditors provided the following information:

This firm began assisting the FBI on August 10, 2015. This firm conducted two days of videotaped depositions of Chris Bohnenkamp in the Ada County court cases on May 23, 2016 and May 24, 2016, and copies of the video-recording were provided to the FBI. On June 20, 2016, this firm emailed copies of the deposition transcripts and specifically identified for Special Agent McCandless that on page 340 in the second day of depositions Bohnenkamp admitted to inflating the price he charged for a boat to a customer, so the customer could take cash out of the transaction. This is the basis for Count Twenty-Two in the Indictment for bank fraud against KeyBank. In the criminal case, the U.S. Attorney's filed list of trial exhibits identified numerous documents provided by the EB Creditors. While the source of most documents cannot be identified by only looking at the exhibit list, seventeen sections of the video

MEMORANDUM OF DECISION −36

deposition of Bohnenkamp taken by this firm were included as exhibits, and Exhibit 3121, is the section of the deposition identified by this firm and provided to Special Agent McCandless constituting Count Twenty-Two of the Indictment. The admissions obtained from Bohnenkamp in the deposition were only possible based on being prepared with extensive investigation, research, discovery, and motions to compel, sanction, and the briefing that came out of the motions for summary judgment conducted by this firm and the EB Creditors. Bohnenkamp pled guilty to Counts Twenty-One and Twenty-Two of the indictment.

Creditor's Joint Memorandum in Support of Allowance of Administrative Expenses, Dkt. No. 101, p. 8 (internal citations omitted). While the depositions were taken in the pending state court lawsuit, Creditors began assisting the FBI before the depositions were taken. In the Court's opinion, the deposition services are sufficiently related to the criminal proceedings to qualify for administrative expense status. *See In re Fall*, 93 B.R. 1003, 1012 (Bankr. D. Or. 1988) ("['In connection'] suggests a legislative intent that a creditor whose activities can be shown to have contributed *in any direct way to the results which led to prosecution of a criminal offense*, whether or not resulting in conviction, may have its expenses allowed."). In particular, the information gleaned from these depositions and provided to the FBI was particularly relevant to prosecution of Count Twenty-Two in the indictment, charging Bohnenkamp with Bank Fraud, wherein the U.S.

MEMORANDUM OF DECISION −37

Attorney relied upon excerpts from the deposition videos as exhibits in the

criminal case. Bohnenkamp pled guilty to that count. As stated above, the phrase

"in connection" encompasses a wide variety of activities. Here, the deposition

testimony, although produced during the state court lawsuit, directly supported

the prosecution of the criminal offense. Thus, this Court concludes that Creditors

have satisfied their burden proving the depositions contributed to the

prosecution of the criminal offense relating to Debtor's case.

On the other hand, numerous time entries will be disallowed because the

described services do not sufficiently relate to the criminal case against

Bohnenkamp. Those excluded time entries are identified on Exhibit 1 to this

Decision.[7] The reasons for disallowance are two-fold: either Creditors failed to

meet their burden that (1) there is a direct relationship between the expenses

sought and the prosecution of the criminal activity, and (2) the prosecution of the

criminal offense relates to the debtor's case, business, or property, *See In re Ideal*

*Mortg. Bankers, Ltd.*, 539 B.R. at 434; or the fees sought are unnecessary or

---

[7] Exhibit 1 is a detailed line item review of the fees and costs sought by Creditors. It includes the reasons for allowance or disallowance of each line item. The findings and conclusions in Exhibit 1 are supplemental to this Decision, and each line item is hereby incorporated into this Decision by reference.

MEMORANDUM OF DECISION –38

unreasonable in amount as required by § 503(b)(4). Recall that, in order to be

awarded, fees must qualify under § 503(b)(3)(A)–(E), and they must be

reasonable under § 503(b)(4). For example, Creditors sought $180.00 for .9 hours

of work for services titled "Call with FBI agent Drew Mccandless." There is no

way for this Court to determine whether the amount charged for simply having a

call with an FBI agent is reasonable pursuant to § 503(b)(4). This disallowed time

entry can be compared with an allowed time entry entitled "Copy and produce

Bohnenkamp DVD of deposition to FBI," for which Creditors seek $100.00 for .5

hours of work. This deposition was cited multiple times in the Government's

Memorandum on Restitution and Forfeiture. Dkt. No. 113. The service

description in this time entry allowed the Court to determine that both elements

required for allowance under § 503(b)(3)C) were satisfied, and that those

expenses are reasonable under § 503(b)(4).

Furthermore, some of the fees Creditors contend should be allowed were

solely for pursuing the civil suit related to Debtor's case.[8] These services are

---

[8] In their reply to the Government's objection to the application for administrative fees, under a
section entitled, "Fees and costs to file and prosecute the EB Creditors' state court civil case are
'necessary expenses . . . incurred by a creditor in connection with the prosecution of a criminal
offense' under 11 U.S.C. § 503(b)(3)(C) and (B)(4)," Creditors state the following:

MEMORANDUM OF DECISION −39

different than those for the deposition fees discussed above, where Creditors

satisfied their burden that the depositions were directly related to the

prosecution of the criminal offense by showing that they began assisting the FBI

before the depositions were taken, and the results of those depositions were used

in the criminal indictment.[9] While it is possible these services may be recoverable

under § 503(b)(3)(D), pursuing a civil suit relating to the debtor's case, business,

or property does not entitle a party to administrative expenses under

§ 503(B)(3)(C) if there is no direct relation to the criminal prosecution. *See Holzer*

*v. Barnard*, 2016 WL 4046767, at *10. Here, Creditors seek recovery of fees for

---

Creditors are seeking administrative expenses for preparing state court complaints and legal services related to discovery requests. Without filing a state court complaint, serving the complaints, and conducting discovery, the EB Creditors would have no available remedy to investigate and advance the state court cases that made the criminal prosecution and Settlement Agreement possible.

Creditor's Reply to the United States' Attorney's Objection to Applications for Administrative Expenses, Dkt. No. 113, p. 4.

[9] In other words, a direct relationship exists between the depositions and the prosecution of the criminal prosecution.

MEMORANDUM OF DECISION −40

services rendered solely in pursuit of the state court lawsuit not connected to the

criminal prosecution,[10] and those fees will be disallowed.

Additionally, Creditors seek an allowance for costs incurred by Eberle

Berlin under § 503(b)(3)(C). Most of these claims will be disallowed because the

Court cannot determine how the costs were incurred in connection with the

criminal prosecution. However, others of the costs will be allowed:

| Date of Services | Cost | Description of Legal Services | Amount Allowed |
|---|---|---|---|
| 5/27/2016 | $1,194.62 | JOHN GLENN HALL COMPANY DEPOSITION TRANSCRIPTS VIDEO DEPOSITION OF CHRIS BOHNENKAMP 5/23/16 AND 5/24/16 | $1,194.62 |
| 8/30/2016 | $1,184.18 | M & M COURT REPORTING DEPOSITION TRANSCRIPTS Deposition Transcripts re: Deposition of Christopher Bohnenkamp 05/23/16 & 05/24/16 5/23/16 Deposition of Christopher Bohnenkamp | $1,184.18 |
| 8/30/2016 | $1,219.61 | M & M COURT REPORTING DEPOSITION TRANSCRIPTS Deposition Transcripts re: Deposition of Christopher Bohnenkamp 05/23/16 & 05/24/16 5/24/16 Deposition of Christopher Bohnenkamp | $1,219.61 |
| | | | $3,598.41 |

---

[10] At the very least, Creditors failed to satisfy their burden of proving the fees for these services are in connection to the criminal prosecution.

MEMORANDUM OF DECISION −41

As stated above, even though the depositions were taken during the state court lawsuit, copies of the transcripts and the recordings were forwarded to the FBI, which were later used in the criminal indictment. Thus, the Court finds that Creditors have satisfied their burden proving these costs contributed to the prosecution of the criminal offense relating to Debtor's case. $3,598.41 will be awarded to Creditors for costs incurred by Eberle Berlin.

In sum, Creditors will be awarded $9,487.50 for fees for services provided by Eberle Berlin pursuant to § 503(b)(3)(C), and $3,598.41 in costs, totaling $13,085.91.

2.    *Hawley Troxell Costs and Fees under § 503(b)(3)(C)*

No fees will be allowed to Hawley Troxell under § 503(b)(3)(C) for the reasons set forth in Exhibit 1. Hawley Troxell's time entries and service descriptions are rife with lumping. Here are just a few examples:

| Date of Services | Hours charged | Description of Legal Services | Amount Disallowed |
|---|---|---|---|
| 4/3/2015 | 2.3 | Telephone conference with FBI office re investigation; telephone conference with Agent Drew McCanless (2) re issues; telephone conference with T. Picken's office re facts of pending lawsuit against defendants; telephone conference with A. Little re facts of pending lawsuit against | $320.00 |

MEMORANDUM OF DECISION –42

| | | defendants and criminal investigation; telephone conference with clients (3) re discussions with FBI. | |
| 4/8/2015 | 1.7 | Extended call with Agent D. McCandless; review notes relating to communications with M. Murphy and W. Scott; e-mail to client re call with agent and information to send to agent. | $300.00 |
| 4/17/2015 | .8 | Telephone conference with FBI agent; search linked in for other BCW employees; telephone conference with A. Little re information received. | $300.00 |

At first glance, it appears that some of these entries could be allowed under

§ 503(b)(3)(C). However, upon closer inspection, it is an insurmountable

challenge for the Court to understand how entries such as "search linked in (sic)

for other BCW employees" should be allowed under § 503(b)(3)(C), or to

decipher how the time spent on the different tasks described in an entry should

be allocated.[11] "Listing only the total charge for lumped services deprives the

[c]ourt of the ability to weigh the reasonableness of either the amount of time

---

[11] Creditors attempt to recover fees under both § 503(b)(3)(C) and § 503(b)(3)(D). In other words, for each fee Creditors attempt to recover under § 503(b)(3)(C), they also seek to recover those fees under § 503(b)(3)(D). The Court analyzed each expense under both Code provisions. The conclusion remains the same. For example, in the excerpt above, it is also an exercise in speculation for this Court to assume that "search linked in for other BCW employees" is a service that somehow substantially contributed to the bankruptcy case as mandated by § 503(b)(3)(D).

MEMORANDUM OF DECISION −43

spent or the amount charged for the individual services." *Kilborn v. Haun (In re Haun)*, 396 B.R. at 533. This Court cannot conduct a proper § 503(b)(4) analysis for those services where the descriptions are lumped together, and that is precisely what the Hawley Troxell attorneys have done. Accordingly, Creditors have failed to meet their burden establishing that (1) there is a direct relationship between the expenses sought and the prosecution of the criminal activity, and (2) the prosecution of the criminal offense relates to the debtor's case, business, or property, and that those expenses are reasonable under § 503(b)(4). Creditors will be allowed no administrative expenses for Hawley Troxell fees under § 503(b)(3)(C).

Additionally, Creditors seek an award for costs incurred by Hawley Troxell under § 503(b)(3)(C). But again, these costs are inadequately described. For example, there are thirteen entries simply labeled "Copying," for which Creditors seek $116.46 in costs. It is unclear what materials were being copied or how they related to the criminal prosecution. Creditors also seek $221.00 for filing one of the state court complaints, and $325.00 for serving the state court lawsuit summons and complaint on the various defendants. To the Court, these costs were not incurred "in connection" to the criminal prosecution. All the costs

MEMORANDUM OF DECISION –44

relate solely to the state court lawsuit. This deficiency, coupled with the

inadequate descriptions, render it impossible for this Court to determine whether

those costs are related to the criminal prosecution, and whether they are

reasonable under § 503(b)(4). This Court cannot determine whether those costs

are recoverable under § 503(b)(3)(C), or reasonable pursuant to § 503(b)(4). Thus,

no costs will be awarded to Creditors for services rendered by Hawley Troxell

under § 503(b)(3)(C).

C.      § 503(b)(3)(D)

        Creditors assert that they are entitled to administrative expenses pursuant

to § 503(b)(3)(D) for their attorneys' efforts that substantially contributed to the

bankruptcy case. Specifically, Creditors argue that they "researched,

investigated, conducted extensive discover (sic), prepared expert witness reports,

obtain (sic) admissions from Chris Bohnenkamp, conducted a two-day

deposition of Chris Bohnenkamp, and obtained admissions and discovery from

DHJ and NJA. On September 15, 2016, this firm had a four-hour conference with

the bankruptcy Trustee advising her on the merits, evidence, strength and

weaknesses of the fraudulent transfer claims of the Debtor's estate and other

available remedies." Creditor's Joint Memorandum in Support of Allowance of

MEMORANDUM OF DECISION –45

Administrative Expenses, Dkt. No. 101, p. 12. Creditors further posit that any assistance their lawyers provided related to the criminal case necessarily constituted a substantial contribution to the bankruptcy case.[12]

Trustee disputes Creditors' position that most all of their lawyers' activities substantially contributed to the bankruptcy case. Trustee's Response to Applications for Administrative Expenses, Dkt. No. 114. Trustee argues that not all of Creditors' actions in the state court lawsuits substantially contributed to the case. *Id.* More specifically, Trustee is skeptical as to the time entries between early 2015 and November 2017 that Creditors claim substantially contributed to the case. *Id.* Instead, Trustee identifies only seven time entries describing services during that time period that she believes may qualify as a substantial contribution, the total for which is $1,852.50. *Id.*

In sorting out this issue, the Court must first address whether § 503(b)(3)(D) applies in a chapter 7 case. Section 503(b)(3)(D) provides that "a

_____

[12] For example, Creditors note that "Trustee's attorney and the U.S. Attorney, in the Bohnenkamp criminal matter, jointly achieved the joint Settlement Agreement. Because the Settlement Agreement was entered by the U.S. Attorney in the criminal matter, the assistance provided by the EB Creditors in the criminal matter (and described above) also constitutes substantial contribution in this case." Creditor's Joint Memorandum in Support of Allowance of Administrative Expenses, Dkt. No. 101, p. 12.

MEMORANDUM OF DECISION −46

creditor, an indenture trustee, an equity security holder, or a committee

representing creditors or equity security holders other than a committee

appointed under section 1102 of this title, in making a substantial contribution in

a case *under chapter 9 or 11 of this title . . . .*" § 503(b)(3)(D) (emphasis added). Of

course, this is a chapter 7 liquidation case, not a chapter 9 or 11 reorganization.

However, the Ninth Circuit has held that administrative expenses not expressly

enumerated in § 503 may, under some circumstances, be deemed administrative

expenses under this provision:

> [T]he structure of section 503(b) is inconsistent with a restrictive
> interpretation of its list of administrative expenses; the statute states
> that "there shall be allowed administrative expenses, . . . including -"
> and then lists (in subsections (1)-(5)) a series of expenses. 11 U.S.C.
> § 503(b)(1)-(5). In construing a statute, the use of a form of the word
> "include" is significant, and generally thought to imply that terms
> listed immediately afterwards are an inexhaustive list of examples,
> rather than a bounded set of applicable items.
> . . .
> The Bankruptcy Code specifically provides that "including" is not a
> limiting term when used in the Code. 11 U.S.C. § 102(3). Especially
> in light of this unambiguous general directive, we conclude that the
> administrative expense statute's use of "including" renders the
> *expressio unius* rule inapplicable to section 503. Thus . . . expenses not
> specifically listed in the section can be deemed administrative
> expenses.

MEMORANDUM OF DECISION −47

*See United States v. Ledlin (In re Mark Anthony Const., Inc.)*, 886 F.2d 1101, 1106 (9th Cir. 1989) (addressing whether "the interest which accrues on taxes due after the filing of a bankruptcy petition afforded first priority status as an administrative expense of the bankruptcy estate[.]"). Thus, for this reason, administrative expenses under § 503(b)(3)(D) may be allowed in a chapter 7 case under Ninth Circuit precedent.[13]

But, at bottom, the principal test for whether services provided a substantial contribution to a bankruptcy case is gauged by examining the extent of the benefit bestowed by those services on the bankruptcy estate as a whole. *Christian Life Ctr. Litig. Def. Comm. v. Silva (In re Christian Life Ctr.)*, 821 F.2d 1370,

---

[13] As noted previously, this Court believes that administrative expenses are allowed for services provided by attorneys for the preparation, filing, and successful adjudication of the bankruptcy filing under § 503(b)(3)(A). Moreover, this Court also believes that it was correct in holding that fees for services in connection to the prosecution of a criminal offense that relates to the bankruptcy case includes those services provided during the restitution phase of the criminal proceeding under § 503(b)(3)(C). Arguably, even assuming those services are not covered specifically by those Code provisions, they would likely be allowed under Ninth Circuit precedent for the reasons set forth above. *See United States v. Ledlin (In re Mark Anthony Const., Inc.)*, 886 F.2d at 1106 ("The Bankruptcy Code specifically provides that "including" is not a limiting term when used in the Code. 11 U.S.C. § 102(3). Especially in light of this unambiguous general directive, we conclude that the administrative expense statute's use of 'including' renders the *expressio unius* rule inapplicable to section 503. Thus . . . expenses not specifically listed in the section can be deemed administrative expenses.").

MEMORANDUM OF DECISION −48

1373 (9th Cir. 1987). This Court addressed the substantial contribution

requirement in *In re Sanders Grain Farms*:

>    Case law does not clearly define what sort of creditor conduct
> or activities constitute a "substantial contribution to a case" that
> would support an award of fees and costs to a creditor as an
> administrative expense. The Ninth Circuit has observed that "the
> principle test of substantial contribution is 'the extent of benefit to
> the estate.'" *Cellular 101, Inc. v. Channel Commc'n, Inc. (In re Cellular
> 101, Inc.)*, 377 F.3d 1092, 1096 (9th Cir. 2004) (quoting *Christian Life
> Ctr. Litig. Def. Comm. v. Silva (In re Christian Life Ctr.)*, 821 F.2d 1370,
> 1373 (9th Cir. 1987); and *Pierson & Gaylen v. Creel & Atwood (In re
> Consol. Bancshares, Inc.)*, 785 F.2d 1249, 1253 (5th Cir. 1986)
> (reaffirming that "services which substantially contribute to a case
> are those which foster and enhance, rather than retard or interrupt
> the progress of reorganization")).

*In re Sanders Grain Farms*, No. 06-40163-JDP, 2007 WL 1381407, at *2–3 (Bankr. D.

Idaho May 7, 2007). To determine when a substantial contribution has been

made, the bankruptcy court should, at a minimum:

>    [W]eigh the cost of the claimed fees and expenses against the
> benefits conferred upon the estate which flow directly from those
> actions. Benefits flowing to only a portion of the estate or to limited
> classes of creditors are necessarily diminished in weight. Finally, to
> aid the district and appellate courts in the review process,
> bankruptcy judges should make specific and detailed findings on
> the substantial contribution issue.

MEMORANDUM OF DECISION –49

*Id.* (quoting *Hall Fin. Group v. DP Partners, Ltd P'ship (In re DP Partners Ltd.*

*P'ship.),* 106 F.3d 667, 673 (5th Cir. 1997).[14] The court in *In re Deval* addressed

§ 503(b)(3)(D):

> Only those fees and expenses incurred performing activities related to the substantial contribution, however, are entitled to receive administrative expense status. Applicants may not recover fees and expenses for activities unrelated to the substantial contribution or designed primarily to protect their own interests, such as filing a proof of claim, staying informed about the case generally, preparing requests for notice, or reviewing pleadings.
> The applicant bears the burden of establishing by a preponderance of the evidence that requested expenses were actual and necessary and that the counsel fees are reasonable. To meet this burden, applicants must detail each expense incurred for which reimbursement is sought, and their attorneys must provide adequate time records. The [c]ourt must disallow entries which lack enough supporting detail to enable the [c]ourt to determine whether the requested fees and expenses were incurred while making a substantial contribution to the estate. However, if the court intends to reduce or disallow requested fees or expenses, it must give the applicant a reasonable opportunity to clarify ambiguities in the application or to present evidence or argument in support of the application.

---

[14] Section 503(b)(3)(D) requires this Court to weigh the cost of the fees and expenses against the benefits conferred upon the estate. Section 503(b)(4) requires that any fees allowed under § 503(b)(3)(A)–(E) must be reasonable "based on the time, the nature, the extent, and the value of such services . . . ." § 503(b)(4). Thus the § 503(b)(3)(D) and § 503(b)(4) analysis are similar.

MEMORANDUM OF DECISION −50

*In re Deval Corp.*, 592 B.R. 587, 601–02 (Bankr. E.D. Pa. 2018), *aff'd sub nom., In re DeVal Corp.*, 601 B.R. 725 (E.D. Pa. 2019).[15]

Because Creditors seek fees for professional services rendered by attorneys whose work substantially contributed to the case, Creditors must satisfy the burden of proving both § 503(b)(3)(D) and § 503(b)(4).

1.    *Eberle Berlin Costs and Fees under § 503(b)(3)(D)*

The Eberle Berlin attorneys describe the work they performed that allegedly substantially contributed to the bankruptcy case in Creditor's Joint Memorandum in Support of Allowance of Administrative Expenses. Dkt. No. 101, at 12–14. As noted above, the Court declines to assume that any work performed in connection to the Bohnenkamp criminal matter automatically substantially contributed to the bankruptcy case merely because the Settlement Agreement eventually negotiated and approved by the courts resolved matters in both the criminal and bankruptcy cases. Put another way, qualifying under one Code provision does not mean, *ipso facto*, that the subject services and fees

---

[15] Here, after the objections to the claims and motions were filed, the Court conducted a hearing at which the parties were offered an opportunity to argue in support of its position. As a result, no further hearing on the matter is necessary even if the fee amounts are to be reduced, an outcome that was clearly sought by the objectors.

also qualify under a different provision. Instead, each service or charge must be

analyzed under each Code provision. Similarly, just because some fees are

disqualified for allowance under one Code provision does not mean that they

will not qualify under another.[16]

Creditors acknowledge that the discovery conducted in the civil case

yielded little to no tangible results: "Throughout this representation, the

responses received from Debtor and affiliates to discovery requests were

generally late, non-responsive, incomplete, and in some case false." Creditor's

Joint Memorandum in Support of Allowance of Administrative Expenses, Dkt.

No. 101, p. 3. The Court recognizes the proverbial rock and a hard place between

which Creditors find themselves. Creditors' attorneys provided services related

to discovery, but this discovery netted little helpful information. If the discovery

in the state court lawsuit yielded little of value, how, then, can it be that the

discovery "substantially contributed" to the entire bankruptcy case? The low-

_____

[16] For example, Creditor's attorneys seek fees under both § 503(b)(3)(C) and §503(b)(3)(4) for
services related to preparing for and conducting Bohnenkamp's deposition. This Court found,
above, that some of those fees qualified as administrative expenses under § 503(b)(3)(C), but
those fees would be disallowed under § 503(b)(3)(D) because, based on the information and the
arguments offered by Creditors, there is no way for the Court to determine if the depositions
benefitted the bankruptcy estate as a whole.

MEMORANDUM OF DECISION −52

yield discovery led Creditors to conduct their own open-source research related to Debtor. However, that does not mean that any research required above and beyond what should have been supplied in discovery substantially contributed to the case, or that it benefitted the bankruptcy estate as a whole. Again, Creditors have the burden to prove they are entitled to fees under § 503(b)(3)(D). To meet this burden, Creditors' lawyers argue that they engaged in "extensive research of social-media, public corporate filings, Coast Guard records, litigation filings in New York, Debtor's internal records, and inquiries of individuals and other creditors." Creditor's Joint Memorandum in Support of Allowance of Administrative Expenses, Dkt. No. 101, p. 3. However, Creditors fail to explain how this research yielded any constructive results for the bankruptcy estate.

On this record, Creditors have failed to satisfy their burden of showing that the state court discovery their attorneys conducted, or the related services or research in furtherance of the state court lawsuit, substantially contributed to the bankruptcy case and estate as a whole. For this reason, fees for both the discovery related services, as well as the research related services, in the state court lawsuit do not constitute allowed administrative expenses.

MEMORANDUM OF DECISION –53

Creditors lawyers provided the following services assisting Trustee for of which Creditors seek an allowance under § 503(b)(3)(D):

| Date of Services | Hours charged | Description of Legal Services | Amount Sought |
|---|---|---|---|
| 9/15/2016 | 5 | CONFERENCE WITH BANKRUPTCY TRUSTEE REGARDING FRAUDULENT TRANSFER SCHEME | $1,000.00 |
| 9/28/2016 | 0.1 | FOLLOW-UP WITH BANKRUPTCY TRUSTEE. | $20.00 |
| 10/11/2016 | 0.8 | CALL WITH BANKRUPTCY TRUSTEE ON PLAN AND PROGRESS. | $160.00 |
| 10/29/2016 | 0.4 | PROVIDE DOCUMENTS TO TRUSTEE. | $80.00 |
| 11/1/2016 | 1.3 | CALL WITH BANKRUPTCY TRUSTEE ON INFORMATION AVAILABLE IN CASE AND BEAU VALUE BOAT. | $260.00 |
| 11/15/2016 | 0.8 | CALL WITH BANKRUPTCY TRUSTEE AND MESSAGE TO JED MANWARING. | $160.00 |
| 11/17/2016 | 0.5 | CALL WITH AND SEND INFORMATION TO JED MANWARING (POTENTIAL COUNSEL FOR TRUSTEE). | $100.00 |
| 11/30/2016 | 2.1 | CALL WITH BANKRUPTCY TRUSTEE (0.40); ATTEND CREDITOR EXAM OF DEBTOR (1.70). | $420.00 |
| 12/7/2016 | 1.1 | CALL WITH BANKRUPTCY TRUSTEE ON INFORMATION AVAILABLE REGARDING FOX PERSONAL BOAT. | $220.00 |
| 2/16/2017 | 1.9 | CONFERENCE WITH JED MANWARING (ATTORNEY FOR TRUSTEE) (1.20); PULL DOCUMENTS TO SEND TO J. MANWARING (0.70). | $380.00 |
| 2/21/2017 | 2 | PREPARE DOCUMENTS FOR PRODUCTION TO JED MANWARING. | $400.00 |

MEMORANDUM OF DECISION −54

| 4/27/2017 | 0.9 | CALL WITH COUNSEL FOR BANKRUPTCY TRUSTEE. | $180.00 |
| 6/12/2017 | 0.3 | REVIEW AND COMMENT ON DRAFT COMPLAINT IN TVM BANKRUPCTY (.5). | $67.50 |
| 6/14/2017 | 0.4 | CALL WITH ATTORNEY FOR TRUSTEE REGARDING COMPLAINT FOR ADVERSARY PROCEEDING AGAINST NJA AND FOX. | $80.00 |

Concerning these services and charges, Creditors argue that:

> [their lawyers] provided all available information, whether through
> conversations or documents, pertaining to the fraudulent transfers
> and other improper activity of the Debtor and affiliates to Trustee
> Janine Reynard. Additionally, this firm cooperated with the
> Trustee's attorney Jed Manwaring in proving information,
> documents, and a Word copy of the Ada County complaint to
> pursue the fraudulent transfer claims.

Creditor's Joint Memorandum in Support of Allowance of Administrative

Expenses, Dkt. No. 101, p. 5. Trustee disputes this:

> With regard to section 503(b)(3)(D), Trustee acknowledges that EB
> Creditors did provide information to the Trustee and her attorney
> regarding EB Creditors' investigation during the pendency of their
> various state court lawsuits. It is not uncommon for creditors and
> attorneys to provide such information to chapter 7 trustees, the U.S.
> Trustee's Office and the U.S. Attorney's Office. Trustee does not see
> any costs specifically incurred by EB Creditors to provide such
> information to the Trustee and her attorney. Trustee does not agree
> that EB Creditors should be reimbursed for any and all expenses
> incurred during the litigation process for their various state court
> lawsuits. Those expenses were not incurred for the benefit of the

MEMORANDUM OF DECISION –55

bankruptcy estate, as they were incurred prior to the Order for
Relief.

Trustee's Response to Applications for Administrative Expenses, Dkt. No. 114, p.

3. Of those services listed above, Trustee concedes that certain services may

qualify as a substantial contribution:

| Date of Services | Hours charged | Description of Legal Services | Amount Sought |
|---|---|---|---|
| 9/15/2016 | 5 | CONFERENCE WITH BANKRUPTCY TRUSTEE REGARDING FRAUDULENT TRANSFER SCHEME | $1,000.00 |
| 9/28/2016 | 0.1 | FOLLOW-UP WITH BANKRUPTCY TRUSTEE. | $20.00 |
| 10/11/2016 | 0.8 | CALL WITH BANKRUPTCY TRUSTEE ON PLAN AND PROGRESS. | $160.00 |
| 10/29/2016 | 0.4 | PROVIDE DOCUMENTS TO TRUSTEE. | $80.00 |
| 11/17/2016 | 0.5 | CALL WITH AND SEND INFORMATION TO JED MANWARING (POTENTIAL COUNSEL FOR TRUSTEE). | $100.00 |
| 2/16/2017 | 1.9 | CONFERENCE WITH JED MANWARING (ATTORNEY FOR TRUSTEE) (1.20); PULL DOCUMENTS TO SEND TO J. MANWARING (0.70). | $380.00 |
| 6/12/2017 | 0.3 | REVIEW AND COMMENT ON DRAFT COMPLAINT IN TVM BANKRUPCTY (.5). | $112.50 |
|  |  |  | $1,852.50 |

Trustee states, "These time entries are the only ones verifiable by Trustee and her

attorney related to specific discussions with EB Creditors' counsel about the

MEMORANDUM OF DECISION −56

information they wanted to provide to the Trustee." Trustee's Response to

Applications for Administrative Expenses, Dkt. No. 114, p. 4.

Because Trustee does not dispute it, the fees in the table above will be

allowed as administrative expenses. However, the Court must decide whether

the remaining services qualify as a substantial contribution. Those services are

listed below:

| Date of Services | Hours charged | Description of Legal Services | Amount Sought |
|---|---|---|---|
| 11/1/2016 | 1.3 | CALL WITH BANKRUPTCY TRUSTEE ON INFORMATION AVAILABLE IN CASE AND BEAU VALUE BOAT. | $260.00 |
| 11/15/2016 | 0.8 | CALL WITH BANKRUPTCY TRUSTEE AND MESSAGE TO JED MANWARING. | $160.00 |
| 11/30/2016 | 2.1 | CALL WITH BANKRUPTCY TRUSTEE (0.40); ATTEND CREDITOR EXAM OF DEBTOR (1.70). | $420.00 |
| 12/7/2016 | 1.1 | CALL WITH BANKRUPTCY TRUSTEE ON INFORMATION AVAILABLE REGARDING FOX PERSONAL BOAT. | $220.00 |
| 2/21/2017 | 2 | PREPARE DOCUMENTS FOR PRODUCTION TO JED MANWARING. | $400.00 |
| 4/27/2017 | 0.9 | CALL WITH COUNSEL FOR BANKRUPTCY TRUSTEE. | $180.00 |
| 6/14/2017 | 0.4 | CALL WITH ATTORNEY FOR TRUSTEE REGARDING COMPLAINT FOR ADVERSARY PROCEEDING AGAINST NJA AND FOX. | $80.00 |

MEMORANDUM OF DECISION −57

With regard to these services, Trustee states, "At times, counsel reached out to

Trustee with other information he deemed relevant and wanted the Trustee to

investigate, but those conversations did not aid the Trustee in pursuing the

adversary proceeding and subsequent compromise motion approved by the

Court." Trustee's Response to Applications for Administrative Expenses, Dkt.

No. 114, p. 4.

After review, the Court concludes that Creditors have not adequately

demonstrated that the services listed above substantially contributed to the

bankruptcy case and estate as a whole for purposes of § 503(b)(3)(D). Phone

conversations with Trustee or her counsel, cannot, without more proof, be

presumed to have substantially contributed to the case. Likewise, sending

documents to Trustee or her lawyer also does not automatically qualify the

activities for as a substantial contribution. Were the outcome otherwise, arguably

the cost of any creditor conversations with, or correspondence to, a trustee or

counsel would arguably qualify as an administrative expense in a bankruptcy

case under § 503(b)(3)(D). That simply cannot be what Congress intended in

granting a priority for substantial contribution costs. Instead, Creditors must

adequately prove how these services substantially contributed to the bankruptcy

MEMORANDUM OF DECISION −58

case. Creditors' briefs do not contain the quantity or quality of information needed to satisfy their burden. For this reason, those services disputed by Trustee listed in the table above will be disallowed.

Next, many of the charges for services provided by Creditors' lawyers will be disallowed because the attorneys engaged in the unfortunate practice of lumping their time entries. These entries are specifically identified in Exhibit 1, but here are some examples:

| Date of Services | Hours charged | Description of Legal Services | Amount Sought |
|---|---|---|---|
| 5/5/2015 | 3.9 | REVIEW DISCOVERY RESPONSES FROM DEFENDANT; CONFERENCE WITH C. RIPPEE ON PURSUING MOTION TO COMPEL; MESSAGES TO JEREMY MUSGRAVE, JOHN KINNEY, AND MIKE FOX; CALL WITH JEREMY MUSGRAVE; PREPARE SUPPLEMENTAL AFFIDAVIT AND EMAIL TO DAVID; CALL WITH DAVID; ATTEMPT TO CALL AND DRAFT LETTER TO JOE STEARNS. | $780.00 |
| 6/29/2015 | 4.6 | REVIEW SCHEDULING ORDER; CALL WITH DAVID; EMAIL STIPULATION TO EXTEND TRIAL DATE; REVIEW COAST GUARD PREPARED DOCUMENTS; PREPARE SECOND DISCOVERY REQUEST. | $920.00 |
| 7/1/2015 | 2.8 | DRAFT AMENDED NOTICES OF 30(B)(6) DEPOSITION; CALL WITH LYNETTE DAVIS REGARDING STATUS OF MOTION FOR SUMMARY JUDGMENT IN HER CASE AND | $560.00 |

| | | AFFIDAVITS FOR AND AGAINST BOHNENKAMP; PRESERVE VIDEO AND ONLINE EVIDENCE. | |
|---|---|---|---|
| 7/2/2015 | 2.3 | CALL WITH DAVE; CALL WITH LYNETTE; DRAFT LETTER REGARDING DISCOVERY AND SETTLEMENT TO MIA. | $460.00 |
| 7/7/2015 | 1.5 | REVIEW FINANCIALS PROVIDED THROUGH DISCOVERY AND EMAIL TO DAVE; CALL WITH JOE STEARNS REGARDING AFFIDAVIT. | $300.00 |
| 7/8/2015 | 1 | DRAFT LETTER DEMANDING DISCOVERY TO OPPOSING COUNSEL; MESSAGE TO JOE STEARNS REQUESTING MEETING TIME; CONFERENCE WITH ATTORNEY S. THARP. | $200.00 |
| 7/13/2015 | 4.1 | PREPARE FOR CONFERENCE WITH JOE STEARNS; RESEARCH CREDITOR FORCING PARTY INTO INVOLUNTARY BANKRUPTCY AND THE TRUSTEE PURSUING FRAUDULENT CONVEYANCE CLAIMS; MEET WITH JOE STEARNS. | $820.00 |

As explained in this Decision above, "Listing only the total charge for lumped services deprives the [c]ourt of the ability to weigh the reasonableness of either the amount of time spent or the amount charged for the individual services."

*Kilborn v. Haun (In re Haun)*, 396 B.R. at 533. The Court cannot conduct a proper § 503(b)(4) analysis for those services that were lumped together. Thus, the lumped fees will be disallowed pursuant to § 503(b)(4).

MEMORANDUM OF DECISION –60

In sum, $1,852.50 in Creditors' Eberle Berlin fees will be allowed as administrative expenses under § 503(b)(3)(D).

Creditors also seek priority status under § 503(b)(3)(D) for various costs incurred by Eberle Berlin. Regrettably, many of the cost descriptions in the submissions are simply inadequate to allow this Court to determine whether the subject expenditures substantially contributed to the bankruptcy as required by § 503(b)(3)(D), and whether the charges are reasonable for purposes of § 503(b)(4).  Here are some examples of the deficient entries:

| Date of Services | Cost | Description of Legal Services |
|---|---|---|
| 2/13/2015 | $37.00 | CHECK TRI COUNTY PROCESS SERVING |
| 2/13/2015 | $77.00 | CHECK TRI COUNTY PROCESS SERVING |
| 5/22/2015 | $10.00 | VISA CERTIFIED COPY (NIAGARA JET ADVENTURES) |
| 8/27/2015 | $63.59 | OFFICE MAX - PORTABLE HARD DRIVE |
| 10/2/2015 | $37.72 | CERTIFIED MAIL - POSTAGE - 4 @ $9.43 |
| 10/9/2015 | $10.96 | POSTAGE - 4 @ $2.74 |
| 6/2/2016 | $14.00 | ADAM LITTLE CHECK REIMBURSE PARKING AT ADA COUNTY COURTHOUSE 05/23 AND 05/24/16 |

Additionally, Creditors seek an allowance for costs incurred to serve the various state court summons and complaints on the target defendants. There has been no attempt by Creditors to show how service costs substantially contributed to the bankruptcy case. All these costs relate solely to the state court lawsuit.

MEMORANDUM OF DECISION −61

This, coupled with the inadequate descriptions, render it impossible for this Court to determine whether those costs substantially contributed to the bankruptcy case, and whether they are reasonable under § 503(b)(4). Although some costs will be awarded under § 503(b)(3)(C) for the reasons state above, Creditors have failed to satisfy their burden proving that any costs are allowable under § 503(b)(3)(D).

2.      *Hawley Troxell Costs and Fees under § 503(b)(3)(D)*

First, many of the fees sought by Creditors for services provided by Hawley Troxell under § 503(b)(3)(D) will be disallowed as administrative expenses because of lumping for the reasons stated above.[17] Exhibit 1 provides a detailed list of those services disallowed for lumping.

Next, many of the charges for services provided by Hawley Troxell will be disallowed because the descriptions are inadequate to enable the Court to determine whether the services substantially contributed to the case pursuant to § 503(b)(3)(D), or whether the amount sought is reasonable pursuant to § 503(b)(4). Here are some obvious examples:

_____

[17] This Court also cannot determine whether these lumped services are reasonable pursuant to § 503(b)(4).

MEMORANDUM OF DECISION −62

| Date of Services | Hours charged | Description of Legal Services | Amount Sought |
|---|---|---|---|
| 2/3/2015 | 1.8 | Review of facts and client documents. | $351.00 |
| 2/23/2015 | 0.3 | Work on demand letter. | $58.50 |
| 3/18/2015 | 0.1 | E-mail exchange with client. | $29.00 |
| 8/25/2015 | 0.3 | Review e-mail from client re list of questions and respond thereto. | $87.00 |

Fees for services rendered by Hawley Troxell relating to discovery conducted in the state court lawsuit will be disallowed for the same reasons fees for similar services provided by Eberle Berlin are disallowed. As stated above, this discovery yielded little in terms of positive results, and Creditors fail to explain how their lawyers' additional research efforts substantially contributed to the bankruptcy case. Thus, Creditors failed to satisfy their burden that discovery-related services or other research in furtherance of the state court lawsuit substantially contributed to the bankruptcy case and estate as a whole.

Finally, no Hawley Troxell costs qualify for allowance under § 503(b)(3)(D). Those costs were denied priority under § 503(b)(3)(C) for the reasons stated above, and are denied preferred status under § 503(b)(3)(D) for similar reasons. The costs are inadequately described. Again, for example, there are thirteen entries simply labeled "Copying," for which Creditors seek $116.46 in costs. It is unclear what was being copied and how this substantially

MEMORANDUM OF DECISION −63

contributed to the bankruptcy case. Additionally, Creditors seek $221.00 for

filing one of the state court complaints, and $325.00 for serving the state court

lawsuit summons and complaint on the various defendants. These services or

costs did not substantially contribute to the bankruptcy case. All these costs

relate solely to the state court lawsuit. The inadequate descriptions render it

impossible for this Court to determine whether those costs substantially

contributed to the bankruptcy case, and whether they are reasonable under

§ 503(b)(4). Creditors have failed to satisfy their burden proving the costs are

recoverable under § 503(b)(3)(D).

In sum, no fees or costs are recoverable by Creditors for services

performed by Hawley Troxell qualify as administrative expenses under

§ 503(b)(3)(D).

### 3.    *Other Considerations under § 503(b)(3)(D)*

In addition to the reasons discussed above, there is a more general basis

for the Court's decision declining to approve the full amount of attorneys fees

and costs sought by Creditors as a "substantial contribution" administrative

expense claim under § 503(b)(3)(D).

MEMORANDUM OF DECISION −64

A review of the bankruptcy case claims register, and the "victims list" in the criminal restitution proceedings, reveals that there is a large number of creditors owed money or damaged by Bohnenkamp's conduct and Debtor's financial failure. Trustee has attempted to liquidate assets to distribute to these parties, but in the end, it appears that the bulk of any funds available to pay claimants will come from the Settlement Agreement recovery. And, of course, the bankruptcy estate has incurred administrative costs other than Creditors' claims that must be paid before creditor distributions can be made.

Creditors' total administrative fee applications amount to about $182,864.50.[18] Realistically, the restitution and avoidance claim compromise will generate less than $250,000. Through its Decision, the Court has attempted to ensure that Creditors receive appropriate, properly-measured reimbursement for their legal costs in commencing and defending the involuntary bankruptcy petition, and for their constructive efforts cooperating with law enforcement agencies in prosecuting Bohnenkamp for his crimes. But in gauging whether Creditors receive additional "substantial contribution" priority administrative

---

[18] Although the original claims amount to about $207,653.85, the fee applications request administrative expense status for only $182,864.50 of that amount.

MEMORANDUM OF DECISION –65

expenses, eligible for payment before the claims of other, similarly-situated creditors, the Court cannot in good conscience allow them to consume what would amount to the bulk of all funds available for distribution. In determining an appropriate allowance for Creditors' "substantial contribution" claims, then, the Court has been mindful of a fundamental goal of the Bankruptcy Code: treating creditors equitably in the face of the losses borne by them. Therefore, while Creditors might believe their attorneys' efforts were primarily responsible for the protections provided by the bankruptcy case, the criminal conviction of the wrong-doer, and the recovery of a portion of the avoidable transfers of Debtor's assets, the Court has exercised discretion to weigh those arguable "benefits" against the interests of creditors generally in calculating the amount of Creditor's § 503(b)(3)(D) administrative expense allowance. In the Court's view, the Code mandates such approach.

### Conclusion

The distributions from the bankruptcy case represent an unfortunate outcome for the former customers and other creditors of Debtor.  While the restitution order entered by the District Court requires Bohnenkamp to pay additional compensation to his victims, it is uncertain if, or when, he will do so.

MEMORANDUM OF DECISION −66

Through the Code, the bankruptcy system attempts to equitably balance creditors' losses when a debtor's assets are inadequate to offer payment in full of their claims. The Code's priority scheme recognizes that some, but not all, claims should be, for the policy reasons Congress embraced, preferred. But granting priority comes with a cost to other deserving creditors. Bankruptcy courts must therefore exercise considerable discretion to ensure priorities are appropriately measured and applied. This Court has attempted to do so in this case.

Creditors' administrative expense motions, and their respective priority claims, will be allowed in part and disallowed in part for the reasons set forth above. Creditors collectively will be allowed administrative expense status for their lawyers' fees and costs of $8,400.00 pursuant to § 503(b)(3)(A); $13,085.91 pursuant to § 503(b)(3)(C); and $1,852.50 pursuant to § 503(b)(3)(D). In total, Creditors will be allowed $23,338.41, for professional work performed by Eberle Berlin attorneys pursuant to § 503(b)(4). Creditors' request for an administrative expense under §§ 503(b)(3)(A), 503(b)(3)(C), or 503(b)(3)(D), and § 503(b)(4) for professional services performed by Hawley Troxell attorneys will be denied. Claims 12, 13, 14, and 15 will be allowed as § 507(a)(2) priority claims to the extent of each approved administrative expense in accordance with Creditors'

MEMORANDUM OF DECISION −67

agreement in the allocated share of the fees and costs of work performed by the

attorneys for each Creditor.

A separate order consistent with this Decision will be entered.

DATED: October 14, 2020

Jim D. Pappas

U.S. Bankruptcy Judge

# Exhibit 1 to *In re Treasure Valley Marine, Inc.*

# -

# Eberle Berlin Fees

Exhibit 1 - Eberle Berlin Fees

| Date of Service | Hours | Description of Legal Services | Amount | Excluded (amount not being sought by Creditors) | Petition (503(b)(3)(A)) | Criminal (503(b)(3)(C)) | Substantial Contribution (503(b)(3)(D)) | Court's Reason for Allowance/Disallowance |
|---|---|---|---|---|---|---|---|---|
| 2/3/2015 | 0.6 | CALL WITH DAVE MCKITRICK; PREPARE CASE FILE FOR COMPLAINT; RESEARCH REQUESTS TO J. FOLEY. | $120.00 | | | $ 120.00 | $ 120.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 2/4/2015 | 4.7 | REVIEW LIENS ON BWC AND FAX ON CONVERSATIONS WITH BWC; CALLS WITH DAVE; DRAFT COMPLAINT; CALL WITH DOUG MUSHLITZ. | $940.00 | | | $ 940.00 | $ 940.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 2/4/2015 | 0.3 | TWO CONFERENCES WITH ATTORNEY A. LITTLE; REVIEW EMAIL FROM ATTORNEY A. LITTLE. | $67.50 | | | $ 67.50 | $ 67.50 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 2/5/2015 | 2.3 | RESEARCH IDAHO LIEN LAWS FOR DEPOSITS FOR VEHICLES OR VESSELS; CALL WITH DAVID; DRAFT FIRST DISCOVERY REQUEST. | $460.00 | | | $ 460.00 | $ 460.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 2/11/2015 | 2.7 | REVIEW COMPLAINT FILED AGAINST BOHENKAMP LAST WEEK BY CREDITOR; SIGN AND SUBMIT FOR SERVICE FIRST DISCOVERY REQUEST; CALL WITH DAVE; DRAFT | $540.00 | | | $ 540.00 | $ 540.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 2/12/2015 | 0.5 | CALL WITH DAVE; REVIEW WARRANTY | $100.00 | $100.00 | | $   - | $   - | |
| 2/18/2015 | 0.2 | REVIEW FILED NOTICES OF SERVICE; EMAIL TO DAVID REGARDING TIME FOR RESPONSE. | $40.00 | | | $ 40.00 | $ 40.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 2/26/2015 | 0.1 | UPDATE EMAIL TO DAVE REGARDING NEW LAWSUIT. | $20.00 | | | $ 20.00 | $ 20.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 3/5/2015 | 3 | REVIEW COMPLAINT AND DISCOVERY REQUEST; RESEARCH EFFECT OF DEFAULT JUDGMENT ON FURTHER DISCOVERY; CONFERENCE WITH S. THARP AND N. | $600.00 | | | $ 600.00 | $ 600.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 3/5/2015 | 0.3 | ANALYZE ENTRY OF DEFAULT AND STRATEGY TO PURSUE ASSETS. | $67.50 | | | $ 67.50 | $ 67.50 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 3/6/2015 | 0.3 | REVIEW ANSWER; EMAIL TO DAVE. | $60.00 | | | $ 60.00 | $ 60.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |

| Date | Hrs | Description | Amount | | | Amount | Amount | Notes |
|---|---|---|---|---|---|---|---|---|
| 3/17/2015 | 1.1 | REVIEW REQUEST OF OPPOSING COUNSEL; DRAFT PROPOSED RESPONSE; CALL WITH DAVID. | $220.00 | | | $ 220.00 | $ 220.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 3/23/2015 | 0.6 | REVISE LETTER REGARDING DISCOVERY TO OPPOSING COUNSEL; CALL WITH OPPOSING COUNSEL'S OFFICE REGARDING DISCOVERY RESPONSES. | $120.00 | | | $ 120.00 | $ 120.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 3/25/2015 | 0.8 | RESEARCH ACCOUNTING PERSONAL TO CONTACT; SEARCH NEW YORK SECRETARY OF STATE. | $160.00 | | | $ 160.00 | $ 160.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 3/26/2015 | 1.2 | REVIEW SCHEDULING ORDER; RESEARCH BANKRUPTCY FILINGS OF CHRIS BOHNENKAMP AND PERIOD FOR A REPEAT FILING; RESEARCH STATUS OF SIMILAR SITUATED CASES. | $240.00 | | | $ 240.00 | $ 240.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 3/30/2015 | 0.4 | CALL TO OPPOSING COUNSEL; RESEARCH PAST ACCOUNTING MANAGER AT TREASURE VALLEY MARINE. | $80.00 | | | $ 80.00 | $ 80.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 4/1/2015 | 0.4 | REVIEW NEW FILING BY CFO OF TREASURE VALLEY MARINE; RESEARCH CFO, AARON DEY; ATTEMPT TO CONTACT PAST CONTROLLER OF TREASURE VALLEY MARINE. | $80.00 | | | $ 80.00 | $ 80.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 4/2/2015 | 3.6 | DRAFT MOTION TO COMPEL; RESEARCH AARON DEY. | $720.00 | | | $ 720.00 | $ 720.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 4/3/2015 | 1.1 | CALL WITH DAVID; REVISE AFFIDAVIT FOR FILING MOTION TO COMPEL; CALL WITH LYNETTE DAVIS (COUNSEL FOR ANOTHER PLAINTIFF). | $220.00 | | | $ 220.00 | $ 220.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 4/6/2015 | 0.7 | REVIEW NOTICE OF HEARING ON MOTION TO COMPEL; EMAILS WITH OPPOSING COUNSEL. | $140.00 | | | $ 140.00 | $ 140.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 4/8/2015 | 1.2 | 1.2 HRS NO CHARGE. | | | | $    - | $    - | |
| 4/14/2015 | 0.3 | CALL WITH DAVID ON UPDATE WITH LITIGATION. | $60.00 | | | $ 60.00 | $ 60.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 4/15/2015 | 0.1 | MESSAGE TO LYNETTE DAVIS. | $20.00 | | | $ 20.00 | $ 20.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |

| Date | Hours | Description | Amount | | | | | Disallowed |
|---|---|---|---|---|---|---|---|---|
| 4/16/2015 | 0.6 | MESSAGE TO CONTACT IN BUFFALO, NY; FOIA REQUEST TO US COAST GUARD. | $120.00 | | | $ 120.00 | $ 120.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 4/17/2015 | 1.2 | CALL WITH LYNETTE DAVIS REGARDING HER INFORMATION ON THE PAST CFO; CALL WITH PRIOR EMPLOYEE OF BWC; CALL WITH ATTORNEYS IN NEW YORK ON SERVING THIRD | $240.00 | | | $ 240.00 | $ 240.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 4/20/2015 | 1.2 | DRAFT SUBPOENA AGAINST NIAGARA JET ADVENTURES. | $240.00 | | | $ 240.00 | $ 240.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 4/21/2015 | 1.8 | DRAFT THIRD PARTY SUBPOENA TO NIAGARA JET ADVENTURES, LLC, CHRIS BOHNENKAMP, AND MIKE FOX. | $360.00 | | | $ 360.00 | $ 360.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 4/24/2015 | 1.5 | CALL WITH DAVID; EMAIL TO NY ATTORNEY; FIND AND RESEARCH TERESA CHAMBERLAIN. | $300.00 | | | $ 300.00 | $ 300.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 4/27/2015 | 1.5 | DRAFT SUBPOENAS FOR MIKE FOX AND CHRIS BOHNENKAMP; CALL WITH TERESA CHAMBERLAIN. | $300.00 | | | $ 300.00 | $ 300.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 4/28/2015 | 0.3 | REVIEW ENGAGEMENT LETTER FROM NEW YORK; EMAILS WITH DAVID. | $60.00 | | | $ 60.00 | $ 60.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 4/29/2015 | 0.2 | REVIEW TIMELINE FOR OPPOSING COUNSEL TO RESPOND TO MOTION TO COMPEL; EMAIL TO NY COUNSEL WITH SIGNED ENGAGEMENT LETTER AND COMMENTS ON DRAFTED | $40.00 | | | $ 40.00 | $ 40.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 4/30/2015 | 0.4 | REVIEW AND SUBMIT THIRD-PARTY SUBPOENAS TO OPPOSING COUNSEL. | $80.00 | | | $ 80.00 | $ 80.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 5/4/2015 | 1.3 | REVIEW DISCOVERY RESPONSE FROM DEFENDANTS. | $260.00 | | | $ 260.00 | $ 260.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 5/5/2015 | 3.9 | REVIEW DISCOVERY RESPONSES FROM DEFENDANT; CONFERENCE WITH C. RIPPEE ON PURSUING MOTION TO COMPEL; MESSAGES TO JEREMY MUSGRAVE, JOHN KINNEY, AND | $780.00 | | | $ 780.00 | $ 780.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 5/6/2015 | 3.5 | PREPARE OUTLINE FOR MOTION TO COMPEL; ATTEND MOTION TO COMPEL. | $700.00 | | | $ 700.00 | $ 700.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |

| 5/7/2015 | 1.9 | DRAFT THIRD PARTY SUBPOENAS. | $380.00 | | | $ 380.00 | $ 380.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 5/8/2015 | 0.7 | REVISE THIRD PARTY SUBPOENA ON NIAGARA JET ADVENTURES. | $140.00 | | | $ 140.00 | $ 140.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 5/11/2015 | 0.2 | EMAILS WITH OPPOSING COUNSEL; REVIEW REVISED DISCOVERY RESPONSE. | $40.00 | | | $ 40.00 | $ 40.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 5/13/2015 | 1.5 | CALLS WITH LYNETTE DAVIS AND WITH DAVE REGARDING POOLING RESOURCES AND CURRENT STATUS OF LITIGATION. | $300.00 | | | $ 300.00 | $ 300.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 5/15/2015 | 1.7 | REVISE THIRD PARTY SUBPOENAS WITH DEVILS HOLE JETBOAT,LLC AND SEND FOR SERVICE; CALL WITH JOE STEARNS. | $340.00 | | | $ 340.00 | $ 340.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 5/19/2015 | 1 | CALL WITH DAVID; RESEARCH BANKRUPTCY LAW AND THE EFFECT OF A SUCCESSFUL LAWSUIT AND SUBSEQUENT BANKRUPTCY ON PROPERTY THEN TRANSFERRED TO DAVID. | $200.00 | | | $ 200.00 | $ 200.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 5/21/2015 | 0.2 | CALL WITH NIAGARA REPORTER; EMAIL TO DAVE. | $40.00 | | | $ 40.00 | $ 40.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 5/27/2015 | 0.2 | RESPOND TO THE COAST GUARD'S REQUEST FOR MORE INFORMATION. | $40.00 | | | $ 40.00 | $ 40.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 6/10/2015 | 0.3 | DRAFT MOTION TO MODIFY TRIAL SETTING. | $60.00 | | | $ 60.00 | $ 60.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 6/12/2015 | 0.7 | REVISE MOTION TO VACATE TRIAL DATE. | $140.00 | | | $ 140.00 | $ 140.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 6/15/2015 | 0.5 | CALL WITH LYNETTE DAVIS (ATTORNEY FOR ANOTHER PLAINTIFF); QUICK REVIEW OF COAST GUARD DOCUMENT; MESSAGE TO DAVID. | $100.00 | | | $ 100.00 | $ 100.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 6/24/2015 | 0.1 | MESSAGE TO DAVID. | | | | $    - | $    - | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |

| 6/26/2015 | 0.1 | REVIEW SCHEDULING ORDER AND MESSAGE TO DAVID. | $20.00 | | | $ 20.00 | $ 20.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 6/29/2015 | 4.6 | REVIEW SCHEDULING ORDER; CALL WITH DAVID; EMAIL STIPULATION TO EXTEND TRIAL DATE; REVIEW COAST GUARD PREPARED DOCUMENTS; PREPARE SECOND DISCOVERY | $920.00 | | | $ 920.00 | $ 920.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 6/30/2015 | 1.2 | PREPARE NOTICE OF 30(B)(6) DEPOSITION; CONFERENCE WITH ATTORNEY S. THARP. | $240.00 | | | $ 240.00 | $ 240.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 6/30/2015 | 0.2 | CONFERENCE WITH ATTORNEY A. LITTLE (.2). | $45.00 | | | $ 45.00 | $ 45.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 7/1/2015 | 2.8 | DRAFT AMENDED NOTICES OF 30(B)(6) DEPOSITION; CALL WITH LYNETTE DAVIS REGARDING STATUS OF MOTION FOR SUMMARY JUDGMENT IN HER CASE AND | $560.00 | | | $ 560.00 | $ 560.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 7/2/2015 | 2.3 | CALL WITH DAVE; CALL WITH LYNETTE; DRAFT LETTER REGARDING DISCOVERY AND SETTLEMENT TO MIA. | $460.00 | | | $ 460.00 | $ 460.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 7/7/2015 | 1.5 | REVIEW FINANCIALS PROVIDED THROUGH DISCOVERY AND EMAIL TO DAVE; CALL WITH JOE STEARNS REGARDING AFFIDAVIT. | $300.00 | | | $ 300.00 | $ 300.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 7/8/2015 | 1 | DRAFT LETTER DEMANDING DISCOVERY TO OPPOSING COUNSEL; MESSAGE TO JOE STEARNS REQUESTING MEETING TIME; CONFERENCE WITH ATTORNEY S. THARP. | $200.00 | | | $ 200.00 | $ 200.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 7/9/2015 | 1.2 | REVISE DISCOVERY LETTER TO OPPOSING COUNSEL; DRAFT AFFIDAVIT OF JOE STEARNS. | $240.00 | | | $ 240.00 | $ 240.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 7/9/2015 | 0.3 | CONFERENCE WITH ATTORNEY A. LITTLE; REVISE LETTER TO MIA MURPHY. | $67.50 | | | $ 67.50 | $ 67.50 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 7/10/2015 | 0.5 | RESPOND TO OPPOSING COUNSEL'S EMAIL. | $100.00 | | | $ 100.00 | $ 100.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 7/13/2015 | 4.1 | PREPARE FOR CONFERENCE WITH JOE STEARNS; RESEARCH CREDITOR FORCING PARTY INTO INVOLUNTARY BANKRUPTCY AND THE TRUSTEE PURSUING FRAUDULENT | $820.00 | | | $ 820.00 | $ 820.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 7/14/2015 | 3.6 | REVIEW DOCUMENTS PRODUCED BY TREASURE VALLEY MARINE TO LYNETTE; DRAFT AFFIDAVIT FOR JOE STEARNS; TELEPHONE CALL WITH DAVID. | $720.00 | | | $ 720.00 | $ 720.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |

| Date | Hours | Description | Amount | | | Amount | Amount | Notes |
|---|---|---|---|---|---|---|---|---|
| 7/17/2015 | 1.4 | CALL WITH LYNETTE; REVISE AFFIDAVIT OF JOE STEARNS. | $280.00 | | | $ 280.00 | $ 280.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 7/20/2015 | 1.2 | FOLLOW UP ON DEMANDS FOR SUPPLEMENTAL DISCOVERY; CYA LETTER TO OPPOSING COUNSEL REGARDING 30(B)(6) DEPOSITIONS. | $240.00 | | | $ 240.00 | $ 240.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 7/21/2015 | 2.6 | RESPOND TO OPPOSING COUNSEL EMAIL; PREPARE MOTION TO REQUEST SANCTIONS. | $520.00 | | | $ 520.00 | $ 520.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 7/22/2015 | 2.5 | EMAILS WITH OPPOSING COUNSEL; TELEPHONE CALL WITH DAVE; CALL WITH LYNETTE; REVIEW DISCOVERY. | $500.00 | | | $ 500.00 | $ 500.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 7/22/2015 | 0.5 | MULTIPLE CONFERENCES WITH ATTORNEY A. LITTLE. | $112.50 | | | $ 112.50 | $ 112.50 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 7/23/2015 | 0.3 | REQUEST CERTIFIED COPIES OF DOCUMENTS IN OTHER CASES. | $60.00 | | | $ 60.00 | $ 60.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 7/24/2015 | 6.7 | FOLLOW UP ON STATUS OF AFFIDAVITS; DRAFT MOTION TO SHOW CAUSE AND IMPOSE SANCTIONS; MEET WITH JOE STEARNS; RESEARCH IMPOSING SANCTIONS; | $1,340.00 | | | $ 1,340.00 | $ 1,340.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 7/24/2015 | 0.2 | CONFERENCE WITH ATTORNEY A. LITTLE. | $45.00 | | | $ 45.00 | $ 45.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 7/25/2015 | 5.4 | DRAFT AMENDED COMPLAINT AND RESEARCH ADMISSIBILITY OF NEWSPAPER ARTICLES. | $1,080.00 | | | $ 1,080.00 | $ 1,080.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 7/26/2015 | 2.1 | DRAFT AMENDED COMPLAINT; EMAILS TO REPORTERS REGARDING COST OF BOATS. | $420.00 | | | $ 420.00 | $ 420.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 7/27/2015 | 5.3 | DRAFT MOTION TO AMEND COMPLAINT AND PREPARE SUPPORTING AFFIDAVITS. | $1,060.00 | | | $ 1,060.00 | $ 1,060.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 7/27/2015 | 0.2 | CONFERENCE WITH ATTORNEY A. LITTLE. | $45.00 | | | $ 45.00 | $ 45.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |

| 7/28/2015 | 7.3 | REVIEW DEFENDANTS MOTION FOR SUMMARY JUDGMENT; TELEPHONE CALLS WITH DAVE; PREPARE MOTION FOR SUMMARY JUDGMENT AND SUPPORTING | $1,460.00 | | | $ 1,460.00 | $ 1,460.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
|---|---|---|---|---|---|---|---|---|
| 7/28/2015 | 0.3 | CONFERENCE WITH ATTORNEY A. LITTLE. | $67.50 | | | $ 67.50 | $ 67.50 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 7/29/2015 | 0 | COORDINATE FILING OF MOTION FOR SUMMARY JUDGMENT. | | | | $    - | $    - | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 7/29/2015 | 1.9 | REVIEW, ANALYZE AND EDIT MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT; FINALIZE MOTION FOR SUMMARY JUDGMENT PLEADINGS. | $427.50 | | | $ 427.50 | $ 427.50 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 8/3/2015 | 3.1 | REVIEW TVM AND BWC DISCOVERY PRODUCTION AND MOTION FOR LEAVE TO VACATE TRIAL; DRAFT MOTION TO AMEND COMPLAINT. | $620.00 | | | $ 620.00 | $ 620.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 8/4/2015 | 4 | DRAFT MEMORANDUM REQUESTING LEAVE TO FILE AMENDED COMPLAINT AND MEMORANDUM IN SUPPORT OF SANCTIONS. | $800.00 | | | $ 800.00 | $ 800.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 8/5/2015 | 7 | DRAFT MOTION FOR SANCTIONS; CALL WITH AG'S OFFICE; CALL WITH DAVE; CALL TO B&W WRECKER SERVICES; REVISE MOTION FOR SANCTIONS AND DRAFT AFFIDAVIT IN | $1,400.00 | 200 | | $ 1,200.00 | $ 1,200.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 8/6/2015 | 3 | REVIEW AND REVISE MOTION FOR SANCTIONS AND AFFIDAVIT IN SUPPORT; RESPOND TO MIA'S DISCOVERY REQUESTS. | $600.00 | | | $ 600.00 | $ 600.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 8/6/2015 | 1.4 | DISCOVERY RESEARCH REGARDING NON-PARTY; DRAFT RESPONSE TO OPPOSING COUNSEL REGARDING DISCOVERY DISPUTE | $245.00 | | | $ 245.00 | $ 245.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 8/10/2015 | 2.2 | RESEARCH AND RESPOND TO MIA'S UNREASONABLE DISCOVERY INTERPRETATION; CALL WITH FBI AGENT, DREW MCCANDLESS; CALL WITH LYNETTE DAVIS REGARDING | $440.00 | | | $ 440.00 | $ 440.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 8/11/2015 | 5.1 | DRAFT RESPONSE BRIEF TO BWC'S MOTION TO VACATE TRIAL; DRAFT RESPONSE BRIEF TO BWC'S MOTION FOR SUMMARY JUDGMENT. | $1,020.00 | | | $ 1,020.00 | $ 1,020.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 8/12/2015 | 0.8 | REVIEW AND REVISE RESPONSES TO MOTION TO VACATE AND BWC'S MOTION FOR SUMMARY JUDGMENT. | $160.00 | | | $ 160.00 | $ 160.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 8/13/2015 | 1.7 | CALL WITH LYNETTE; REVIEW NEW YORK COMPLAINT. | $340.00 | | | $ 340.00 | $ 340.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |

| 8/13/2015 | 0.5 | CONFERENCE WITH ATTORNEY A. LITTLE. | $112.50 | | | | $ 112.50 | $ 112.50 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
|---|---|---|---|---|---|---|---|---|---|
| 8/17/2015 | 1.5 | CONFERENCE WITH DREW MCCANDLESS, FBI; EMAIL DOCUMENTS TO FBI. | $300.00 | | | | $ 300.00 | $ 300.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 8/18/2015 | 0.9 | REVIEW EXHIBITS TO FOX'S COMPLAINT IN NEW YORK. | $180.00 | | | | $ 180.00 | $ 180.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 8/19/2015 | 0.6 | CALL WITH DAVE ON STATUS. | $120.00 | | | | $ 120.00 | $ 120.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 8/24/2015 | 0.4 | INSTRUCTIONS TO JULIE ON PREPARING FOR WEDNESDAY HEARING. | $80.00 | | | | $ 80.00 | $ 80.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 8/26/2015 | 4.8 | PREPARE FOR AND ATTEND HEARING ON MOTION FOR SUMMARY JUDGMENT, MOTION TO AMEND COMPLAINT, AND MOTION TO VACATE TRIAL DATE; CALL WITH DAVE; CALLS | $960.00 | | | | $ 960.00 | $ 960.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 8/26/2015 | 1 | RESEARCH REGARDING REFERENCE TO A MOTION FOR SUMMARY JUDGMENT IN A RESPONSIVE BRIEF TO OPPOSING MOTION FOR SUMMARY JUDGMENT AS SUFFICIENT | $175.00 | | | | $ 175.00 | $ 175.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 8/26/2015 | 0.2 | CONFERENCE WITH ATTORNEY A. LITTLE. | $35.00 | | | | $ 35.00 | $ 35.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 8/26/2015 | 0.4 | HEARING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT WITH ATTORNEY A. LITTLE. | $70.00 | | | | $ 70.00 | $ 70.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 8/27/2015 | 0.6 | CALL WITH IT EXPERT ON EXTRACTING DATA FROM PROVIDED DOCUMENTS. | $120.00 | | | | $ 120.00 | $ 120.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 8/27/2015 | 1 | REVIEW AMENDED COMPLAINT FOR COMPLIANCE WITH LONGARM STATUTE; REVISIONS TO AMENDED COMPLAINT; RESEARCH REGARDING PIERCING CORPORATE | $175.00 | | | | $ 175.00 | $ 175.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 8/28/2015 | 2.9 | REVISE AMENDED COMPLAINT AND EMAIL TO OPPOSING COUNSEL; MEET WITH ELECTRONIC DISCOVERY EXPERT, LUKE, ON REVIEWING PROVIDED HARD DRIVE. | $580.00 | | | | $ 580.00 | $ 580.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 8/31/2015 | 2.1 | REVIEW MINIMUM CONTACTS RESEARCH AS APPLICABLE TO MIKE FOX; REVIEW HARD DRIVE PRODUCED BY TVM; MEET WITH LITTLE-MORRIS ON REVIEWING QUICKBOOKS | $420.00 | | | | $ 420.00 | $ 420.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |

| Date | Hours | Description | Amount | | | | Disallowed |
|---|---|---|---|---|---|---|---|
| 9/1/2015 | 0.6 | EMAILS WITH OPPOSING COUNSEL REGARDING AMENDED COMPLAINT. | $120.00 | | | $ 120.00 | $ 120.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 9/1/2015 | 0.3 | CONFERENCE WITH ATTORNEY A. LITTLE. | $67.50 | | | $ 67.50 | $ 67.50 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 9/2/2015 | 0.3 | EMAILS WITH OPPOSING COUNSEL ON COMPLAINT AND DISCOVERY REQUESTS. | $60.00 | | | $ 60.00 | $ 60.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 9/3/2015 | 0.6 | PREPARE ORDER GRANTING AMENDED COMPLAINT AND REVISE COMPLAINT; REQUEST ACCEPTANCE OF SERVICE OF PROCESS FROM OPPOSING COUNSEL. | $120.00 | | | $ 120.00 | $ 120.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 9/4/2015 | 3.5 | MEET WITH JESSICA WILLIAMS, CPA, AND REVIEW FINANCIAL STATEMENTS OF BOHNENKAMP ENTITIES; CALL WITH ATTORNEY FOR ANOTHER BOHNENKAMP | $700.00 | | | $ 700.00 | $ 700.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 9/8/2015 | 2.7 | CALL WITH LYNETTE DAVIS REGARDING JOINT | | | | $ - | $ - | |
| 9/9/2015 | 1.4 | RESEARCH EFFECT IN BANKRUPTCY OF | $280.00 | $280.00 | | $ - | $ - | |
| 9/14/2015 | 0.6 | REVIEW AFFIDAVITS FOR OUT OF STATE SERVICE OF NEW YORK INDIVIDUALS AND ENTITIES. | $120.00 | | | $ 120.00 | $ 120.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 9/15/2015 | 0.7 | REVIEW AND SIGN AFFIDAVIT AND MOTION FOR SERVICE OUTSIDE THE STATE OF IDAHO. | $140.00 | | | $ 140.00 | $ 140.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 9/16/2015 | 0.7 | CALL WITH LYNETTE DAVIS ON JOINT REPRESENTATION. | $140.00 | | | $ 140.00 | $ 140.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 9/17/2015 | 2.7 | DRAFT DISCOVERY REQUEST ON NEW DEFENDANTS. | $540.00 | | | $ 540.00 | $ 540.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 9/18/2015 | 2.4 | DRAFT DISCOVERY REQUESTS ON NEW DEFENDANTS IN NEW YORK. | $480.00 | | | $ 480.00 | $ 480.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 9/21/2015 | 1.7 | CALLS WITH DAVE AND GRANT REGARDING PLAN ON PROCEEDING WITH LITIGATION AND CURRENT STATE OF DISCOVERY AND MOTIONS TO SERVE OUT OF STATE. | $340.00 | | | $ 340.00 | $ 340.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |

| 9/22/2015 | 0.1 | CONFERECE WITH ATTORNEY A. LITTLE REGARDING ALLEGATIONS OF CONCEALING ASSETS | $17.50 | | | $ 17.50 | $ 17.50 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 9/22/2015 | 2.2 | RESEARCH REGARDING CONCEALMENT OF ASSETS BY BOHNENKAMP | $385.00 | | | $ 385.00 | $ 385.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 9/23/2015 | 0.6 | CALL WITH LYNNETTE ON CONSOLIDATING CASES. | $120.00 | | | $ 120.00 | $ 120.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 9/25/2015 | 1.6 | CALL WITH DAVE AND EMAIL REGARDING FORMING A COMMITTEE OF CREDITORS. | $320.00 | | | $ 320.00 | $ 320.00 | Allowed (Filing/Adjudicating Petition) |
| 9/27/2015 | 0.7 | DRAFT JOINT REPRESENTATION ENGAGEMENT | | | | $       - | $       - | |
| 9/28/2015 | 2.8 | PREPARE JOINT REPRESENTATION ESTIMATE | | | | $       - | $       - | |
| 9/29/2015 | 0.9 | REVISE DISCOVERY REQUESTS ON NEW DEFENDANTS. | $180.00 | | | $ 180.00 | $ 180.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 9/30/2015 | 0.2 | REVIEW DISCOVERY PRODUCTION ON NJA AND DHJ. | $40.00 | | | $ 40.00 | $ 40.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 9/30/2015 | 3 | CONFERENCE ON JOINT REPRESENTATION | | | | $       - | $       - | |
| 10/1/2015 | 0.5 | DRAFT ENGAGEMENT LETTER. | $50.00 | $50.00 | | $       - | $       - | |
| 10/1/2015 | 0.1 | CONFERENCE WITH ATTORNEY A. LITTLE. | $11.50 | | | $ 11.50 | $ 11.50 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 10/2/2015 | 1.8 | REVISE ENGAGEMENT LETTER BASED ON | $180.00 | $180.00 | | $       - | $       - | |
| 10/5/2015 | 0.4 | CALL WITH FBI AGENT DREW MCCANDLESS. | $40.00 | | | $ 40.00 | $ 40.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 10/6/2015 | 2.4 | CONFERENCE WITH R. STOVER AND N. MCFEELEY REGARDING KEY BANK'S INTEREST; CALL WITH D. MCKITRICK REGARDING RETURN OF JOINT REPRESENTATION LETTER; CALL | $240.00 | | 200 | $ 40.00 | $ 40.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 10/6/2015 | 0.4 | MOTION TO CONSOLIDATE | $34.00 | | | $ 34.00 | $ 34.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 10/7/2015 | 0.3 | CALL WITH GRANT. | $30.00 | | | $ 30.00 | $ 30.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |

| 10/7/2015 | 4.5 | CALL WITH GRANT AND WITH DAVE; REVIEW AND REVISE DISCOVERY REQUEST UPON CHRIS, BWC, AND TVM; REVIEW FINANCIAL DATE FOR RELEVANT INFORMATION TO | $450.00 | | 100 | | $ 350.00 | $ 350.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 10/7/2015 | 3 | RESEARCH REGARDING MOTION TO CONSOLIDATE; DRAFT MOTION; DRAFT MEMORANDUM IN SUPPORT; DRAFT AFFIDAVIT OF ATTORNEY A. LITTLE IN | $255.00 | | | | $ 255.00 | $ 255.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 10/7/2015 | 4.5 | RESEARCH REGARDING JOINDER OF PLAINTIFF; DRAFT MOTION FOR JOINDER OF A PARTY; DRAFT MEMORANDUM IN SUPPORT; DRAFT AFFIDAVIT OF LELAND SPINDLER IN SUPPORT | $382.50 | | | | $ 382.50 | $ 382.50 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 10/8/2015 | 4.2 | REVIEW AND REVISE MOTION TO CONSOLIDATE AND MOTION TO JOIN PLAINTIFF; REVISE DISCOVERY REQUEST UPON CHRIS, TVM, AND BWC. | $420.00 | | | | $ 420.00 | $ 420.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 10/8/2015 | 2.5 | REVISE MOTIONS TO CONSOLIDATE AND JOINDER; REVISE MEMORANDUMS IN SUPPORT; REVISE AFFIDAVITS IN SUPPORT; CONFERENCE WITH ATTORNEY A. LITTLE | $212.50 | | | | $ 212.50 | $ 212.50 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 10/9/2015 | 2.8 | REVISE MOTION TO CONSOLIDATE; PREPARE AFFIDAVIT AND CONFERENCE WITH LELAND. | $280.00 | | | | $ 280.00 | $ 280.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 10/12/2015 | 0.7 | DRAFT LELAND'S AFFIDAVIT. | $70.00 | | $70.00 | | $    - | $    - | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 10/13/2015 | 2.8 | REVIEW PERSONAL ASSET SEARCH OF CHRIS BOHNENKAMP; REVISE DISCOVERY REQUEST ON CHRIS; REVIEW LUNGREN SCHEDULING ORDER; CALL WITH LYNNETTE ON STATUS. | $280.00 | | | | $ 280.00 | $ 280.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 10/14/2015 | 4.1 | PREPARE THIRD PARTY SUBPOENAS; REVIEW AFFIDAVIT WITH LELAND; ATTEND STATUS CONFERENCE. | $410.00 | | | | $ 410.00 | $ 410.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 10/15/2015 | 0.6 | REVIEW SETTLEMENT PROPOSAL; STATUS UPDATE EMAIL TO CLIENTS. | $60.00 | | | | $ 60.00 | $ 60.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 10/16/2015 | 2.2 | FINAL REVIEW REGARDING MOTION FOR PRELIMINARY INJUNCTION; RESEARCH REGARDING MOTION FOR PRELIMINARY INJUNCTION BEGIN DRAFTING MOTION | $187.00 | | | | $ 187.00 | $ 187.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 10/19/2015 | 0.8 | UPDATE LITIGATION PLAN AND IDENTIFY NECESSARY DOCUMENTS. | $80.00 | | | | $ 80.00 | $ 80.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 10/19/2015 | 1.8 | DRAFT MOTION FOR PRELIMINARY INJUNCTIN; RESEARCH MOTION FOR PRELIMINARY INJUNCTION | $153.00 | | | | $ 153.00 | $ 153.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |

| Date | Hours | Description | Amount | | | | | Disposition |
|---|---|---|---|---|---|---|---|---|
| 10/20/2015 | 2.2 | RESEARCH ABILITY TO FILE FOR INJUNCTION WITHOUT POSTING A BOND; PREPARE STIPULATION TO CONSOLIDATION. | $220.00 | | | | $ 220.00 | $ 220.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 10/20/2015 | 4.4 | RESEARCH REGARDING PRELIMINARY INJUNCTION AND FRAUDULENT TRANSFERS; DRAFT MEMORANDUM IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION; | $374.00 | | | | $ 374.00 | $ 374.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 10/20/2015 | 0.2 | CONFERENCE WITH ATTORNEY A. LITTLE. | $23.00 | | | | $ 23.00 | $ 23.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 10/27/2015 | 2.1 | REVISE SPINDLER COMPLAINT; REVISE THIRD-PARTY SUBPOENAS; CALL WITH WAYNE SCOTT; CALL WITH CPA EXPERT. | $210.00 | | | | $ 210.00 | $ 210.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 10/28/2015 | 0.3 | SCHEDULING WITH CPA EXPERTS. | $30.00 | | | | $ 30.00 | $ 30.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 10/30/2015 | 0.2 | FINAL REVIEW OF SPINDLER COMPLAINT AND EMAIL TO LELAND. | $20.00 | | | | $ 20.00 | $ 20.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 11/2/2015 | 1.8 | REVISE LUNGREN AMENDED COMPLAINT. | $180.00 | | | | $ 180.00 | $ 180.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 11/3/2015 | 1.2 | REVIEW DISCOVERY REQUESTS NECESSARY FOR BOAT VALUATION EXPERT AND COURT FILINGS; REVIEW LUNGREN COMMENTS ON COMPLAINT; EMAILS TO CLIENTS. | $120.00 | | | | $ 120.00 | $ 120.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 11/5/2015 | 2.7 | REVIEW LUNGREN AMENDED COMPLAINT; CALL WITH GRANT AND ANNE; CONFERENCE WITH C. BEADLE REGARDING EXPERT OPINION. | $270.00 | | | | $ 270.00 | $ 270.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 11/6/2015 | 3.9 | FILE SPINDLER COMPLAINT; PREPARE DOCUMENTS FOR C. BEADLE, CPA, REVIEW; PROVIDE DOCUMENTS TO CPA; PREPARE INSTRUCTIONS FOR CPA. | $390.00 | | | | $ 390.00 | $ 390.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 11/6/2015 | 0.4 | CONFERENCE WITH ATTORNEY A. LITTLE. | $46.00 | | | | $ 46.00 | $ 46.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 11/9/2015 | 0.6 | PREPARE MOTION TO CONSOLIDATE SPINDLER COMPLAINT AND AFFIDAVIT. | $60.00 | | | | $ 60.00 | $ 60.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 11/10/2015 | 3 | FINALIZE LETTER TO CPA EXPERT AND PROVIDE DOCUMENTS; REVIEW DEFENDANTS FIRST DISCOVERY REQUEST ON MCKITRICK AND PREPARE RESPONSE. | $300.00 | | | | $ 300.00 | $ 300.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |

| Date | Hrs | Description | Amount | | | | | Disallowed Reason |
|---|---|---|---|---|---|---|---|---|
| 11/10/2015 | 0.1 | CONFERENCE WITH ATTORNEY A. LITTLE. | $11.50 | | | | $ 11.50 | $ 11.50 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 11/11/2015 | 1.8 | PREPARE DAVE'S DISCOVERY RESPONSES. | $180.00 | | | | $ 180.00 | $ 180.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 11/11/2015 | 0.1 | CONFERENCE WITH ATTORNEY A. LITTLE. | $11.50 | | | | $ 11.50 | $ 11.50 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 11/12/2015 | 1.3 | CALL WITH DOUG RIDDLE; PREPARE DISCOVERY RESPONSE; CALL WITH MIA'S OFFICE. | $130.00 | | | | $ 130.00 | $ 130.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 11/13/2015 | 0.2 | CONFERENCE WITH ATTORNEY A. LITTLE. | $23.00 | | | | $ 23.00 | $ 23.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 11/16/2015 | 2 | PREPARE LETTER AND INFORMATION TO DOUG RIDDLE. | $200.00 | | | | $ 200.00 | $ 200.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 11/17/2015 | 2.7 | CONFERENCE WITH M. MURPHY; TELEPHONE CALL TO LELAND; REVIEW CHRIS' ANSWER. | $270.00 | | | | $ 270.00 | $ 270.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 11/18/2015 | 3.8 | REVIEW CHRIS'S REQUEST FOR ADMISSION, REVIEW DOCUMENTS TO BOLSTER, AND PREPARE REQUEST TO SUPPLEMENT (1:40); CALL WITH LELAND; REVIEW MIA'S SUMMARY | $380.00 | | | | $ 380.00 | $ 380.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 11/18/2015 | 0.3 | CONFERENCE WITH ATTORNEYS A. LITTLE AND B. VANDENDRIES; SECOND CONFERENCE WITH ATTORNEY A. LITTLE. | $34.50 | | | | $ 34.50 | $ 34.50 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 11/19/2015 | 4.6 | CALL WITH CPA; CALL WITH FBI AGENT; SUMMARY OF STATUS TO CLIENTS; MESSAGES TO BRYAN BENTZ; PREPARE SPINDLER DISCOVERY REQUEST FOR TVM AND BWC; | $460.00 | | | | $ 460.00 | $ 460.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 11/19/2015 | 0.1 | CONFERENCE WITH ATTORNEY A. LITTLE. | $11.50 | | | | $ 11.50 | $ 11.50 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 11/23/2015 | 0.1 | CALL WITH C. BEADLE. | $10.00 | | | | $ 10.00 | $ 10.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 11/24/2015 | 0.6 | CALL WITH C. BEADLE; REVISE SPINDLER FIRST DISCOVERY REQUEST TO INCLUDE CHRIS. | $60.00 | | | $ 60.00 | $ 60.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 11/25/2015 | 0.5 | REVIEW PLEADING FILED BY MIA; EMAIL TO LELAND; RESEARCH ACCEPTANCE OF SERVICE. | $50.00 | | | $ 50.00 | $ 50.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 11/25/2015 | 3.4 | RESEARCH REGARDING LOCATION OF | $289.00 | $289.00 | | $ - | $ - | |
| 11/30/2015 | 4.5 | MESSAGE TO D. RIDDLE; PREPARE MCKITRICK DISCOVERY PRODUCTION; CONFERENCE CALL WITH CLIENTS. | $450.00 | | | $ 450.00 | $ 450.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 11/30/2015 | 3.1 | RESEARCH REGARDING LOCATION OF DEPOSITIONS | $263.50 | | | $ 263.50 | $ 263.50 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 12/1/2015 | 0.5 | CALL WITH MARINE POWER AND REVIEW INVOICES; CALL WITH DOUG RIDDLE; EMAIL DAVE DISCOVERY DOCUMENTS FOR SIGNATURE. | $50.00 | | | $ 50.00 | $ 50.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 12/2/2015 | 3.5 | PREPARE DOCUMENTS FOR PRODUCTION; REVISE DISCOVERY RESPONSE FOR DAVE; CALL WITH MARINE POWER; CONFERENCE WITH N. MCFEELEY AND R. STOVER. | $350.00 | | | $ 350.00 | $ 350.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 12/3/2015 | 4.1 | PREPARE FOR CALL WITH KEY BANK; RESEARCH NEW CASE ON CASINO LIABILITY FOR FRAUDULENT TRANSFERS; CALL WITH C. BEADLE; CALL WITH CD'A REGARDING THIRD | $410.00 | | | $ 410.00 | $ 410.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 12/3/2015 | 0.3 | CONFERENCE WITH ATTORNEY A. LITTLE. | $34.50 | | | $ 34.50 | $ 34.50 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 12/4/2015 | 1 | CALL WITH KEY BANK. | $100.00 | | | $ 100.00 | $ 100.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 12/7/2015 | 0.9 | DRAFT LUNGREN FIRST DISCOVERY RESPONSE. | $90.00 | | | $ 90.00 | $ 90.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 12/8/2015 | 4.9 | REVISE LUNGREN FIRST DISCOVERY RESPONSE; CALL WITH ATTORNEY FOR MIKE FOX; CALL WITH D. RIDDLE; FOLLOW UP ON THIRD PARTY SUBPOENAS. | $490.00 | | | $ 490.00 | $ 490.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 12/8/2015 | 0.5 | TWO CONFERENCES WITH ATTORNEY A. LITTLE. | $57.50 | | | $ 57.50 | $ 57.50 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 12/9/2015 | 1.1 | REVIEW COMMUNICATION AND ATTACHMENTS FROM MIA MURPHY; RESEARCH AND DRAFT RESPONSE REQUESTING SUPPLEMENTATION OF | $110.00 | | | $ 110.00 | $ 110.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 12/10/2015 | 4.9 | REVIEW MIA MURPHY'S LETTER AND RESPOND WITH DEMAND FOR PRODUCTION; RESEARCH ON LOCATION OF DEPOSITION OF CHRIS BOHNENKAMP; PREPARATION FOR MOTION | $490.00 | | | $ 490.00 | $ 490.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 12/11/2015 | 2.5 | CONFERENCE CALL WITH GRANT, ANNE, AND DAVE; CALL WITH LELAND; SEND LETTER REQUESTING SUPPLEMENTATION TO MIA MURPHY; CALL WITH MIKE SPINK REGARDING HIS POTENTIAL REPRESENTATION OF MIKE FOX. | $250.00 | | | $ 250.00 | $ 250.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 12/14/2015 | 2.6 | REVIEW DISCOVERY PRODUCED BY DHJ AND NJA AND IDENTIFY RECORDS FOR USE BY EXPERTS. | $260.00 | | | $ 260.00 | $ 260.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 12/15/2015 | 2.9 | REVIEW LUNGREN DOCUMENT PRODUCTION; CALLS WITH CPA AND BOAT EXPERTS; CALL WITH COUNSEL FOR MIKE FOX. | $290.00 | | | $ 290.00 | $ 290.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 12/15/2015 | 0.1 | CONFERENCE WITH ATTORNEY A. LITTLE. | $11.50 | | | $ 11.50 | $ 11.50 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 12/16/2015 | 3.6 | REVISE LUNGREN DISCOVERY PRODUCTION; DRAFT PROPOSAL FOR PLAINTIFFS TO REVIEW FOR SUBMITTING TO KEYBANK. | $360.00 | 200 | | $ 160.00 | $ 160.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 12/16/2015 | 0.1 | CONFERENCE WITH ATTORNEY A. LITTLE. | $11.50 | | | $ 11.50 | $ 11.50 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 12/17/2015 | 2.2 | CONFERENCE WITH LUNGRENS ON DISCOVERY PRODUCTION AND REVISE DISCOVERY PRODUCTION; DRAFT PROPOSAL FOR CONSIDERATION WITH KEYBANK. | $220.00 | 120 | | $ 100.00 | $ 100.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 12/18/2015 | 2.5 | DRAFT LONG RESPONSE TO FOX'S ATTORNEY; REVIEW DISCOVERY FROM CHRIS BOHNENKAMP; CONFERENCE WITH CPA EXPERT. | $250.00 | | | $ 250.00 | $ 250.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 12/20/2015 | 3.5 | DRAFT LETTER TO KEY BANK ON TERMS OF JOINT ENGAGEMENT; EMAIL STATUS UPDATE ON EXPERTS; REVIEW OF BOHNENKAMP PRODUCTION INCLUDING FINANCIAL | $350.00 | 200 | | $ 150.00 | $ 150.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 12/21/2015 | 2.5 | SUMMARY OF DISCOVERY RECEIVED TO CPA EXPERTS; PREPARE FEE SCHEDULE SPREADSHEET FOR REVIEW BY CLIENTS AND ILLUSTRATION OF KEYBANK PARTICIPATION. | $250.00 | 100 | | $ 150.00 | $ 150.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 12/22/2015 | 1 | RESPOND TO CLIENT EMAILS ON POTENTIAL | $100.00 | 100 | | $ - | $ - | |
| 12/23/2015 | 2 | CONFERENCE CALL WITH LUNGRENS, | $200.00 | 200 | | $ - | $ - | |
| 12/24/2015 | 1.1 | REVISE ENGAGEMENT PROPOSAL FOR | $110.00 | 110 | | $ - | $ - | |

| Date | Hrs | Description | Amount | | | | |
|---|---|---|---|---|---|---|---|
| 12/28/2015 | 1.5 | FOLLOW UP WITH EXPERTS: RIDDLE, BENTZ, AND BEADLE, ON STATUS OF REPORTS AND ADDITIONAL INFORMATION NECESSARY TO SUBMIT TO THE DEFENDANTS. | $150.00 | | | $ 150.00 | $ 150.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 12/30/2015 | 1.4 | REVIEW WASHINGTON TRUST BANK PRODUCTION AND PREPARE REVIEW PROCEDURES FOR JULIE FOLEY TO IDENTIFY SIGNIFICANT DOCUMENTS. | $140.00 | | | $ 140.00 | $ 140.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 12/31/2015 | 0.1 | CONFERENCE WITH ATTORNEY A. LITTLE. | $11.50 | | | $ 11.50 | $ 11.50 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 1/4/2016 | 0.8 | DRAFT TEMPLATE FOR EXPERT REPORTS FOR RIDDLE AND BENTZ (.8). | $160.00 | | 80 | $ 80.00 | $ 80.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 1/4/2016 | 0.2 | FOLLOW UP ON BEADLE REPORT (.2). | $40.00 | | | $ 40.00 | $ 40.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 1/4/2016 | 1.4 | OUTLINE MOTIONS FOR SUMMARY JUDGMENT (1.4). | $280.00 | | | $ 280.00 | $ 280.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 1/4/2016 | 1.1 | MEET WITH CPA EXPERT (1.0). | $220.00 | | | $ 220.00 | $ 220.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 1/4/2016 | 0.4 | REVIEW FILE REGARDING FRAUDULENT TRANSFER CLAIMS (.4). | $68.00 | | | $ 68.00 | $ 68.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 1/4/2016 | 2 | BEGIN DRAFTING MOTION FOR SUMMARY JUDGMENT REGARDING BREACH OF CONTRACT AND FRAUDULENT TRANSFERS PER DEVILS HOLE JETBOAT AND CHRISTOPHER BOHNENKAMP (2.0). | $340.00 | | 100 | $ 240.00 | $ 240.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 1/5/2016 | 0.7 | REVIEW DOUG RIDDLE OPINION AND SEND COMMENTS (.7). | $140.00 | | | $ 140.00 | $ 140.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 1/5/2016 | 3.5 | REVIEW DOCUMENTS FROM WASHINGTON | $175.00 | $175.00 | | $ - | $ - | |

| Date | Hours | Description | Amount | | | | | Notes |
|------|-------|-------------|--------|---|---|---|---|-------|
| 1/6/2016 | 1.2 | REVISE LUNGREN AMENDED COMPLAINT (1.2). | $240.00 | | | $ 240.00 | $ 240.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 1/6/2016 | 0.8 | CONFERENCE CALL WITH KEYBANK, R. STOVER, | $160.00 | $160.00 | | $          - | $          - | |
| 1/6/2016 | 0.5 | SUPERVISE WASHINGTON TRUST BANK RECORD REVIEW (.5). | $100.00 | | | $ 100.00 | $ 100.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 1/6/2016 | 0.2 | CALL WITH C. BEADLE (.2). | $40.00 | | | $ 40.00 | $ 40.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 1/6/2016 | 0.3 | EMAILS AND REVIEW OF BENTZ OPINION (.3). | $60.00 | | | $ 60.00 | $ 60.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 1/7/2016 | 0.5 | PREPARE INITIAL DRAFT OF EXPERT WITNESS DISCLOSURE (.5). | $100.00 | | | $ 100.00 | $ 100.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 1/7/2016 | 0.8 | INPUT INCOMING AND OUTGOING WIRE | $40.00 | $40.00 | | $          - | $          - | |
| 1/8/2016 | 1.7 | PREPARE INFORMATION FOR CPA EXPERT (1.7). | $340.00 | | | $ 340.00 | $ 340.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 1/8/2016 | 1.1 | CONFERENCE WITH CPA EXPERT ON REPORT (1.1). | $220.00 | | | $ 220.00 | $ 220.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 1/8/2016 | 3.3 | PREPARE EXPERT DISCLOSURE (3.3). | $660.00 | | | $ 660.00 | $ 660.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 1/8/2016 | 0.2 | CONFERENCE WITH N. MCFEELEY REGARDING | $40.00 | $40.00 | | $          - | $          - | |
| 1/9/2016 | 0.8 | TELEPHONE CALL WITH DAVE MCKITRICK (.8). | $160.00 | | | $ 160.00 | $ 160.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 1/11/2016 | 0.2 | REVIEW CPA PROVIDED REPORT (.2). | $40.00 | | | $ 40.00 | $ 40.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |

| 1/11/2016 | 0.9 | FINALIZE EXPERT DISCLOSURE (.9). | $180.00 | | | $ 180.00 | $ 180.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 1/12/2016 | 3.5 | DRAFT MOTION FOR SUMMARY JUDGMENT ON FRADULENT TRANSFERS (3.5). | $700.00 | | | $ 700.00 | $ 700.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 1/13/2016 | 3.3 | DRAFT MOTION FOR SUMMARY JUDGMENT ON FRAUDULENT TRANSFERS (3.3). | $660.00 | | | $ 660.00 | $ 660.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 1/13/2016 | 0.8 | TELEPHONE CALL WITH KEYBANK ON JOINING | $160.00 | $160.00 | | $        - | $        - | |
| 1/13/2016 | 0.7 | REVIEW EXPERT REPORTS (.7). | $119.00 | | | $ 119.00 | $ 119.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 1/13/2016 | 1.3 | BEGIN DRAFT MOTION FOR SUMMARY JUDGMENT REGARDING FRAUDULENT TRANSFERS (1.3). | $221.00 | | | $ 221.00 | $ 221.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 1/13/2016 | 1.5 | RESEARCH REGARDING FRAUDULENT TRANSFERS (1.5). | $255.00 | | | $ 255.00 | $ 255.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 1/14/2016 | 1.1 | CALL WITH LUNGRENS REGARDING KEYBANK | $220.00 | $220.00 | | $        - | $        - | |
| 1/14/2016 | 0.8 | TELEPHONE CALL WITH DAVE AND LELAND | $160.00 | $160.00 | | $        - | $        - | |
| 1/14/2016 | 2.5 | DRAFT MOTION FOR SUMMARY JUDGMENT REGARDING FRAUDULENT TRANSFERS (2.5). | $425.00 | | | $ 425.00 | $ 425.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 1/14/2016 | 1.5 | REVIEW EXPERT REPORTS AND CASE RECORD (1.5). | $255.00 | | | $ 255.00 | $ 255.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 1/14/2016 | 0.9 | INPUT APPROPRIATE RECORD CITATIONS TO THE MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT (.9). | $153.00 | | | $ 153.00 | $ 153.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 1/15/2016 | 1.6 | SUBMIT EXPERT WITNESS AFFIDAVITS TO EXPERTS FOR SIGNATURE (1.6). | $320.00 | | | $ 320.00 | $ 320.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |

| Date | Hours | Description | Amount | | | | Disallowed |
|------|-------|-------------|--------|--|--|--|------------|
| 1/15/2016 | 0.3 | REVIEW GRANTING OF SUMMARY JUDGMENT AGAINST BOHNENKAMP IN BARNES CASE (.3). | $60.00 | | | $ 60.00 | $ 60.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 1/15/2016 | 0.4 | TELEPHONE CALL WITH C. BEADLE AND REVISE AFFIDAVIT (.4). | $80.00 | | | $ 80.00 | $ 80.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 1/15/2016 | 4 | DRAFT PLAINTIFF McKITRICK'S MOTION FOR | $680.00 | $680.00 | | $    - | $    - | |
| 1/15/2016 | 2.3 | DRAFT LUNGREN MOTION FOR SUMMARY | $391.00 | $391.00 | | $    - | $    - | |
| 1/16/2016 | 0.7 | REVISE C. BEADLE AFFIDAVIT (.7). | $140.00 | | | $ 140.00 | $ 140.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 1/16/2016 | 2.8 | CONTINUE DRAFTING LUNGRENS' | $476.00 | $476.00 | | $    - | $    - | |
| 1/16/2016 | 1.5 | DRAFT SPINDLER MEMORANDUM IN SUPPORT | $255.00 | $255.00 | | $    - | $    - | |
| 1/16/2016 | 0.8 | REVIEW RECORD SEGMENTS (.8). | $136.00 | | | $ 136.00 | $ 136.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 1/16/2016 | 1.1 | DRAFT DECLARATION OF GRANT LUNGREN IN | $187.00 | $187.00 | | $    - | $    - | |
| 1/17/2016 | 0.7 | REVIEW LUNGREN CERTIFICATION AND | $140.00 | $140.00 | | $    - | $    - | |
| 1/17/2016 | 1.5 | DRAFT CERTIFICATION OF MARILYN SHROEDER IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT (1.5). | $255.00 | | | $ 255.00 | $ 255.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 1/17/2016 | 1 | REVISE CERTIFICATION OF GRANT LUNGREN IN | $170.00 | $170.00 | | $    - | $    - | |
| 1/17/2016 | 1.7 | REVIEW ACCOUNTING RECORDS AND REPORTS FOR DEFENDANTS (1.7). | $289.00 | | | $ 289.00 | $ 289.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 1/17/2016 | 1.4 | DRAFT AFFIDAVIT OF A. LITTLE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT (1.4). | $238.00 | | | $ 238.00 | $ 238.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 1/17/2016 | 0.5 | CONTINUE DRAFTING MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT REGARDING FRAUDULENT TRANSFERS (.5). | $85.00 | | | $ 85.00 | $ 85.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 1/18/2016 | 0.4 | REVIEW AND REVISE LUNGREN MOTION FOR SUMMARY JUDGMENT (.4). | $80.00 | | | $ 80.00 | $ 80.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |

| Date | Hrs | Description | Amount | | | Amount | Amount | Reason |
|---|---|---|---|---|---|---|---|---|
| 1/18/2016 | 1.3 | FINALIZE MOTION TO AMEND LUNGREN COMPLAINT (1.3). | $260.00 | | | $ 260.00 | $ 260.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 1/18/2016 | 0.3 | TELEPHONE CALLS WITH C. BEADLE AND REVIEW AND REVISE HIS AFFIDAVIT FOR SUMMARY JUDGMENT (.3). | $60.00 | | | $ 60.00 | $ 60.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 1/18/2016 | 0.1 | REVIEW AND SUBMIT LUNGREN COMPLAINT (.1). | $20.00 | | | $ 20.00 | $ 20.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 1/18/2016 | 0.7 | FINALIZE CERTIFICATION OF GRANT LUNGREN | $119.00 | $119.00 | | $    - | $    - | |
| 1/18/2016 | 1.9 | CONTINUE DRAFTING MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT REGARDING FRAUDULENT TRANSFERS (1.9). | $323.00 | | | $ 323.00 | $ 323.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 1/18/2016 | 0.7 | FINALIZE MEMORANDUM IN SUPPORT OF | $119.00 | $119.00 | | $    - | $    - | |
| 1/18/2016 | 2.3 | FINALIZE MEMORANDUM IN SUPPORT OF | $391.00 | $391.00 | | $    - | $    - | |
| 1/18/2016 | 1.5 | START REVIEW OF CDS PROVIDED BY | $75.00 | $75.00 | | $    - | $    - | |
| 1/19/2016 | 0.9 | REVIEW SPINDLER BREACH OF CONTRACT | $180.00 | $180.00 | | $    - | $    - | |
| 1/19/2016 | 0.1 | TELEPHONE CALL WITH GRANT AND ANNE | $20.00 | $20.00 | | $    - | $    - | |
| 1/19/2016 | 0.9 | REVIEW, FILE, AND SIGN MULTIPLE MOTIONS FOR SUMMARY JUDGMENT (.9). | $180.00 | | | $ 180.00 | $ 180.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 1/19/2016 | 2.3 | REVISE MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT REGARDING FRAUDULENT TRANSFERS (2.3). | $391.00 | | | $ 391.00 | $ 391.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 1/19/2016 | 0.7 | DRAFT AFFIDAVIT OF A. LITTLE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENTS (.7). | $119.00 | | | $ 119.00 | $ 119.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 1/19/2016 | 3.7 | FINALIZE MOTION FOR SUMMARY JUDGMENT DOCUMENTS FOR FILING (3.7). | $629.00 | | | $ 629.00 | $ 629.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 1/20/2016 | 2.3 | DRAFT JOINT REPRESENTATION AGREEMENT | $460.00 | $460.00 | | $    - | $    - | |
| 1/21/2016 | 1 | DRAFT JOINT REPRESENTATION AGREEMENT | $200.00 | $200.00 | | $    - | $    - | |
| 1/21/2016 | 1 | REVIEW MOTION FOR DISCOVERY PRODUCTION (1.0). | $200.00 | | | $ 200.00 | $ 200.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 1/22/2016 | 1.8 | DRAFT JOINT REPRESENTATION AGREEMENT | $360.00 | $360.00 | | $    - | $    - | |

| Date | Hours | Description | Amount | | | | | Disallowance |
|---|---|---|---|---|---|---|---|---|
| 1/22/2016 | 0.4 | REVIEW MOTION TO DISMISS FROM DEFENDANT FOX (.4). | $68.00 | | | | $ 68.00 | $ 68.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 1/23/2016 | 1.7 | FINALIZE FIRST DRAFT OF JOINT | $340.00 | $340.00 | | $  - | $  - | |
| 1/25/2016 | 1.8 | REVIEW MIKE FOX DISCOVERY PRODUCTION AND IDENTIFY DOCUMENTS FOR USE IN OPPOSITION TO MOTION TO DISMISS (1.8). | $360.00 | | | | $ 360.00 | $ 360.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 1/26/2016 | 0.9 | FOLLOW UP WITH CLIENTS ON KEYBANK | $180.00 | $180.00 | | $  - | $  - | |
| 1/27/2016 | 0.5 | REVISE JOINT REPRESENTATION AGREEMENT | $100.00 | $100.00 | | $  - | $  - | |
| 1/27/2016 | 0.7 | OUTLINE ARGUMENT IN OPPOSITION TO MOTION TO DISMISS (.7). | $140.00 | | | | $ 140.00 | $ 140.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 1/28/2016 | 0.3 | CALL WITH MIA MURPHY ON TRIAL DATES, DEPOSITIONS, AND DISCOVERY (.3). | $60.00 | | | | $ 60.00 | $ 60.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 1/28/2016 | 0.2 | TELEPHONE CALL WITH DAVE (.2). | $40.00 | | | | $ 40.00 | $ 40.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 1/28/2016 | 0.6 | UPDATING EMAIL TO CLIENTS (.6). | $120.00 | | | | $ 120.00 | $ 120.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 1/28/2016 | 0.3 | EMAIL TO KEYBANK (.3). | $60.00 | | | | $ 60.00 | $ 60.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 1/29/2016 | 2.7 | DRAFT STIPULATED JUDGMENTS (2.7). | $540.00 | $540.00 | | $  - | $  - | |
| 1/29/2016 | 1.7 | TELEPHONE CALLS WITH DAVE, GRANT AND | $340.00 | $340.00 | | $  - | $  - | |
| 1/29/2016 | 0.2 | TELEPHONE CALL WITH TARA MILLER REGARDING DISCOVERY AND TIMING (.2). | $40.00 | | | | $ 40.00 | $ 40.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 1/29/2016 | 1.5 | RESEARCH REGARDING MOTION TO DISMISS (1.5). | $255.00 | | | | $ 255.00 | $ 255.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 1/29/2016 | 3.4 | BEGIN DRAFTING RESPONSE TO DEFENDANT FOX'S MOTION TO DISMISS (3.4). | $578.00 | | | | $ 578.00 | $ 578.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |

| Date | Hours | Description | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 1/29/2016 | 0.2 | CONFERENCE WITH ATTORNEY A. LITTLE (.2). | $46.00 | | | $ 46.00 | $ 46.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 1/30/2016 | 2.8 | CONTINUE DRAFTING RESPONSE TO FOX'S MOTION TO DISMISS (2.8). | $476.00 | | | $ 476.00 | $ 476.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 2/1/2016 | 0.2 | REVIEW BOHNENKAMPS FIFTH SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST DISCOVERY REQUEST (.2). | $40.00 | | | $ 40.00 | $ 40.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 2/1/2016 | 0.2 | RESPOND TO EMAIL OF FOX'S ATTORNEY (.2). | $40.00 | | | $ 40.00 | $ 40.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 2/2/2016 | 4.9 | OUTLINE DEPOSITION QUESTIONS AND CITATIONS TO RECORD FOR CHRIS BOHNENKAMP (4.9). | $980.00 | | | $ 980.00 | $ 980.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 2/2/2016 | 0.9 | TELEPHONE CALLS WITH LUNGRENS | $180.00 | $180.00 | | $      - | $      - | |
| 2/2/2016 | 0.8 | EMAILS TO CLIENTS REGARDING DEPOSITIONS | $160.00 | $160.00 | | $      - | $      - | |
| 2/3/2016 | 1.1 | DEPOSITION PREPARATION EMAIL TO | $220.00 | $220.00 | | $      - | $      - | |
| 2/3/2016 | 0.4 | DEPOSITION PREPARATION EMAIL TO | $80.00 | $80.00 | | $      - | $      - | |
| 2/3/2016 | 1.1 | CALL WITH PLAINTIFF TARA ESQUIVEL (1.1). | $220.00 | | | $ 220.00 | $ 220.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 2/3/2016 | 2.6 | RESEARCH VOIDABLE TRANSFER STATUTE FOR SUMMARY JUDGMENT AND FOX'S MOTION TO DISMISS (2.6). | $520.00 | | | $ 520.00 | $ 520.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 2/3/2016 | 0.4 | CALL WITH LELAND ON DEPOSITION | $80.00 | $80.00 | | $      - | $      - | |
| 2/3/2016 | 0.6 | CALL WITH LUNGRENS (.6). | $120.00 | $120.00 | | $      - | $      - | |
| 2/3/2016 | 1.8 | REVIEW MOTION TO WITHDRAW BY FOX COUNSEL AND INITIAL DISCOVERY PRODUCTION (1.8). | $360.00 | | | $ 360.00 | $ 360.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 2/4/2016 | 1.6 | PROVIDE DEPOSITION NOTICES AND CONTENT | $320.00 | $320.00 | | $      - | $      - | |
| 2/4/2016 | 1.9 | DISCUSS CUSTOMER COMMITTEE AGREEMENT | $380.00 | $380.00 | | $      - | $      - | |
| 2/4/2016 | 3.5 | CONTINUE REVIEW OF WASHINGTON TRUST | $175.00 | $175.00 | | $      - | $      - | |
| 2/5/2016 | 0.7 | CORRESPONDENCE WITH OPPOSING COUNSEL REGARDING UPCOMING HEARINGS (.7). | $140.00 | | | $ 140.00 | $ 140.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 2/8/2016 | 1.1 | DRAFT PLAINTIFFS' THIRD MOTION TO | $220.00 | $220.00 | | $      - | $      - | |
| 2/8/2016 | 2 | DEPOSITION PREPARATION WITH LUNGRENS | $400.00 | $400.00 | | $      - | $      - | |

| Date | Hours | Description | Amount | | | | Amount | Amount | Notes |
|---|---|---|---|---|---|---|---|---|---|
| 2/8/2016 | 4 | PREPARE KEYBANK COMPLAINT AGAINST BOHNENKAMP AND RELATED ENTITIES (4.0). | $900.00 | | | | $ 900.00 | $ 900.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 2/9/2016 | 0.2 | REVISE THIRD MOTION TO CONSOLIDATE (.2). | $40.00 | | | | $ 40.00 | $ 40.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 2/9/2016 | 4.3 | PREPARE FOR AND DEFEND SPINDLER | $860.00 | $860.00 | | | $    - | $    - | |
| 2/9/2016 | 4.4 | DEFEND THE LUNGRENS' DEPOSITIONS (4.4). | $880.00 | $880.00 | | | $    - | $    - | |
| 2/9/2016 | 4.5 | DRAFT KEYBANK COMPLAINT AGAINST BOHNENKAMP AND RELATED ENTITIES (4.5). | $1,012.50 | | | | $ 1,012.50 | $ 1,012.50 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 2/9/2016 | 0.1 | CONFERENCE WITH ATTORNEY A. LITTLE (.1). | $23.00 | | | | $ 23.00 | $ 23.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 2/10/2016 | 2.6 | REVIEW DRAFTED COMPLAINT (2.6). | $520.00 | | | | $ 520.00 | $ 520.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 2/10/2016 | 0.5 | REVISE MOTION TO CONSOLIDATE KEYBANK COMPLAINT (.5). | $100.00 | | | | $ 100.00 | $ 100.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 2/10/2016 | 1.2 | FINALIZE KEYBANK COMPLAINT AGAINST BOHNENKAMP AND RELATED ENTITIES (1.2). | $270.00 | | | | $ 270.00 | $ 270.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 2/11/2016 | 3 | REVIEW FOX PRODUCTION AND IDENTIFY MATERIAL ITEMS FOR BOHNENKAMP DEPOSITION (3.0). | $600.00 | | | | $ 600.00 | $ 600.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 2/12/2016 | 1.1 | PREPARE FOR MCKITRICK DEPOSITION (1.1). | $220.00 | $220.00 | | | $    - | $    - | |
| 2/12/2016 | 1.2 | REVIEW RESPONSE TO DEFENDANTS' OBJECTIONS TO SECOND MOTION TO CONSOLIDATE AND MOTION TO AMEND LUNGREN COMPLAINT (1.2). | $240.00 | | | | $ 240.00 | $ 240.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 2/12/2016 | 0.4 | REVISE AND FILE RESPONSE TO FOX MOTION TO DISMISS (.4). | $80.00 | | | | $ 80.00 | $ 80.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |

| 2/12/2016 | 0.5 | STATUS UPDATE TO COMMITTEE (.5). | $100.00 | | | $ 100.00 | $ 100.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 2/12/2016 | 2.4 | ATTEND MCKITRICK DEPOSITION (2.4). | $480.00 | $480.00 | | $       - | $       - | |
| 2/12/2016 | 1.6 | DRAFT RESPONSE TO OBJECTION TO SECOND MOTION TO CONSOLIDATE (1.6). | $272.00 | | | $ 272.00 | $ 272.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 2/12/2016 | 1.7 | DRAFT RESPONSE TO OBJECTION TO LUNGREN'S MOTION TO AMEND COMPLAINT (1.7). | $289.00 | | | $ 289.00 | $ 289.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 2/12/2016 | 1.3 | FINALIZE RESPONSE TO FOX'S MOTION TO DISMISS (1.3). | $221.00 | | | $ 221.00 | $ 221.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 2/12/2016 | 0.4 | CONFERENCE WITH ATTORNEY A. LITTLE (.4). | $68.00 | | | $ 68.00 | $ 68.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 2/12/2016 | 1.5 | REVIEW 2014 TVM BANK STATEMENTS, DEBIT | $75.00 | $75.00 | | $       - | $       - | |
| 2/12/2016 | 0.5 | CONFERENCE WITH A. LITTLE REGARDING LITIGATION STRATEGY AND POTENTIAL ISSUES (.5). | $112.50 | | | $ 112.50 | $ 112.50 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 2/16/2016 | 0.3 | PREPARE AND SERVE CHRIS BOHNENKAMP DEPOSITION NOTICE (.3). | $60.00 | | | $ 60.00 | $ 60.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 2/16/2016 | 6.9 | ATTEND JOE STEARNS DEPOSITION (6.9). | $1,380.00 | | | $ 1,380.00 | $ 1,380.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 2/17/2016 | 1.6 | PREPARE FOR HEARING ON LUNGREN MOTION TO AMEND COMPLAINT, SPINDLER MOTION TO CONSOLIDATE, FOX MOTION TO WITHDRAW, AND BOHNENKAMP MOTION TO VACATE TRIAL (1.6). | $320.00 | | | $ 320.00 | $ 320.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 2/17/2016 | 1.3 | ATTEND HEARING ON LUNGREN MOTION TO AMEND COMPLAINT, SPINDLER MOTION TO CONSOLIDATE, FOX MOTION TO WITHDRAW, AND BOHNENKAMP MOTION TO VACATE TRIAL (1.3). | $260.00 | | | $ 260.00 | $ 260.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |

| 2/18/2016 | 0.3 | QUICK REVIEW OF EXPERT REPORT (.3). | $60.00 | | | $ 60.00 | $ 60.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 2/18/2016 | 0.9 | UPDATE TO CLIENTS (.9). | $180.00 | | | $ 180.00 | $ 180.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 2/19/2016 | 0.3 | ANSWER QUESTIONS OF CLIENTS (.3). | $60.00 | | | $ 60.00 | $ 60.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 2/19/2016 | 3.9 | DRAFT FIRST KEYBANK DISCOVERY REQUEST ON TVM, BWC, AND DHJ (3.9). | $780.00 | | | $ 780.00 | $ 780.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 2/19/2016 | 0.4 | CALL WITH IDAHO ATTORNEY GENERAL (.4). | $80.00 | | | $ 80.00 | $ 80.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 2/19/2016 | 0.5 | REVIEW DEFENDANTS EXPERT REPORTS (.5). | $100.00 | | | $ 100.00 | $ 100.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 2/22/2016 | 0.4 | EMAIL TO CLIENTS REGARDING DISCUSSION WITH ATTORNEY GENERAL'S OFFICE (.4). | $80.00 | | | $ 80.00 | $ 80.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 2/22/2016 | 0.7 | CONFERENCE WITH ATTORNEY A. LITTLE REGARDING BANKRUPTCY DISCHARGE ON FRAUD CLAIMS (.7). | $119.00 | | | $ 119.00 | $ 119.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 2/22/2016 | 3 | RESEARCH REGARDING BANKRUPTCY DISCHARGE ON FRAUD CLAIMS (3.0). | $510.00 | | | $ 510.00 | $ 510.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 2/22/2016 | 0.9 | DRAFT MEMORANDUM TO FILE BANKRUPTCY DISCHARGE ON FRAUD CLAIMS (.9). | $153.00 | | | $ 153.00 | $ 153.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |

| Date | | Description | Amount | | $ | $ | Disallowed |
|------|------|-------------|--------|--|---|---|------------|
| 2/24/2016 | 0.2 | EMAIL TO COMMITTEE ON AG'S OFFICE AND MOTION FOR SUMMARY JUDGMENT (.2). | $40.00 | | $ 40.00 | $ 40.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 2/25/2016 | 2.5 | REVIEW DEFENDANTS' RESPONSE TO MOTIONS FOR SUMMARY JUDGMENT (2.5). | $500.00 | | $ 500.00 | $ 500.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 2/26/2016 | 8.3 | DRAFT REPLY BRIEF IN SUPPORT OF FRAUDULENT TRANSFER CLAIM (8.3). | $1,660.00 | | $ 1,660.00 | $ 1,660.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 2/26/2016 | 1.7 | BEGIN DRAFTING REPLY IN SUPPORT OF MCKITRICK'S PARTIAL MOTION FOR SUMMARY JUDGMENT REGARDING BREACH OF CONTRACT (1.7). | $289.00 | | $ 289.00 | $ 289.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 2/27/2016 | 1.4 | RESEARCH REGARDING DUTY TO MITIGATE DAMAGES (1.4). | $238.00 | | $ 238.00 | $ 238.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 2/27/2016 | 1.7 | BEGIN DRAFTING REPLY IN SUPPORT OF | $289.00 | $289.00 | $        - | $        - | |
| 2/27/2016 | 0.9 | CONTINUE DRAFTING REPLY IN SUPPORT OF | $153.00 | $153.00 | $        - | $        - | |
| 2/27/2016 | 1.3 | RESEARCH REGARDING CONTRACT DAMAGES | $221.00 | $221.00 | $        - | $        - | |
| 2/28/2016 | 1.2 | FINALIZE DRAFT OF REPLY IN SUPPORT OF | $204.00 | $204.00 | $        - | $        - | |
| 2/28/2016 | 2.1 | FINALIZE FIRST DRAFT OF REPLY IN SUPPORT | $357.00 | $357.00 | $        - | $        - | |
| 2/29/2016 | 6.1 | DRAFT RESPONSE ON FRAUDULENT TRANSFER SUMMARY JUDGMENT (6.1). | $1,220.00 | | $ 1,220.00 | $ 1,220.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 2/29/2016 | 3 | CALL WITH LUNGRENS AND REVIEW AND | $600.00 | $600.00 | $        - | $        - | |
| 2/29/2016 | 1.4 | REVISIONS TO LUNGRENS REPLY BRIEF IN | $238.00 | $238.00 | $        - | $        - | |
| 3/1/2016 | 4.2 | DRAFT RESPONSE BRIEF ON FRAUDULENT TRANSFER CLAIMS (4.2). | $840.00 | | $ 840.00 | $ 840.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 3/1/2016 | 1.6 | REVISE MCKITRICK RESPONSE BRIEF ON | $320.00 | $320.00 | $        - | $        - | |
| 3/1/2016 | 0.5 | REVISE LUNGREN DECLARATION ON MOTION | $100.00 | $100.00 | $        - | $        - | |
| 3/1/2016 | 2.1 | REVISE REPLY MEMORANDUM IN SUPPORT OF | $357.00 | $357.00 | $        - | $        - | |
| 3/1/2016 | 0.5 | BEGIN DRAFT REPLY CERTIFICATION OF GRANT | $85.00 | $85.00 | $        - | $        - | |
| 3/1/2016 | 1.7 | BEGIN DRAFT MOTION TO STRIKE (1.7). | $289.00 | | $ 289.00 | $ 289.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 3/2/2016 | 2.8 | REVISE LUNGREN SUPPLEMENTAL | $560.00 | $560.00 | $        - | $        - | |
| 3/2/2016 | 4.1 | REVISE AND FILE BRIEF ON FRAUDULENT TRANSFER CLAIMS (4.1). | $820.00 | | $ 820.00 | $ 820.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 3/2/2016 | 1.9 | REVISE MCKITRICK REPLY BRIEF (1.9). | $380.00 | $380.00 | $        - | $        - | |

| Date | | Description | | | | | | Notes |
|---|---|---|---|---|---|---|---|---|
| 3/2/2016 | 1.6 | REVISIONS TO REPLY IN SUPPORT OF | $272.00 | $272.00 | | $     - | $     - | |
| 3/2/2016 | 1.2 | DRAFT MOTION TO STRIKE (1.2). | $204.00 | | | $ 204.00 | $ 204.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 3/2/2016 | 1.7 | REVIEW AND REVISE REPLY MEMORANDUMS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON FRAUDULENT TRANSFER CLAIMS (1.7). | $382.50 | | | $ 382.50 | $ 382.50 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 3/3/2016 | 0.2 | REVIEW MOTION FOR PROTECTIVE ORDER (.2). | $40.00 | | | $ 40.00 | $ 40.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 3/7/2016 | 1.3 | DRAFT RESPONSE AND AFFIDAVIT OPPOSING DEFENDANT'S MOTION FOR PROTECTIVE ORDER (1.3). | $260.00 | | | $ 260.00 | $ 260.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 3/7/2016 | 1.1 | PREPARE MOTION FOR SUMMARY JUDGMENT ORAL ARGUMENT (1.1). | $220.00 | | | $ 220.00 | $ 220.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 3/8/2016 | 0.3 | CALL WITH NEW COUNSEL FOR MIKE FOX (.3). | $60.00 | | | $ 60.00 | $ 60.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 3/8/2016 | 2.6 | REVISE RESPONSE AND AFFIDAVIT OPPOSING DEFENDANTS' MOTION FOR PROTECTIVE ORDER (2.6). | $520.00 | | | $ 520.00 | $ 520.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 3/8/2016 | 0.4 | CONFERENCE WITH A. LITTLE REGARDING STATUS STRATEGY FOR CONSOLIDATION AND DEPOSITIONS (.4). | $90.00 | | | $ 90.00 | $ 90.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 3/9/2016 | 0.7 | FINALIZE AFFIDAVIT AND MOTION OPPOSING PROTECTIVE ORDER (.7). | $140.00 | | | $ 140.00 | $ 140.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 3/9/2016 | 2.8 | PREPARE FOR HEARING ON MOTIONS FOR SUMMARY JUDGMENT (2.8). | $560.00 | | | $ 560.00 | $ 560.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 3/9/2016 | 1.8 | ATTEND HEARING ON MOTIONS FOR SUMMARY JUDGMENT (1.8). | $360.00 | | | $ 360.00 | $ 360.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 3/10/2016 | 1.4 | RESEARCH ORDER TRANSFERRING OWNERSHIP IN DHJ FROM BOHNENKAMP TO FOX (1.4). | $280.00 | | | $ 280.00 | $ 280.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 3/10/2016 | 0.2 | CONFERENCE WITH ATTORNEY A. LITTLE (.2). | $46.00 | | | $ 46.00 | $ 46.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 3/11/2016 | 0.3 | CALL WITH OPPOSING COUNSEL REGARDING CHANGE IN OWNERSHIP OF DHJ (.3). | $60.00 | | | $ 60.00 | $ 60.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 3/11/2016 | 2.8 | REVIEW NEW YORK CASE FILINGS REGARDING FRAUDULENT TRANSFER INFORMATION (2.8). | $476.00 | | | $ 476.00 | $ 476.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 3/13/2016 | 0.2 | CONFERENCE WITH ATTORNEY A. LITTLE (.2). | $46.00 | | | $ 46.00 | $ 46.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 3/14/2016 | 0.4 | ATTEND DEPOSITION PLACING CHRIS'S FAILURE TO ATTEND DEPOSITION ON THE RECORD (.4). | $80.00 | | | $ 80.00 | $ 80.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 3/14/2016 | 1.7 | CONTINUE REVIEW OF DOCUMENTS FILED IN NEW YORK CASE (1.7). | $289.00 | | | $ 289.00 | $ 289.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 3/15/2016 | 6 | FINALIZE REVIEW OF DOCUMENTS FILED IN NY CASE (6.0). | $1,020.00 | | | $ 1,020.00 | $ 1,020.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 3/16/2016 | 1.6 | ATTEND JOINT HEARING ON MOTION FOR PROTECTIVE ORDER AND SCHEDULING CONFERENCE (1.6). | $320.00 | | | $ 320.00 | $ 320.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |

| Date | Hours | Description | Amount | | | | | Notes |
|---|---|---|---|---|---|---|---|---|
| 3/16/2016 | 0.3 | CONFERENCE WITH OPPOSING COUNSEL (.3). | $60.00 | | | $ 60.00 | $ 60.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 3/16/2016 | 1.5 | DRAFT MEMORANDUM REGARDING PLEADINGS IN NY CASE (1.5). | $255.00 | | | $ 255.00 | $ 255.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 3/17/2016 | 2.5 | REVIEW FOX'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT (2.5). | $500.00 | | | $ 500.00 | $ 500.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 3/18/2016 | 1.2 | INITIAL OUTLINE OF REPLY TO FOX OPPOSITION TO SUMMARY JUDGMENT (1.2). | $240.00 | | | $ 240.00 | $ 240.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 3/21/2016 | 1.8 | DRAFT REPLY TO FOX'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT (1.8). | $360.00 | | | $ 360.00 | $ 360.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 3/21/2016 | 1.2 | RESEARCH AND ANALYSIS REGARDING SELF-SERVING AFFIDAVITS (1.2). | $204.00 | | | $ 204.00 | $ 204.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 3/22/2016 | 6.8 | DRAFT REPLY TO FOX'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT (6.8). | $1,360.00 | | | $ 1,360.00 | $ 1,360.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 3/23/2016 | 4.3 | FINALIZE REPLY BRIEF TO FOX'S OPPOSITION TO SUMMARY JUDGMENT (4.3). | $860.00 | | | $ 860.00 | $ 860.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 3/23/2016 | 0.2 | REVIEW A. LITTLE'S REPLY BRIEF EXHIBIT (.2). | $45.00 | | | $ 45.00 | $ 45.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 3/24/2016 | 0.8 | REVIEW OF DAVID MCKITRICK DEPOSITION | $160.00 | $160.00 | | $ - | $ - | |
| 3/25/2016 | 0.4 | REVIEW DEPOSITION TRANSCRIPT OF ANNE | $80.00 | $80.00 | | $ - | $ - | |
| 3/25/2016 | 1.4 | REVIEW DEPOSITION TRANSCRIPT OF GRANT | $280.00 | $280.00 | | $ - | $ - | |
| 3/25/2016 | 1.2 | REVIEW DEPOSITION TRANSCRIPT OF LELAND | $240.00 | $240.00 | | $ - | $ - | |
| 4/1/2016 | 0.2 | CONFERENCE WITH ATTORNEY A. LITTLE (.2). | $46.00 | | | $ 46.00 | $ 46.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |

| 4/5/2016 | 0.1 | CONFERENCE WITH ATTORNEY A. LITTLE (.1). | $23.00 | | | $ 23.00 | $ 23.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 4/20/2016 | 0.4 | PREPARE STATUS UPDATE TO COMMITTEE (.4). | $80.00 | | | $ 80.00 | $ 80.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 4/22/2016 | 0.3 | REVIEW AND ANALYZE ANSWER TO COMPLAINT FROM ALL DEFENDANTS EXCEPT FOX (.3). | $67.50 | | | $ 67.50 | $ 67.50 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 5/2/2016 | 0.6 | CONFERENCE WITH A. LITTLE REGARDING STRATEGY FOR STIPULATED JUDGMENT ON CONTRACT CLAIMS, CONSOLIDATION, AND DISCOVERY. | $135.00 | | | $ 135.00 | $ 135.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 5/12/2016 | 3.6 | STATUS UPDATE TO COMMITTEE. | $720.00 | | | $ 720.00 | $ 720.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 5/12/2016 | 0.4 | REVIEW CORRESPONDENCE FROM A. LITTLE TO COMMITTEE. | $90.00 | | | $ 90.00 | $ 90.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 5/12/2016 | 0.6 | CONFERENCE WITH A. LITTLE REGARDING LITIGATION AND DISCOVERY STRATEGY. | $135.00 | | | $ 135.00 | $ 135.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 5/17/2016 | 0.2 | INITIAL REVIEW OF FOX DISCOVERY REQUESTS ON MCKITRICK, LUNGRENS, AND SPINDLER. | $40.00 | | | $ 40.00 | $ 40.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 5/18/2016 | 7 | DRAFT DEPOSITION OUTLINE OF CHRIS | $1,400.00 | | | $ 1,400.00 | $ 1,400.00 | Allowed (Criminal Prosecution) |
| 5/19/2016 | 0.5 | COMMITTEE MEETING (0.50). | $100.00 | | | $ 100.00 | $ 100.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 5/19/2016 | 1.1 | PREPARE FOR CHRIS'S DEPOSITION (1.10). | $220.00 | | | $ 220.00 | $ 220.00 | Allowed (Criminal Prosecution) |
| 5/19/2016 | 0.2 | CONFERENCE WITH ADAM. | $46.00 | | | $ 46.00 | $ 46.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 5/20/2016 | 2.8 | PREPARE FOR BOHNENKAMP DEPOSITION. | $560.00 | | | $ 560.00 | $ 560.00 | Allowed (Criminal Prosecution) |
| 5/22/2016 | 7.8 | PREPARE FOR BOHNENKAMP DEPOSITION. | $1,560.00 | | | $ 1,560.00 | $ 1,560.00 | Allowed (Criminal Prosecution) |
| 5/23/2016 | 8.1 | DEPOSITION OF CHRIS BOHNENKAMP. | $1,620.00 | | | $ 1,620.00 | $ 1,620.00 | Allowed (Criminal Prosecution) |
| 5/24/2016 | 7.5 | CHRIS BOHNENKAMP DEPOSITION. | $1,500.00 | | | $ 1,500.00 | $ 1,500.00 | Allowed (Criminal Prosecution) |

| Date | Hrs | Description | Amount | | | | Claimed | Notes |
|------|-----|-------------|--------|--|--|--|---------|-------|
| 5/25/2016 | 0.4 | REVIEW PRICE V. FOX LITIGATION IN NEW YORK. | $80.00 | | | | $ 80.00 | $ 80.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 5/26/2016 | 0.3 | REVIEW ORDER ON SUMMARY JUDGMENT (0.30). | $60.00 | | | | $ 60.00 | $ 60.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 5/26/2016 | 0.4 | PREPARE DISCOVERY RESPONSE TO FOX'S FIRST SET OF DISCOVERY ON MCKITRICK (0.40). | $80.00 | | | | $ 80.00 | $ 80.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 5/27/2016 | 0.6 | REVIEW DECISION REGARDING SUMMARY JUDGMENT (.6). | $102.00 | | | | $ 102.00 | $ 102.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 5/27/2016 | 0.5 | REVIEW DISCOVERY REQUESTS FROM FOX (.5). | $85.00 | | | | $ 85.00 | $ 85.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 5/27/2016 | 3.9 | BEGIN DRAFTING MCKITRICK DISCOVERY RESPONSES (3.9). | $663.00 | | | | $ 663.00 | $ 663.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 5/29/2016 | 1.2 | RESEARCH INVOLUNTARY BANKRUPTCY. | $240.00 | | | $240.00 | | | Allowed (Filing Petition) |
| 5/31/2016 | 2.2 | STATUS UPDATE WITH CLIENTS. | $440.00 | | | | $ 440.00 | $ 440.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 5/31/2016 | 1.1 | FINISH DRAFT OF MCKITRICK'S RESPONSES TO FOX'S DISCOVERY REQUESTS (1.1). | $187.00 | | | | $ 187.00 | $ 187.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 5/31/2016 | 2.2 | DRAFT SPINDLER'S RESPONSES TO FOX'S DISCOVERY REQUESTS (2.2). | $374.00 | | | | $ 374.00 | $ 374.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 6/1/2016 | 2.7 | FINISH FIRST DRAFT OF SPINDLER'S RESPONSES TO FOX'S DISCOVERY REQUESTS (1.3); BEGIN LUNGREN'S RESPONSES TO FOX'S DISCOVERY REQUESTS (1.4). | $459.00 | | | | $ 459.00 | $ 459.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |

| Date | Hours | Description | Amount | | | | | Disposition |
|---|---|---|---|---|---|---|---|---|
| 6/1/2016 | 0.4 | REVIEW AND ANALYZE COURT'S SUMMARY JUDGMENT DECISION REGARDING VOIDABLE TRANSFERS (.4). | $90.00 | | | $ 90.00 | $ 90.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 6/1/2016 | 0.2 | CONFERENCE WITH A. LITTLE REGARDING STRATEGY FOR KEYBANK CASE IN LIGHT OF COURT'S DECISION REGARDING VOIDABLE TRANSFERS (.2). | $45.00 | | | $ 45.00 | $ 45.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 6/10/2016 | 2.2 | REVISE DISCOVERY RESPONSE TO DEFENDANT MIKE FOX. | $440.00 | | | $ 440.00 | $ 440.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 6/10/2016 | 6.1 | FINALIZE MCKITRICK'S RESPONSES TO FOX'S DISCOVERY REQUESTS (3.1); FINALIZE LUNGREN'S RESPONSES TO FOX'S DISCOVERY REQUESTS (1.5); FINALIZE SPINDLER'S RESPONSES TO FOX'S DISCOVERY REQUESTS (1.5). | $1,037.00 | | | $ 1,037.00 | $1,037.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 6/11/2016 | 1.7 | FINALIZE RESPONSES TO FOX'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS. | $340.00 | | | $ 340.00 | $ 340.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 6/14/2016 | 4.1 | REVIEW LUNGREN QUESTIONS REGARDING DISCOVERY RESPONSES TO FOX AND ANSWER CLIENT QUESTIONS(3.5); REVIEW FILINGS AND DRAFT PARTIAL JUDGMENT REGARDING MCKITRICK (.6). | $697.00 | 120 | | $ 577.00 | $ 577.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 6/15/2016 | 1.7 | CALL WITH COMMITTEE REGARDING PURSUING INVOLUNTARY BANKRUPTCY (1.20); PREPARE LUNGREN DISCOVERY TO FOX (0.50). | $340.00 | | | $340.00 | | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4) |
| 6/16/2016 | 1.1 | REVIEW AND REVISE POTENTIAL WITNESS LIST REGARDING DEFENDANT FOX'S DISCOVERY REQUESTS. | $187.00 | | | $ 187.00 | $ 187.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 6/17/2016 | 0.2 | FINAL REVIEW AND SIGNING OF DISCOVERY RESPONSES. | $34.00 | | | $ 34.00 | $ 34.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 6/20/2016 | 0.9 | CALL WITH FBI AGENT DREW MCCANDLESS. | $180.00 | | | $180.00 | $180.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 6/24/2016 | 1.7 | CONFERENCE WITH JED MANWARING ON GENERAL BANKRUPTCY PROCEDURE. | $340.00 | | | $340.00 | | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); General bankruptcy procedure is not necessarily related to filing an involuntary petition) |
| 6/25/2016 | 0.8 | EMAIL TO COMMITTEE ON INVOLUNTARY | $160.00 | | | $160.00 | | Allowed (Filing Petition) |
| 7/13/2016 | 0.7 | PREPARE INVOLUNTARY PETITION. | $140.00 | | | $140.00 | | Allowed (Filing Petition) |
| 7/13/2016 | 1 | REVIEW INVOLUNTARY BANKRUPTCY | $225.00 | | | $225.00 | | Allowed (Filing Petition) |

| Date | Hrs | Description | Amount | | | | | Notes |
|------|-----|-------------|--------|--|--|--|--|-------|
| 7/14/2016 | 1.7 | RESEARCH INVOLUNTARY PROCESS (0.90); | $340.00 | | | $340.00 | | Allowed (Filing Petition) |
| 7/19/2016 | 1.6 | FINALIZE AND FILE INVOLUNTARY PETITION. | $320.00 | | | $320.00 | | Allowed (Filing Petition) |
| 7/20/2016 | 1.8 | CALL REGARDING KEYBANK SCHEDULING ORDER WITH OPPOSING COUNSEL (0.30); SERVE INVOLUNTARY BANKRUPTCY PETITION (0.80); CALL WITH COUNSEL FOR ANOTHER CUSTOMER IN LITIGATION WITH | $360.00 | $200.00 | | 160 | | .80 hours allowed (Filing Petition) (.30 hours disallowed because it is unrelated to filing the petition, .70 hours disallowed because it is unrelated to filing the petition) |
| 7/21/2016 | 1.1 | BANKRUPTCY RESEARCH AND EMAIL TO OPPOSING COUNSEL (0.40); STATUS CONFERENCE IN KEYBANK LAWSUIT (0.70). | $220.00 | | | $80.00 | | .40 hours allowed (.70 hours disallowed because it is unrelated to filing the petition) |
| 7/25/2016 | 0.9 | CALL WITH DOUG MUSHLITZ (ATTORNEY FOR BARRY BARNS) REGARDING INVOLUNTARY ASSISTANCE. | $180.00 | | | $180.00 | | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 8/1/2016 | 0.7 | EMAILS AND CALL WITH FBI AGENT DREW MCCANDLESS. | $140.00 | | | | $140.00 | $140.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 8/1/2016 | 0.6 | CALL AND EMAIL TO MARK ELLINGSEN, | $120.00 | $120.00 | | | | |
| 8/1/2016 | 0.5 | RECEIPT AND REVIEW SCHEDULING ORDER AND FOX'S MOTION TO DISQUALIFY JUDGE WILPER; CONFERENCE WITH A. LITTLE REGARDING BANKRUPTCY STRATEGY. | $112.50 | | | | $112.50 | $112.50 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 8/8/2016 | 0.4 | REVIEW TVM'S REPLY TO MOTION TO DISMISS INVOLUNTARY PETITION. | $80.00 | | | $80.00 | | Allowed (Filing/Adjudicating Petition) |
| 8/8/2016 | 1 | REVIEW AND ANALYZE TVM'S MOTION TO DISMISS BANKRUPTCY (1.0). | $225.00 | | | $225.00 | | Allowed (Filing/Adjudicating Petition) |
| 8/12/2016 | 1.6 | RESEARCH MOTION IN RESPONSE TO DISMISS INVOLUNTARY PETITION. | $320.00 | | | $320.00 | | Allowed (Filing/Adjudicating Petition) |
| 8/15/2016 | 5.1 | DRAFT RESPONSE TO DEBTOR'S MOTION TO DISMISS INVOLUNTARY | $1,020.00 | | | $1,020.00 | | Allowed (Filing/Adjudicating Petition) |
| 8/16/2016 | 3.3 | DRAFT RESPONSE TO DEBTOR'S MOTION TO DISMISS INVOLUNTARY | $660.00 | | | $660.00 | | Allowed (Filing/Adjudicating Petition) |
| 8/17/2016 | 5.8 | DRAFT PETITIONING CREDITOR'S RESPONSE TO MOTION TO DISMISS | $1,160.00 | | | $1,160.00 | | Allowed (Filing/Adjudicating Petition) |
| 8/18/2016 | 2.8 | FINALIZE RESPONSE TO DEBTOR'S MOTION TO DISMISS INVOLUNTARY | $560.00 | | | $560.00 | | Allowed (Filing/Adjudicating Petition) |
| 8/22/2016 | 1 | REVIEW AND RESEARCH TVM REPLY IN ITS MOTION TO DISMISS | $200.00 | | | $200.00 | | Allowed (Filing/Adjudicating Petition) |
| 8/22/2016 | 0.5 | REVIEW AND ANALYZE TVM'S REPLY BRIEF IN OPPOSITION TO | $112.50 | | | $112.50 | | Allowed (Filing/Adjudicating Petition) |
| 8/23/2016 | 0.6 | RECEIPT AND REVIEW OBJECTION TO MOTION TO DISMISS FILED BY D. MUSHLITZ (.6). | $135.00 | | | $135.00 | | Allowed (Filing/Adjudicating Petition) |
| 8/24/2016 | 7.3 | RESEARCH BANKRUPTCY LAW AND PROCEDURE (1.40); PREPARE FOR HEARING TO DISMISS INVOLUNTARY PETITION (4.30); ATTEND HEARING (1.60). | $1,460.00 | | | $1,180.00 | | 5.9 allowed (1.4 hours disallowed for researching bankruptcy law and procedure, Creditors failed to meet their burden proving the services are related to filing the involuntary petition) |
| 8/24/2016 | 0.3 | PREPARE FOR HEARING ON TVM'S MOTION TO DISMISS BANKRUPTCY | $67.50 | | | $67.50 | | Allowed (Filing/Adjudicating Petition) |
| 8/24/2016 | 1 | ATTEND HEARING ON TVM'S MOTION TO DISMISS BANKRUPTCY PETITION | $225.00 | | | $225.00 | | Allowed (Filing/Adjudicating Petition) |
| 8/24/2016 | 1 | RESEARCH BANKRUPTCY CODE AND CASELAW | $225.00 | $225.00 | | | | |
| 8/24/2016 | 0.6 | RESEARCH SECONDARY AUTHORITY REGARDING PROOF OF ELEMENTS REQUIRED | $135.00 | | | $135.00 | | Allowed (Filing/Adjudicating Petition) |
| 8/25/2016 | 0.5 | RESEARCH ELEMENT AND PROOF ISSUES FOR INVOLUNTARY PETITION TRIAL. | $112.50 | | | $112.50 | | Disallowed (Unnecessary or Unrelated/Bankruptcy petition was filed 7/19/2016, hearing on dismissal held 8/24/2016, and attorney is researching elements and proof issues on 8/25/2016) |
| 8/26/2016 | 3.2 | RESEARCH CASELAW REGARDING SCOPE OF BANKRUPTCY AUTOMATIC STAY AND ELEMENTS OF PRIMA FACIE CASE FOR INVOLUNTARY PETITION. | $720.00 | | | $720.00 | | Disallowed (Unnecessary or Unrelated/Lumping/Bankruptcy petition was filed 7/19/2016 and attorney is researching prima facie case for involuntary petition on 8/26/2016) |
| 8/30/2016 | 0.8 | RESEARCH EFFECT OF AUTOMATIC STAY UPON | $160.00 | $160.00 | | | | |

| Date | Hours | Description | Amount | | | | | Notes |
|---|---|---|---|---|---|---|---|---|
| 9/2/2016 | 0.4 | CALL WITH COUNSEL FOR MIKE FOX. | $80.00 | | | $80.00 | $80.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 9/9/2016 | 0.2 | UPDATE TO COMMITTEE REGARDING BANKRUPTCY STATUS. | $40.00 | | $40.00 | | | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden proving the services are related to filing the involuntary petition) |
| 9/13/2016 | 0.4 | | $80.00 | $80.00 | | | | |
| 9/14/2016 | 0.2 | REVIEW NOTICE OF MEETING OF CREDITORS. | $45.00 | $45.00 | | | | |
| 9/15/2016 | 5 | CONFERENCE WITH BANKRUPTCY TRUSTEE REGARDING FRAUDULENT | $1,000.00 | | | | $1,000.00 | Allowed (Substantial Contribution) (Trustee conceded this amount) |
| 9/19/2016 | 0.3 | CALL WITH COUNSEL FOR MIKE FOX. | $60.00 | $60.00 | | | | |
| 9/19/2016 | 0.2 | UPDATE ON BANKRUPTCY TO CLIENTS. | $40.00 | $40.00 | | | | |
| 9/19/2016 | 0.2 | REVIEW AND EXECUTE MOTION TO VACATE | $40.00 | $40.00 | | | | |
| 9/21/2016 | 0.2 | REVIEW AND EXECUTE MOTIONS TO VACATE | $40.00 | $40.00 | | | | |
| 9/26/2016 | 0.3 | REVIEW STIPULATION FOR CONTINUANCE. | $60.00 | $60.00 | | | | |
| 9/26/2016 | 0.4 | CALL WITH DOUG MUSHLITZ (COUNSEL FOR | $80.00 | $80.00 | | | | |
| 9/28/2016 | 0.1 | FOLLOW-UP WITH BANKRUPTCY TRUSTEE. | $20.00 | | | | $20.00 | Allowed (Substantial Contribution) (Trustee conceded this amount) |
| 10/11/2016 | 0.8 | CALL WITH BANKRUPTCY TRUSTEE ON PLAN AND PROGRESS. | $160.00 | | | | $160.00 | Allowed (Substantial Contribution) (Trustee conceded this amount) |
| 10/12/2016 | 0.4 | REVIEW MOTION FOR RELEIF FROM | $90.00 | $90.00 | | | | |
| 10/17/2016 | 1.5 | RESEARCH AND ANALYSIS OF | $337.50 | $337.50 | | | | |
| 10/24/2016 | 0.5 | ATTEND BOHNENKAMP ARRAIGNMENT. | $100.00 | | | $100.00 | $100.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 10/25/2016 | 3.4 | REVIEW TVM BANKRUPTCY FILINGS (0.40); | $680.00 | $680.00 | | | | |
| 10/27/2016 | 0.5 | ANALYZE POSSIBLE PRE-JUDGMENT REMEDIES | $112.50 | $112.50 | | | | |
| 10/29/2016 | 0.4 | PROVIDE DOCUMENTS TO TRUSTEE. | $80.00 | | | | $80.00 | Allowed (Substantial Contribution) (Trustee conceded this amount) |
| 10/31/2016 | 1.3 | RESEARCH AND ANALYZE POSSIBLE | $292.50 | $292.50 | | | | |
| 11/1/2016 | 1.3 | CALL WITH BANKRUPTCY TRUSTEE ON INFORMATION AVAILABLE IN CASE AND BEAU VALUE BOAT. | $260.00 | | | | $260.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided substantially contributed to case) |
| 11/15/2016 | 0.8 | CALL WITH BANKRUPTCY TRUSTEE AND MESSAGE TO JED MANWARING. | $160.00 | | | | $160.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided substantially contributed to case) |
| 11/17/2016 | 0.5 | CALL WITH AND SEND INFORMATION TO JED MANWARING (POTENTIAL | $100.00 | | | | $100.00 | Allowed (Substantial Contribution) (Trustee conceded this amount) |
| 11/28/2016 | 0.2 | ANALYZE TVM'S AMENDED SCHEDULES AND | $45.00 | $45.00 | | | | |
| 11/30/2016 | 2.1 | CALL WITH BANKRUPTCY TRUSTEE (0.40); ATTEND CREDITOR EXAM OF DEBTOR (1.70). | $420.00 | | | | $420.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided substantially contributed to case) |
| 12/2/2016 | 0.2 | FILE NON-OPPOSITION TO WITHDRAWAL OF | $40.00 | $40.00 | | | | |
| 12/6/2016 | 1.1 | STATUS CONFERENCE WITH COMMITTEE | $220.00 | $220.00 | | | | |
| 12/7/2016 | 1.1 | CALL WITH BANKRUPTCY TRUSTEE ON INFORMATION AVAILABLE REGARDING FOX PERSONAL BOAT. | $220.00 | | | | $220.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided substantially contributed to case) |
| 12/13/2016 | 0.5 | COPY AND PRODUCE BOHNENKAMP DVD OF | $100.00 | | | $100.00 | $100.00 | Allowed (Criminal Prosecution) |
| 12/15/2016 | 0.4 | STATUS UPDATE TO HOWARD. | | | | | | |
| 12/15/2016 | 0.8 | PREPARE PRODUCTION FOR FBI AGENT, DREW | $160.00 | | | $160.00 | $160.00 | Allowed (Criminal Prosecution) |
| 12/28/2016 | 1.1 | CALL AND PROVIDE DOCUMENTS TO JULIE | $220.00 | $220.00 | | | | |
| 2/1/2017 | 0.3 | REVIEW AND ANALYZE 1387513 ALBERTA | $67.50 | $67.50 | | | | |

| Date | Hrs | Description | Amount | | | | Disposition |
|---|---|---|---|---|---|---|---|
| 2/16/2017 | 1.9 | CONFERENCE WITH JED MANWARING (ATTORNEY FOR TRUSTEE) (1.20); PULL | $380.00 | | | $380.00 | Allowed (Substantial Contribution) (Trustee conceded this amount) |
| 2/21/2017 | 2 | PREPARE DOCUMENTS FOR PRODUCTION TO JED MANWARING. | $400.00 | | | $400.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided substantially contributed to case) |
| 3/28/2017 | 1.4 | PULL AND PRODUCE ITEMS AT REQUEST OF | $280.00 | | $280.00 | $280.00 | Allowed (Criminal Prosecution) |
| 4/4/2017 | 0.4 | PROVIDE DOCUMENTS TO FBI AGENT, DREW | $80.00 | | $80.00 | $80.00 | Allowed (Criminal Prosecution) |
| 4/6/2017 | 1.1 | CALL WITH DAVE AND INVESTIGATING FBI | $220.00 | | $220.00 | $220.00 | Allowed (Criminal Prosecution) |
| 4/12/2017 | 1.8 | CALL WITH PROSECUTING ATTORNEY AND | $360.00 | | $360.00 | $360.00 | Allowed (Criminal Prosecution) |
| 4/14/2017 | 2.1 | PREPARE PROOF OF CLAIMS. | $420.00 | $420.00 | | | |
| 4/26/2017 | 2.2 | ATTEND BOHNENKAMP CHANGE OF PLEA HEARING AND SUMMARY TO CLIENTS. | $440.00 | | | $440.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case ) |
| 4/27/2017 | 0.9 | CALL WITH COUNSEL FOR BANKRUPTCY TRUSTEE. | $180.00 | | | $180.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided substantially contributed to case) |
| 5/4/2017 | 1.3 | PREPARE PROOF OF CLAIMS. | $260.00 | $260.00 | | | |
| 5/10/2017 | 1.6 | PREPARE PROOF OF CLAIMS. | $320.00 | $320.00 | | | |
| 5/11/2017 | 1.9 | PREPARE PROOF OF CLAIMS. | $380.00 | $380.00 | | | |
| 5/12/2017 | 1.6 | FINALIZE PROOF OF CLAIMS. | $320.00 | $320.00 | | | |
| 5/12/2017 | 1 | PREPARE PROOF OF CLAIM; TELEPHONE CALL | $225.00 | $225.00 | | | |
| 5/22/2017 | 0.2 | CALL WITH GRANT AND ANNE LUNGREN ON | $40.00 | $40.00 | | | |
| 5/23/2017 | 1.2 | FOLLOW UP WITH CLIENTS ON PROOF OF CLAIM FILINGS FOR BANKRUPTCY PROCEEDING (0.90); CALL WITH DREW MCCANDLESS, FBI (0.30). | $240.00 | | | $240.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case ) |
| 5/26/2017 | 0.4 | FILE PROOF OF CLAIMS AND FORWARD TO INVESTIGATING FBI AGENT. | $80.00 | | | $80.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case ) |
| 6/8/2017 | 0.6 | REVIEW PROOFS OF CLAIM FILED BY K. TUTTLE | $135.00 | $135.00 | | | |
| 6/12/2017 | 0.5 | REVIEW AND COMMENT ON DRAFT COMPLAINT IN TVM BANKRUPCTY (.5). | $112.50 | | | $112.50 | Allowed (Substantial Contribution) (Trustee conceded this amount) |
| 6/13/2017 | 0.4 | REVIEW TRUSTEE'S COMPLAINT AGAINST BOHNENKAMP AFFILIATES. | $80.00 | | | $80.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided substantially contributed to case) |
| 6/14/2017 | 0.4 | CALL WITH ATTORNEY FOR TRUSTEE REGARDING COMPLAINT FOR ADVERSARY PROCEEDING AGAINST NJA AND FOX. | $80.00 | | | $80.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided substantially contributed to case) |
| 7/25/2017 | 0.3 | CORRESPONDENCE AND CALL TO U.S. | $67.50 | | $67.50 | $67.50 | Allowed (Criminal Prosecution) |
| 8/3/2017 | 0.8 | REVIEW PROSECUTOR'S ORDER FOR | $160.00 | | $160.00 | $160.00 | Allowed (Criminal Prosecution) |
| 8/8/2017 | 4.1 | ATTEND CHRIS BOHNENKAMP SENTENCING HEARING (3.20); PREPARE SUMMARY OF SENTENCING AND COLLECTIONS OPTIONS TO CLIENTS (0.90). | $820.00 | | $820.00 | $820.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 8/16/2017 | 0.5 | CALL WITH D. MCKITRICK ON FBI RESTITUTION PROPOSAL AND OVERSIGHT OF THE RECEIVER PROCESS. | $100.00 | | $100.00 | $100.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 9/11/2017 | 0.2 | REVIEW ORDER DISMISSING CASE FOR | $40.00 | $40.00 | | | |
| 9/11/2017 | 1.1 | REGARDING: KEYBANK V. BOHNENKAMP | $247.50 | $247.50 | | | |

| Date | Hours | Description | Amount | | Amount | Amount | Status |
|---|---|---|---|---|---|---|---|
| 10/24/2017 | 1.6 | REVIEW BOHNENKAMP CRIMINAL DOCKET; EMAIL DOCUMENTS TO PROSECUTORS FOR RESTITUTION HEARING. | $320.00 | | $320.00 | $320.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 10/25/2017 | 4.9 | ATTEND CHRIS BOHNENKAMP RESTITUTION HEARING (3.90); SUMMARY OF PROCEEDINGS TO CLIENTS (1.00). | $980.00 | | $980.00 | $980.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 11/2/2017 | 1.3 | REVIEW AND SUMMARIZE COURT'S ORDER ON CRIMINAL FORFEITURE. | $260.00 | | $260.00 | $260.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 11/6/2017 | 0.9 | REVIEW AND SEND SUMMARY OF RESTITUTION ORDER TO CLIENTS. | $180.00 | | $180.00 | $180.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 11/9/2017 | 1.4 | CONFERENCE WITH FEDERAL PROSECUTOR | $280.00 | | $280.00 | $280.00 | Allowed (Criminal Prosecution) |
| 11/10/2017 | 1.6 | EMAIL TO COMMITTEE ON UPDATED STATUS | $320.00 | | $320.00 | $ 320.00 | Allowed (Criminal Prosecution) |
| 11/13/2017 | 1.5 | CONFERENCE WITH N. MCFEELEY AND R. | $300.00 | | $300.00 | $ 300.00 | Allowed (Criminal Prosecution) |
| 11/14/2017 | 1.5 | CALL WITH LELAND (.20); CALL WITH | $300.00 | | $300.00 | $ 300.00 | Allowed (Criminal Prosecution) |
| 11/16/2017 | 0.2 | UPDATE OF CRIMINAL/BANKRUPTCY | $40.00 | $40.00 | | | |
| 12/4/2017 | 0.2 | CALL WITH LELAND ON STATUS (.10); CALL TO | $40.00 | $40.00 | | | |
| 12/14/2017 | 0.2 | INITIAL REVIEW OF TERMS OF SETTLEMENT | $40.00 | $40.00 | | | |
| 12/20/2017 | 0.4 | STATUS UPDATE TO COMMITTEE ON | $80.00 | $80.00 | | | |
| 1/9/2018 | 0.3 | FOLLOW UP ON GRANT'S EMAIL WITH | $60.00 | $60.00 | | | |
| 2/14/2018 | 1.5 | ATTEND TVM BANKRUPTCY STATUS | $337.50 | $337.50 | | | |
| 2/15/2018 | 1.5 | REVIEW NJA AND DHJ FINANCIALS (0.30); CALL | $300.00 | $300.00 | | | |
| 2/15/2018 | 1 | CONFERENCE CALL WITH BANKRUPTCY | $225.00 | $225.00 | | | |
| 3/19/2018 | 0.4 | FOLLOW UP WITH TRUSTEE ATTORNEY ON | $80.00 | $80.00 | | | |
| 4/27/2018 | 0.6 | REVIEW OF PROPOSED SETTLEMENT | $120.00 | $120.00 | | | |
| 5/9/2018 | 1.1 | CALL WITH TRUSTEE ATTORNEY (0.40); CALL | $220.00 | $220.00 | | | |
| 5/11/2018 | 0.3 | MESSAGES TO CLIENTS HOWARD AND LELAND | $60.00 | $60.00 | | | |
| 5/16/2018 | 0.1 | MESSAGE TO HOWARD COBURN. | $20.00 | $20.00 | | | |
| 5/17/2018 | 0.7 | CALL WITH HOWARD (0.30); MESSAGE TO | $140.00 | $140.00 | | | |
| 5/18/2018 | 0.6 | CALL WITH BANKRUPTCY TRUSTEE ATTORNEY | $120.00 | $120.00 | | | |
| 6/21/2018 | 0.1 | MESSAGE TO J. MANWARING CHECKING ON | $20.00 | $20.00 | | | |
| 6/25/2018 | 1 | CALL WITH RAY PATRICCO (US ATTORNEY) | $200.00 | $200.00 | | | |
| 6/26/2018 | 1.1 | PREPARE SUMMARY UPDATE AND OUTLINE OF | $220.00 | $220.00 | | | |
| 6/27/2018 | 0.2 | CALL WITH ATTORNEY FOR TRUSTEE. | $40.00 | $40.00 | | | |
| 6/28/2018 | 1 | CALL WITH COMMITTEE ON SETTLEMENT | $200.00 | $200.00 | | | |
| 7/5/2018 | 0.2 | REVIEW PROPOSED SETTLEMENT AGREEMENT | $40.00 | $40.00 | | | |
| 7/9/2018 | 0.3 | CALL WITH TRUSTEE'S ATTORNEY ON OUR | $60.00 | $60.00 | | | |
| 7/24/2018 | 0.2 | REVIEW BANKRUPTCY DOCKET (0.10); UPDATE | $40.00 | $40.00 | | | |
| 8/14/2018 | 0.1 | FOLLOW UP WITH TRUSTEE'S ATTORNEY. | | $0.00 | | | |
| 10/1/2018 | 0.2 | EMAIL UPDATE TO CLIENTS. | $40.00 | $40.00 | | | |
| 10/10/2018 | 0.3 | REVIEW REDLINED SETTLEMENT AGREEMENT. | $60.00 | $60.00 | | | |
| 10/16/2018 | 1.8 | ATTEND BANKRUPTCY STATUS CONFERENCE. | $360.00 | $360.00 | | | |
| 10/17/2018 | 0.9 | DRAFT SUMMARY TO COMMITTEE OF STATUS | $180.00 | $180.00 | | | |
| 10/22/2018 | 0.5 | CONFERENCE CALL WITH COMMITTEE | $100.00 | $100.00 | | | |
| 10/24/2018 | 0.2 | VOICE MAIL TO DAVE (0.10); CALL WITH | $40.00 | $40.00 | | | |
| 10/26/2018 | 0.8 | CALL WITH DAVE ON CASE STATUS. | $160.00 | $160.00 | | | |
| 10/29/2018 | 0.2 | MESSAGE TO ATTORNEY FOR ANOTHER | $40.00 | $40.00 | | | |
| 11/1/2018 | 1.8 | REVIEW TRUSTEE'S MOTION FOR APPROVAL | $360.00 | $360.00 | | | |
| 11/2/2018 | 0.6 | CALL WITH GRANT AND LELAND. | $120.00 | $120.00 | | | |
| 11/5/2018 | 0.2 | CALL WITH HOWARD ON STATUS. | $40.00 | $40.00 | | | |
| 11/12/2018 | 0.2 | MESSAGE TO DAVE (0.10); EMAIL TO CLIENTS | $40.00 | $40.00 | | | |
| 11/27/2018 | 1.8 | ATTEND TVM BANKRUPTCY HEARING. | $360.00 | $360.00 | | | |
| 3/4/2019 | 0.2 | FOLLOW UP WITH TRUSTEE COUNSEL ON | $40.00 | $40.00 | | | |
| 3/13/2019 | 0.4 | FOLLOW UP ON PAYMENTS RECEIVED BY | $80.00 | $80.00 | | | |
| 3/25/2019 | 1.5 | DRAFT LETTER WITH RESEARCH AND | $300.00 | $300.00 | | | |
| 4/19/2019 | 0.2 | CALL WITH TRUSTEE'S ATTORNEY (0.10). | $40.00 | $40.00 | | | |
| 5/1/2019 | 0.1 | FOLLOW UP WITH BANKRUPTCY TRUSTEE | $20.00 | $20.00 | | | |
| 5/3/2019 | 1.3 | REVIEW DHJ FINANCIALS AND QUESTIONS TO | $260.00 | $260.00 | | | |
| 5/13/2019 | 0.2 | EMAIL TO CLIENTS (0.10); RETURN LELAND'S | $40.00 | $40.00 | | | |
| 5/14/2019 | 0.7 | CALL AND EMAIL WITH BANKRUPTCY TRUSTEE | $140.00 | $140.00 | | | |
| 5/31/2019 | 2 | CALL WITH JED MANWARING ON TRUSTEE'S | $400.00 | $400.00 | | | |
| 6/4/2019 | 1.2 | REVIEW RACHEL BOHNENKAMP'S | $240.00 | $240.00 | | | |

| Date | Hours | Description | | | | | |
|---|---|---|---|---|---|---|---|
| 9/9/2019 | 0.4 | REVIEW RESPONSE FROM TRUSTEE ATTORNEY | $80.00 | $80.00 | | | |
| 10/8/2019 | 1.9 | REVIEW TRUSTEE'S ATTORNEY REQUEST FOR | $380.00 | $380.00 | | | |
| 10/11/2019 | 1.3 | RESEARCH AND EVALUATE J. MANWARING'S | $260.00 | $260.00 | | | |
| 10/22/2019 | 0.1 | VOICEMAIL MESSAGE TO GRANT. | | $0.00 | | | |
| 10/24/2019 | 0.3 | CALL WITH GRANT AND ANNE LUNGREN ON | | $0.00 | | | |
| | | | | 8,065.00 | $9487.50 | $ 1852.50 | $19,405 |

# Exhibit 1 to *In re Treasure Valley Marine, Inc.*

# -

# Eberle Berlin Costs

**Exhibit 1 - Eberle Berlin Costs**

| Transaction Date | Cost Amount | Description of Cost | Excluded (amount not being sought by Creditors) | Petition (503(b)(3)(A)) | Criminal (503(b)(3)(C)) | Substantial Contribution (503(b)(3)(D)) | Court's Reason for Allowance/Disallowance |
|---|---|---|---|---|---|---|---|
| 2/5/2015 | $221.00 | ADA COUNTY CLERK OF THE COURT CHECK FILING FEE - DAVID McKITRICK V. TREASURE VALLEY MARINE, INC., ET AL | | | $221.00 | $221.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 2/10/2015 | $24.00 | ADA COUNTY CLERK OF THE COURT CHECK COPY OF COMPLAINT - BARNES V. BOHNENKAMP - CASE NO. CV-OC-2015-01589 | | | $24.00 | $24.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 2/13/2015 | $37.00 | CHECK TRI COUNTY PROCESS SERVING | | | $37.00 | $37.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 2/13/2015 | $77.00 | CHECK TRI COUNTY PROCESS SERVING | | | $77.00 | $77.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 5/22/2015 | $10.00 | VISA CERTIFIED COPY (NIAGARA JET ADVENTURES) | | | $10.00 | $10.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 5/27/2015 | $77.00 | TRI-COUNTY PROCESS SERVING LLC CHECK NON-SERVICE ON CHRISTOPHER BOHNENKAMP - MCKITRICK V. TREASURE VALLEY MARINE | | | $77.00 | $77.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 6/22/2015 | $950.00 | MORGENSTERN DEVOESICK CHECK YOUR INVOICE 3500, 04/24/2015 | | | $950.00 | $950.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 7/29/2015 | $149.00 | ADA COUNTY CLERK OF THE COURT CHECK COPIES OF DOCUMENTS FROM CASES CV OC 2015-03084 AND CV OC 2014-06530 | | | $149.00 | $149.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 8/11/2015 | $63.59 | OFFICE DEPOT CHECK 98036 MCKITTRICK HARD DRIVE PORTABLE | | | $63.59 | $63.59 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 8/14/2015 | $46.80 | JULIE BARNES FOLEY CHECK PAYMENT OF CERTIFIED COPY OF COMPLAINT FILED IN COUNTY OF NIAGARA SUPREME COURT - FOX V. BOHNENKAMP | | | $46.80 | $46.80 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |

| Date | Amount | Description | | | | | Disposition |
|------|--------|-------------|--|--|--|--|-------------|
| 8/27/2015 | $63.59 | OFFICE MAX - PORTABLE HARD DRIVE | | | $63.59 | $63.59 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 10/2/2015 | $37.72 | CERTIFIED MAIL - POSTAGE - 4 @ $9.43 | | | $37.72 | $37.72 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 10/7/2015 | $140.00 | TREASURY OF THE UNITED STATES CHECK FOIA NUMBER 2015-CGFO-01690 | | | $140.00 | $140.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 10/9/2015 | $10.96 | POSTAGE - 4 @ $2.74 | | | $10.96 | $10.96 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 10/27/2015 | $135.00 | TRI COUNTY PROCESS SERVING CHECK SERVICE ON DEFENDANT MICHAEL FOX; YOUR INVOICE NO. 148673 | | | $135.00 | $135.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 11/6/2015 | $221.00 | ADA COUNTY CLERK OF THE COURT CHECK FILING FEE - LELAND SPINDLER V. BOHNENKAMP, ET AL | | | $221.00 | $221.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 12/7/2015 | $110.00 | ADA COUNTY CLERK OF THE COURT CHECK COPIES FROM CASE NO. CV OC 2015-01589 - BARNES V. BOHNENKAMP | | | $110.00 | $110.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 12/29/2015 | $565.00 | WASHINGTON TRUST BANK CHECK McKITRICK V. BOHNENKAMP, ET AL - DISCOVERY - 520 COPIES @$0.75 PER PAGE; CD - 2 @ $25; 5 HOURS OF TIME @ $25/HOUR | | | $565.00 | $565.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 12/30/2015 | $40.00 | ADA COUNTY CLERK OF THE COURT CHECK COPIES - CASE NO. CV OC 2015-14743 | | | $40.00 | $40.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 1/5/2016 | $750.00 | RIDDLE MARINE CUSTOM JET BOATS CHECK MCKITRICK V. TREASURE VALLEY MARINE - 5 HOURS @ $150.00 | | | $750.00 | $750.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 1/12/2016 | $900.00 | BRYAN BENTZ CHECK DAVID MCKITRICK | $900.00 | | | | |

| Date | Amount | Description | | | | | Disposition |
|---|---|---|---|---|---|---|---|
| 1/14/2016 | $20.00 | ADA COUNTY CLERK OF THE COURT CHECK COPIES - CASE NO. CV OC 2015-01589 - BARNES V. BOHNANKAMP | | | $20.00 | $20.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 2/16/2016 | $8,578.30 | LLP LITTLE-MORRIS CHECK PAYMENT OF INVOICE 159890 - McKITRICK | | | $8,578.30 | $8,578.30 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 2/26/2016 | $274.54 | ASSOCIATED REPORTING & VIDEO CHECK | $274.54 | | | | |
| 2/26/2016 | $405.19 | ASSOCIATED REPORTING & VIDEO CHECK | $405.19 | | | | |
| 2/26/2016 | $177.55 | ASSOCIATED REPORTING & VIDEO CHECK | $177.55 | | | | |
| 2/29/2016 | $524.97 | ASSOCIATED REPORTING & VIDEO CHECK DEPOSITION OF JOSEPH STEARNS - 2-16-16 | | | $524.97 | $524.97 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 3/2/2016 | $15.70 | POSTAGE - 2 @ $7.85 | | | $15.70 | $15.70 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 3/16/2016 | $100.80 | M&M COURT REPORTING SERVICE CHECK MCKITRICK V. TREASURE MARINE, INVOICE NO. 61287B5; JOB NO. 42090B4 | | | $100.80 | $100.80 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 3/29/2016 | $87.00 | TRI COUNTY PROCESS SERVING CHECK INVOICE 151297; JOB NO. 151297; SERVICE ON RACHEL BOHNENKAMP - KEYBANK V. TREASURE VALLEY MARINE, ET AL. CASE NO. CV OC 16-02888 | | | $87.00 | $87.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 3/29/2016 | $87.00 | TRI COUNTY PROCESS SERVING CHECK INVOICE 151296; JOB NO. 151296; SERVICE ON CHRIS L. BOHNENKAMP - KEYBANK V. TREASURE VALLEY MARINE, ET AL; CASE NO. CV OC 16-02888 | | | $87.00 | $87.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 3/29/2016 | $87.00 | TRI COUNTY PROCESS SERVING CHECK INVOICE 151470; JOB NO. 151470; SERVICE ON MICHAEL FOX; MCKITRICK V. TREASURE VALLEY MARINE, ET AL - AMENDED COMPLAINT OF LUNGREN | | | $87.00 | $87.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 3/29/2016 | $87.00 | TRI COUNTY PROCESS SERVING CHECK INVOICE NO. 151299; SERVICE ON MICHAEL FOX - CASE NO. CV OC 15-19231 - SUMMONS AND COMPLAINT - SPINDLER V. TREASURE VALLEY MARINE, ET AL. | | | $87.00 | $87.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 3/29/2016 | $135.00 | TRI COUNTY PROCESS SERVING CHECK INVOICE NO. 151298; SERVICE ON MICHAEL FOX - KEYBANK V. TREASURE VALLEY MARINE, ET AL.; CASE NO. CV OC 16-02888 - SUMMONS AND COMPLAINT | | | $135.00 | $135.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |

| Date | Amount | Description | | | | Allowed/Disallowed |
|---|---|---|---|---|---|---|
| 4/6/2016 | $34.20 | FOUR CERTIFIED MAIL @ $8.55 EACH MAILING OF SUMMONS AND COMPLAINT TO NIAGARA JET ADVENTURES AND DEVILS HOLE JET BOAT - TWO LOCATIONS FOR EACH ENTITY | | | $34.20 | $34.20 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 5/27/2016 | $1,194.62 | JOHN GLENN HALL COMPANY | | | $1,194.62 | $1,194.62 | Allowed (Criminal Prosecution) |
| 6/1/2016 | $302.00 | TRI COUNTY PROCESS SERVING CHECK PAYMENT FOR SERVICE - NIAGARA JET ADVENTURES, LLC AND DEVILS HOLE JETBOAT, LLC | | | $302.00 | $302.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 6/2/2016 | $14.00 | ADAM LITTLE CHECK REIMBURSE PARKING AT ADA COUNTY COURTHOUSE 05/23 AND 05/24/16 | | | $14.00 | $14.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 8/11/2016 | $6.00 | ADA COUNTY CLERK OF THE COURT | $6.00 | | | | |
| 8/24/2016 | $335.00 | VISA CHECK FILING FEE (BANKRUPTCY | | $335.00 | | | Allowed (Filing Petition) |
| 8/30/2016 | $1,184.18 | M & M COURT REPORTING DEPOSITION | | | $1,184.18 | $1,184.18 | Allowed (Criminal Prosecution) |
| 8/30/2016 | $1,219.61 | M & M COURT REPORTING DEPOSITION | | | $1,219.61 | $1,219.61 | Allowed (Criminal Prosecution) |
| 9/23/2016 | $11.00 | ADA COUNTY CLERK OF THE COURT OTHER COPY FEES FOR 7-27-16 COMPLAINT IN CVOC1613569 COPY FEES FOR 7-27-16 COMPLAINT IN CVOC1613569 | | | $11.00 | $11.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 2/22/2017 | $10.00 | DELIVERY SERVICES/MESSENGERS - EVANS KEANE | | | | $10.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided substantially contributed to case) |
| | | | | $335.00 | $3,598.41 | 0 | |

# Exhibit 1 to *In re Treasure Valley Marine, Inc.*

# -

# Hawley Troxell Fees

Exhibit 1 - Hawley Troxell Fees

| Date of Service | Hours | Description of Legal Services | Amount | Excluded (amount nor being sought by Creditors) | Petition (503(b)(3)(A)) | Criminal (503(b)(3)(C)) | Substantial Contribution (503(b)(3)(D)) | Court's Reason for Allowance/Disallowance |
|---|---|---|---|---|---|---|---|---|
| 2/3/2015 | 0.6 | Conduct search of secretary of state for Niagara Jet Boat Adventures; locate filing in New York; review website and | $87.00 | | | $87.00 | $ 87.00 | Disallowed (Because of lumping, Court determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 2/3/2015 | 1.8 | Review of facts and client documents. | $351.00 | | | $351.00 | $ 351.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 2/3/2015 | 2.9 | Extended telephone conference with client re facts of case and strategy; analyze issues relating to insolvency of boat contractor; | $841.00 | $261.00 | | $580.00 | $ 580.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4) |
| 2/4/2015 | 2.1 | Conferences with L. Davis and client re additional status and title issues; review title issues; draft analysis of same. | $409.50 | | | $409.50 | $ 409.50 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4) |
| 2/4/2015 | 1.1 | Review bankruptcy docket; schedules and pleadings of 2009 bankruptcy of Bohnenkamp; e-mail counsel re same. | $159.50 | | | $159.50 | $ 159.50 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4) |
| 2/4/2015 | 3.8 | Analyze issues relating to the filing of a lawsuit against Bohnenkamp by third party; telephone conference with client re same | $1,102.00 | $290.00 | | $812.00 | $ 812.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4) |
| 2/5/2015 | 2.6 | Review e-mail from client re strategy; telephone conference with M. Murphy; extended telephone conference with client | $754.00 | | | $754.00 | $ 754.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4) |
| 2/5/2015 | 1.6 | Receipt and review e-mail correspondence; conduct DMV search; UCC Search; conference with counsel re same; obtain and | $232.00 | | | $232.00 | $ 232.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4) |
| 2/5/2015 | 2.8 | Review settlement proposal from client; conferences with client re collection options; review UCC information re prior liens; draft | $546.00 | | | $546.00 | $ 546.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4) |
| 2/6/2015 | 1.6 | Analyze issues re boat possession and bankruptcy; draft acknowledgment. | $312.00 | | | $312.00 | $ 312.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 2/6/2015 | 2.8 | E-mail exchange with M. Murphy re various issues; e-mail exchange with client re same; extended telephone conference | $812.00 | | | $812.00 | $ 812.00 | Disallowed (Because of lumping, Court determine whether services provided are reasonable pursuant to section 503(b)(4) |
| 2/8/2015 | 0.7 | Begin drafting Complaint for Breach of Contract, Claim and Delivery, and Conversion. | $136.50 | | | $136.50 | $ 136.50 | Disallowed (Because of lumping, Court determine whether services provided are reasonable pursuant to section 503(b)(4) |
| 2/9/2015 | 4.9 | Review correspondence from | $955.50 | $955.50 | | $0.00 | $ - | |
| 2/9/2015 | 2.5 | Review e-mail from client re strategy; telephone conference with client re strategy going forward; e-mail exchange with | $725.00 | | | $725.00 | $ 725.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4) |
| 2/10/2015 | 1 | Review recordings made by client and issues relating thereto; analyze issues re Complaint; review and revise complaint; e- | $195.00 | | | $195.00 | $ 195.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4) |
| 2/10/2015 | 3.7 | E-mail exchange with client re Complaint; review transcripts of recordings forwarded by client; analyze issues relating to | $1,073.00 | $203.00 | | $870.00 | $ 870.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4) |

| Date | Hrs | Description | Amount | | | Amount | Amount | Disallowed/Notes |
|---|---|---|---|---|---|---|---|---|
| 2/11/2015 | 0.6 | Review complaint filed by other buyer; conference with L. Davis re maritime issues. | $117.00 | | | $117.00 | $ 117.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 2/11/2015 | 2.2 | Analyze issues relating to possible maritime lien against NY based vessels; review Niagara Jet's website and social media for | $638.00 | | | $638.00 | $ 638.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 2/12/2015 | 0.3 | Work on finalizing complaint; review correspondence re status of agreement and complaint filing. | $58.50 | | | $58.50 | $ 58.50 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 2/12/2015 | 1.1 | Telephone conference with clients regarding agreement with C. Bohnenkamps; e-mail exchange with clients re same. | $319.00 | | | $319.00 | $ 319.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 2/18/2015 | 0.2 | Review titles from client and analyze issue re transfer of titles. | $39.00 | | | $39.00 | $ 39.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 2/18/2015 | 0.1 | Review e-mail from client re title | $29.00 | $29.00 | | $0.00 | $  - | - |
| 2/18/2015 | 0.2 | E-mail from client re title to | $58.00 | $58.00 | | $0.00 | $  - | - |
| 2/19/2015 | 0.8 | Work on status report to client; e-mail exchange with client re title. | $232.00 | | | $232.00 | $ 232.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 2/23/2015 | 1.9 | Review e-mail re site visit in preparation for call with clients; call with clients; draft demand letter | $551.00 | | | $551.00 | $ 551.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 2/23/2015 | 0.3 | Work on demand letter. | $58.50 | | | $58.50 | $ 58.50 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 2/26/2015 | 1.4 | Review and revise complaint; e-mail correspondence with client re same; verify details relating thereto; finalize complaint for | $273.00 | | | $273.00 | $ 273.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 3/5/2015 | 0.1 | E-mail to A. Lungren re status report. | $29.00 | | | $29.00 | $ 29.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 3/18/2015 | 0.1 | E-mail exchange with client. | $29.00 | | | $29.00 | $ 29.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 3/19/2015 | 0.7 | Telephone conference with clients re status of communication with defendants and strategy going forward; e-mail to M. Murphy re | $203.00 | | | $203.00 | $ 203.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 4/3/2015 | 0.6 | Discuss service issues with L. Davis; research same. | $117.00 | | | $117.00 | $ 117.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 4/3/2015 | 2.3 | Telephone conference with FBI office re investigation; telephone conference with Agent Drew McCanless (2) re issues; telephone | $667.00 | | | $667.00 | $ 667.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |

| Date | Hours | Description | Amount | | | Amount | Amount | Disallowance |
|---|---|---|---|---|---|---|---|---|
| 4/6/2015 | 0.1 | E-mail exchange with client re meeting with FBI agent. | $29.00 | | | $29.00 | $ 29.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 4/7/2015 | 0.1 | E-mail from client re article on | $0.00 | | | $0.00 | $      - | - |
| 4/8/2015 | 1.7 | Extended call with Agent D. McCandless; review notes relating to communications with M. Murphy and W. Scott; e-mail to | $493.00 | | | $493.00 | $ 493.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4) |
| 4/9/2015 | 0.1 | E-mail from client re information for FBI. | $29.00 | | | $29.00 | $ 29.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 4/10/2015 | 0.5 | Telephone conference with client re FBI documentation. | $145.00 | | | $145.00 | $ 145.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 4/13/2015 | 0.1 | E-mail from client regarding documentation for FBI (x2); | $29.00 | | | $29.00 | $ 29.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 4/17/2015 | 0.8 | Telephone conference with FBI agent; search linked in for other BCW employees; telephone conference with A. Little re | $232.00 | | | $232.00 | $ 232.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4) |
| 4/23/2015 | 0.1 | E-mail exchange with client (no | $0.00 | | | $0.00 | $      - | - |
| 4/24/2015 | 0.2 | Review e-mail from client re Custom Weld. | $58.00 | | | $58.00 | $ 58.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 4/29/2015 | 1.1 | Review narrative provided by client for FBI; review documents in drop box, answer to complaint and otherwise prepare for | $319.00 | | | $319.00 | $ 319.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4) |
| 5/4/2015 | 0.7 | Review and revise narrative for FBI. | $203.00 | | | $203.00 | $ 203.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 5/5/2015 | 1.5 | Compile, organize documents in | $0.00 | | | $0.00 | $      - | - |
| 5/5/2015 | 1.6 | Review and revise narrative; work on issues relating to documents for FBI packet; telephone conference with SA | $464.00 | | | $464.00 | $ 464.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4) |
| 5/6/2015 | 1.9 | Attend motion to compel hearing and status conference in other pending case; e-mail L. Davis re same. | $370.50 | | | $370.50 | $ 370.50 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4) |
| 5/6/2015 | 4 | Continue to compile and organize | $0.00 | | | $0.00 | $      - | - |
| 5/6/2015 | 1.8 | E-mail exchange with client re contact by B. Vineyard; e-mail to client re new eviction matter filed against Bohnenkamp; review | $522.00 | | | $522.00 | $ 522.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4) |
| 5/7/2015 | 1.5 | E-mail exchange with B. Vineyard re additional purchasers/witnesses; telephone conference with D. McCandless re | $435.00 | | $435.00 | | | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4) |

| Date | Hours | Description | Amount | | | | Allowed/Disallowed |
|---|---|---|---|---|---|---|---|
| 5/8/2015 | 2.1 | E-mail from client; work on letter to D. McCandless; telephone conference with B. Vineyard re shop location; telephone | $609.00 | | | $609.00 | $ 609.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 5/11/2015 | 0.2 | Upload FBI narrative to ShareFile | $0.00 | | | $0.00 | $ - | - |
| 5/11/2015 | 1.2 | Review e-mail from client re public hearing minutes; revise and finalize letter to FBI relating to additional information obtained | $348.00 | | | $348.00 | $ 348.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 5/12/2015 | 0.1 | Analyze issues relating to next steps in light of MSJ received; e-mail exchange with client relating to Custom Weld attorney. | $29.00 | | | $29.00 | $ 29.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 5/13/2015 | 2.1 | Extended telephone conference with D. Mushlitz re information relating to prior court matters; analyze issues relating to | $609.00 | | | $609.00 | $ 609.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 5/14/2015 | 0.8 | Telephone conference with B. Vineyard re additional information for FBI; e-mail exchange with client; extended telephone | $232.00 | | | $232.00 | $ 232.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 5/15/2015 | 0.1 | Prepare Notice of Intent to Take Default. | $29.00 | | | $29.00 | $ 29.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 5/15/2015 | 0.3 | Discuss appearance and motion issues with L. Davis; review motion and answer re same. | $58.50 | | | $58.50 | $ 58.50 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 5/18/2015 | 0.5 | E-mail exchange with client re court filings; e-mail from client; e-mail from B. Vineyard re names; telephone conference with | $145.00 | | | $145.00 | $ 145.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 5/19/2015 | 3.5 | Prepare for and meet with clients; meet with D. McCandless re possible criminal investigation; prepare response e-mail for | $1,015.00 | | | $1,015.00 | $ 1,015.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 5/20/2015 | 0.4 | Review e-mail from G. Lungren re additional information; e-mail to SA McCandless re attorney information and additional | $116.00 | | | $116.00 | $ 116.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 5/22/2015 | 0.1 | E-mail exchange with client re | $0.00 | | | $0.00 | $ - | - |
| 5/22/2015 | 2.7 | Draft first set of discovery requests to defendants. | $526.50 | | | $526.50 | $ 526.50 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 5/23/2015 | 0.3 | E-mail exchange with client re discovery, summary judgment and timing issues relating to mass representation. | $87.00 | | | $87.00 | $ 87.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 5/24/2015 | 0.2 | Analyze issues relating to discovery requests. | $58.00 | | | $58.00 | $ 58.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 5/24/2015 | 2.9 | Continue drafting discovery requests. | $565.50 | | | $565.50 | $ 565.50 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |

| Date | Hrs | Description | Amount | | | | | Disallowed |
|---|---|---|---|---|---|---|---|---|
| 5/26/2015 | 1.5 | Continue drafting discovery requests to defendants. | $292.50 | | | | $292.50 | $ 292.50 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 5/27/2015 | 0.2 | Save collection of Hull - Valuation | $0.00 | | | | $0.00 | $ - | - |
| 5/27/2015 | 0.4 | Review e-mail from client; initial review and revise discovery requests. | $116.00 | | | | $116.00 | $ 116.00 | Disallowed (Because of lumping, Court determine whether services provided are reasonable pursuant to section 503(b)(4) |
| 5/28/2015 | 1.3 | Review e-mail from client; review and revise discovery requests; telephone conference with client re discovery issues. | $377.00 | | | | $377.00 | $ 377.00 | Disallowed (Because of lumping, Court determine whether services provided are reasonable pursuant to section 503(b)(4) |
| 5/28/2015 | 0.9 | Discuss discovery request issues with L. Davis; revise and revise discovery requests to Bohnenkamps. | $175.50 | | | | $175.50 | $ 175.50 | Disallowed (Because of lumping, Court determine whether services provided are reasonable pursuant to section 503(b)(4) |
| 5/29/2015 | 1.8 | Review and revise discovery requests. | $522.00 | | | | $522.00 | $ 522.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 5/31/2015 | 1.6 | Review comments from client re additional requests; revise discovery requests to entities. | $312.00 | | | | $312.00 | $ 312.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4) |
| 6/1/2015 | 1.8 | Review and comment on all four sets of discovery requests; e- mail exchange with client re same; e-mail exchange with client re | $522.00 | | | | $522.00 | $ 522.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4) |
| 6/1/2015 | 1.4 | Review and revise discovery requests to defendants; conferences and e-mail correspondence with L. Davis re | $273.00 | | | | $273.00 | $ 273.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4) |
| 6/2/2015 | 0.3 | E-mail from client re additional information and communication with NY counsel; e-mail to M. Taylor re information from R. | $87.00 | | | | $87.00 | $ 87.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4) |
| 6/2/2015 | 1.2 | Final review and revisions to discovery requests; finalize same for service. | $234.00 | | | | $234.00 | $ 234.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 6/3/2015 | 1.1 | Extended telephone conference with clients and NY counsel; telephone conference with clients re issues relating to MSJ. | $319.00 | | | | $319.00 | $ 319.00 | Disallowed (Because of lumping, Court determine whether services provided are reasonable pursuant to section 503(b)(4) |
| 6/8/2015 | 0 | Review pretrial deadlines | $0.00 | | | | $0.00 | $ - | - |
| 6/12/2015 | 0.3 | E-mail from client re communication from NY attorney; attempt to reach M. Murphy; e-mail to M. Murphy re SJ hearing | $87.00 | | | | $87.00 | $ 87.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4) |
| 6/15/2015 | 0.7 | Review correspondence from opposing counsel re hull; conferences with L. Davis re motion to continue and summary | $136.50 | | | | $136.50 | $ 136.50 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4) |
| 6/15/2015 | 3.8 | E-mail exchange with M. Murphy's office re hearing date and stipulation; extended telephone conference with A. Little re status | $1,102.00 | | | | $1,102.00 | $ 1,102.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4) |
| 6/16/2015 | 3.6 | Conference with L. Davis re motions issues; research issues raised in motion for summary judgment; begin drafting motion | $702.00 | | | | $702.00 | $ 702.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4) |
| 6/16/2015 | 0.8 | E-mail exchange with client re new information re claims of defamation; work on issues relating to response to MSJ and | $232.00 | | | | $232.00 | $ 232.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4) |

| Date | Hours | Description | Amount | | | Amount | Amount | Disposition |
|---|---|---|---|---|---|---|---|---|
| 6/17/2015 | 9.9 | Continue drafting memorandum in support of motion to continue; draft opposition to motion for summary judgment; review | $1,930.50 | | | $1,930.50 | $1,930.50 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 6/17/2015 | 10.6 | E-mail to M. Murphy re Stipulation and request to move hearing; draft Stipulation for Scheduling Order; review and revise Rule | $3,074.00 | | | $3,074.00 | $3,074.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 6/18/2015 | 0.1 | E-mail exchange with client re | $0.00 | | | $0.00 | $ - | - |
| 6/19/2015 | 0.1 | E-mail from client (no charge to | $0.00 | | | $0.00 | $ - | - |
| 6/22/2015 | 2.9 | E-mail exchange with client re | $0.00 | | | $0.00 | $ - | - |
| 6/22/2015 | 3.2 | Review file relating to timing of demands for hull; draft letter to M. Murphy; analyze issues relating to claims for mitigation; e- mail | $928.00 | | | $928.00 | $928.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 6/23/2015 | 0.2 | Finalize documents for filing and | $0.00 | | | $0.00 | $ - | - |
| 6/24/2015 | 1.6 | Draft reply in support of Rule 56(f) motion. | $280.00 | | | $280.00 | $280.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 6/25/2015 | 6.8 | Further draft reply brief in support of Rule 56(f) motion. | $1,190.00 | | | $1,190.00 | $1,190.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 6/26/2015 | 3.7 | Review, revise and finalize Reply to Motion for Continuance; work on issues relating to independent evidence of W. Scott's | $1,073.00 | | | $1,073.00 | $1,073.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 6/29/2015 | 2.3 | Review and revise proposed Declaration of G. Lungren in Opposition of Defendants' Motion to Strike; e-mail to G. Lungren re | $667.00 | | | $667.00 | $667.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 6/29/2015 | 7.9 | Draft opposition to motion to strike and supporting declarations. | $1,382.50 | | | $1,382.50 | $1,382.50 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 7/1/2015 | 5.9 | Prepare for and attend hearing on pending Motions; conference with M. Murphy following hearing; telephone conference with | $1,711.00 | | | $1,711.00 | $1,711.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 7/1/2015 | 1.2 | Assist in preparing L. Davis for hearing on summary judgment; compile cases relied upon in briefing for same. | $210.00 | | | $210.00 | $210.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 7/2/2015 | 0.9 | Extended telephone conference with A. Little re client's position on settlement and discovery issues; review e-mail from client re | $261.00 | | | $261.00 | $261.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 7/6/2015 | 0.1 | Review, revise and finalize meet and confer letter to M. Murphy. | $29.00 | | | $29.00 | $29.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 7/6/2015 | 0.4 | Draft meet and confer letter re outstanding discovery. | $70.00 | | | $70.00 | $70.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |

| Date | Hours | Description | Amount | | | Amount | Amount | Disallowed/Notes |
|---|---|---|---|---|---|---|---|---|
| 7/7/2015 | 0.8 | Review e-mail received from client (6); extended telephone conference with client re e-mail, settlement, AG complaint; | $232.00 | | | $232.00 | $ 232.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 7/8/2015 | 1.4 | Review e-mail from G. Lungren; e-mail from A. Little with financials attached; e-mail to G. Lungren re financials received | $406.00 | | | $406.00 | $ 406.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 7/9/2015 | 0 | Review financial statements; | $0.00 | | | $0.00 | $      - | - |
| 7/9/2015 | 0 | Conference call with B. Coonts re | $0.00 | | | $0.00 | $      - | - |
| 7/9/2015 | 1.1 | Analyze issues relating to financials provided by Defendants; telephone conference with S. Guyon with the AG's office; e-mail | $319.00 | | | $319.00 | $ 319.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 7/10/2015 | 0.2 | E-mail exchange with client re AG complaint. | $58.00 | | | $58.00 | $ 58.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 7/13/2015 | 2.9 | Brief review of documents received from Defendants; meet with A. Little and J. Stearns (TVM Controller). | $841.00 | | | $841.00 | $ 841.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 7/14/2015 | 0 | Receive Exhibits A & B to | $0.00 | | | $0.00 | $      - | - |
| 7/14/2015 | 0.1 | E-mail exchange with A. Little re affidavit. | $29.00 | | | $29.00 | $ 29.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 7/15/2015 | 0.5 | Conference call with NY counsel re litigation. | $145.00 | | | $145.00 | $ 145.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 7/16/2015 | 1.8 | Review discovery response received from Defendants; analyze issues relating thereto; review and comment on Affidavit | $522.00 | | | $522.00 | $ 522.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 7/17/2015 | 0.7 | Telephone conference with A. Little re Affidavit; telephone conference with M. Murphy's office; e-mail to client re same; | $203.00 | | | $203.00 | $ 203.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 7/20/2015 | 1.2 | Telephone conference with AG's office re complaint and public records request; telephone conference with client re same; | $348.00 | | | $348.00 | $ 348.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 7/21/2015 | 0.1 | Telephone conference with M. Murphy re settlement (2). | $29.00 | | | $29.00 | $ 29.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 7/22/2015 | 1.5 | Telephone conference with client re status of case; telephone conference with M. Murphy re settlement and discovery issues; | $435.00 | | | $435.00 | $ 435.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 7/23/2015 | 0 | Review file re Oregon Subpoena. | $0.00 | | | $0.00 | $      - | - |
| 7/23/2015 | 0.2 | E-mail exchange with M. Murphy re discovery production issues; analyze the same. | $58.00 | | | $58.00 | $ 58.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 7/24/2015 | 0 | Research procedures for service of | $0.00 | | | $0.00 | $      - | - |
| 7/24/2015 | 0.4 | E-mail from M. Murphy re discovery production issues; analyze the same; work on Subpoena to C. Mahr CPA; analyze | $116.00 | | | $116.00 | $ 116.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |

| 7/27/2015 | 1.5 | Research issues re foreign subpoena; review Oregon Court website; telephone call to Clerk re issuance of foreign subpoena | $217.50 | | | | $217.50 | $ 217.50 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 7/28/2015 | 0 | Review and revise pleadings re | $0.00 | | | | $0.00 | $     - | - |
| 7/28/2015 | 0 | Work on Subpoena to CPA; review | $0.00 | | | | $0.00 | $     - | - |
| 7/28/2015 | 0.6 | Review draft subpoena to accountant; make revisions to same. | $105.00 | | | | $105.00 | $ 105.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 7/29/2015 | 0.9 | E-mail exchange with client re FBI meeting; discovery and settlement issues; e-mail exchange with D. McClure re mirror | $261.00 | | | | $261.00 | $ 261.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 7/30/2015 | 0.2 | E-mail exchange with client re meeting with FBI agent and subpoena issues. | $58.00 | | | | $58.00 | $ 58.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 7/31/2015 | 0.5 | Conference with L. Davis re prejudgment writ and receivership issues. | $97.50 | | | | $97.50 | $ 97.50 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 7/31/2015 | 0.5 | E-mail exchange with client re discovery efforts legal strategies considered; e-mail exchange with client re meeting with FBI. | $145.00 | | | | $145.00 | $ 145.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 8/3/2015 | 2.5 | Prepare for and meet with SA McCandless; extended telephone conference with client re conference with FBI and status of | $725.00 | | | | $725.00 | $ 725.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 8/4/2015 | 0.3 | Review e-mail from client re spreadsheets and correspondence from M. Murphy. | $87.00 | | | | $87.00 | $ 87.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 8/10/2015 | 1.1 | E-mail from client re additional information; telephone conference with T. Pickens re status of litigation; telephone | $319.00 | | | | $319.00 | $ 319.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 8/11/2015 | 0.1 | E-mail from client re request from | $0.00 | | | | $0.00 | $     - | - |
| 8/12/2015 | 0.4 | Review New York fraud complaint and analyze issues relating thereto. | $78.00 | | | | $78.00 | $ 78.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 8/12/2015 | 0.1 | E-mail from client (No charge to | $0.00 | | | | $0.00 | $     - | - |
| 8/13/2015 | 2.3 | Review Complaint filed by M. Fox and analyze impact on pending actions; extended telephone conference with A. Little re same; | $667.00 | | | | $667.00 | $ 667.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 8/14/2015 | 0.9 | E-mail to D. McCandless re Complaint; analyze bankruptcy issues relating to involuntary bankruptcy. | $261.00 | | | | $261.00 | $ 261.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |
| 8/18/2015 | 0.6 | E-mail from client re articles and happening in NY; extended telephone conference with S. Guyon re AG's complaint; e-mail | $174.00 | | | | $174.00 | $ 174.00 | Disallowed (Because of lumping, Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4)) |

| Date | Hours | Description | | | | | | Notes |
|------|------|-------------|---|---|---|---|---|-------|
| 8/20/2015 | 1.1 | Extended telephone conference with client re status of matter; e-mail exchange with A. Little; review e-mail from client. | $319.00 | | | | $319.00 | $ 319.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 8/24/2015 | 0.1 | E-mail from client re questions for NJA employee; telephone conference with A. Little re status of Bohnenkamp representation and financial information. | $29.00 | | | | $29.00 | $ 29.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 8/25/2015 | 0.3 | Review e-mail from client re list of questions and respond thereto. | $87.00 | | | | $87.00 | $ 87.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 8/31/2015 | 0.3 | E-mail from A. Little re splitting costs; telephone conference with A. Little re same. | $87.00 | | | | $87.00 | $ 87.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 9/8/2015 | 1.7 | E-mail from client; extended telephone conference with A. Little re joint representation of victims and status of motions; e-mail to client re same. | $493.00 | | | | $493.00 | $ 493.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 9/9/2015 | 0.1 | E-mail from client to AG's office | $0.00 | | | | $0.00 | $         - | - |
| 9/15/2015 | 0.1 | E-mail to A. Little re joint | $0.00 | | | | $0.00 | $         - | - |
| 9/16/2015 | 0.9 | E-mail exchange with client re | $261.00 | $261.00 | | | $0.00 | $         - | - |
| 9/17/2015 | 0.7 | E-mail to G. Lungren re joint representation issues; extended telephone conference with client re same. | $203.00 | | | | $203.00 | $ 203.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 9/18/2015 | 0.1 | E-mail from clients re joint | $0.00 | | | | $0.00 | $         - | - |
| 9/23/2015 | 0.6 | Telephone conference with A. | $174.00 | $174.00 | | | $0.00 | $         - | - |
| 10/2/2015 | 0 | Telephone conference with clients | $0.00 | | | | $0.00 | $         - | - |
| 10/13/2015 | 0 | Telephone conference with A. | $0.00 | | | | $0.00 | $         - | - |
| 10/14/2015 | 0 | Work on document production | $0.00 | | | | $0.00 | $         - | - |
| | | | | | $0.00 | $0.00 | $0.00 | |

# Exhibit 1 to *In re Treasure Valley Marine, Inc.*

# -

# Hawley Troxell Costs

**Exhibit 1 - Hawley Troxell Costs**

| Transaction Date | Description of Cost | Quantity | Cost Amount | Excluded (amount not being | Petition (503(b)(3)(A)) | Criminal (503(b)(3)(C)) | Substantial Contribution (503(b)(3)(D)) | Court's Reason for Allowance/Disallowance |
|---|---|---|---|---|---|---|---|---|
| 2/4/2015 | Messenger | 0 | $0.00 | | | $0.00 | $ - | - |
| 2/4/2015 | Court Fees - ADA COUNTY CLERK To obtain copy of complaint in case no.: CV OV 2015-01589 | 1 | $23.00 | | | $23.00 | $ 23.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 2/12/2015 | Court Fees - ADA COUNTY CLERK Clerk's Fee to File Complaint | 1 | $221.00 | | | $221.00 | $ 221.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 2/26/2015 | Client Charges - Wells Fargo Bank - Commercial Cards Return windlass to Good Automatic Windlass, Inc. for Lungreens -Pickup charge- | 1 | $7.14 | $7.14 | | $0.00 | $ - | - |
| 2/26/2015 | Client Charges - Wells Fargo Bank - Commercial Cards Return rope/chain to Good Automatic Windlass, Inc. for Lungreens -Pickup charge- | 1 | $7.14 | $7.14 | | $0.00 | $ - | - |
| 2/26/2015 | Client Charges - Wells Fargo Bank - Commercial Cards Return windlass to Good Automatic Windlass, Inc. for Lungreens -Shipping charges- | 1 | $85.11 | $85.11 | | $0.00 | $ - | - |
| 2/26/2015 | Client Charges - Wells Fargo Bank - Commercial Cards Return rope/chain to Good Automatic Windlass, Inc. for Lungreens -Shipping charges- | 1 | $76.11 | $76.11 | | $0.00 | $ - | - |
| 2/26/2015 | Client Charges - Wells Fargo Bank - Commercial Cards Return alarm system to Aqualarm for Lungreens -Shipping charges- | 1 | $17.39 | $17.39 | | $0.00 | $ - | - |
| 2/26/2015 | Client Charges - Wells Fargo Bank - Commercial Cards Return misc. items to Lungreens -Shipping Charge- | 1 | $16.85 | $16.85 | | $0.00 | $ - | - |
| 2/26/2015 | Client Charges - Wells Fargo Bank - Commercial Cards Return misc. items to Lungreens -Shipping Charge- | 1 | $19.27 | $19.27 | | $0.00 | $ - | - |
| 2/26/2015 | Client Charges - Wells Fargo Bank - Commercial Cards Return alarm system to Aqualarm for Lungreens - Pickup charges- | 1 | $6.02 | $6.02 | | $0.00 | $ - | - |
| 2/26/2015 | Client Charges - Wells Fargo Bank - Commercial Cards Return misc. items to Lungreens -Pickup charge- | 1 | $6.02 | $6.02 | | $0.00 | $ - | - |
| 2/26/2015 | Client Charges - Wells Fargo Bank - Commercial Cards Return misc. items to Lungreens -Pickup charge- | 1 | $6.02 | $6.02 | | $0.00 | $ - | - |
| 2/26/2015 | Copying | 28 | $5.04 | | | $5.04 | $ 5.04 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |

| 3/18/2015 | Client Charges - ACCESS IDAHO UCC Search(3) - Title MVR(4) | 1 | $43.00 | | | $43.00 | $ 43.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 4/7/2015 | Client Charges - TRI-COUNTY PROCESS SERVING Summons and complaint, service upon R. Bohnenkamp on 03/30/2015 | 1 | $77.00 | | | $77.00 | $ 77.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 4/7/2015 | Client Charges - TRI-COUNTY PROCESS SERVING Summons and complaint, service upon C. Bohnenkamp on 03/30/2015 | 1 | $37.00 | | | $37.00 | $ 37.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 4/7/2015 | Client Charges - TRI-COUNTY PROCESS SERVING Summons and complaint, service upon Treasure Valley MArine Co. on 04/01/2015 | 1 | $52.00 | | | $52.00 | $ 52.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 4/7/2015 | Client Charges - TRI-COUNTY PROCESS SERVING Summons and complaint, service upon Bohnenkamps Whitewater Customs, Inc. on 04/01/2015 | 1 | $37.00 | | | $37.00 | $ 37.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 4/14/2015 | Client Charges - PETTY CASH Misc Court Costs and Copies | 1 | $8.00 | | | $8.00 | $ 8.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 4/21/2015 | Client Charges - TRI-COUNTY PROCESS SERVING Summons & Complaint Niagara Jet Adventrures, LLC Served on 04/21/2015 | 1 | $122.00 | | | $122.00 | $ 122.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 5/11/2015 | Messenger | 0 | $0.00 | | | $0.00 | $    - | - |
| 5/11/2015 | Copying | 114 | $20.52 | | | $20.52 | $ 20.52 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |

| 5/11/2015 | Copying | 135 | $24.30 | | | $24.30 | $ 24.30 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 5/11/2015 | Copying | 46 | $8.28 | | | $8.28 | $ 8.28 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 5/15/2015 | Copying | 6 | $1.08 | | | $1.08 | $ 1.08 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 6/1/2015 | Copying | 31 | $5.58 | | | $5.58 | $ 5.58 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 6/2/2015 | Copying | 12 | $2.16 | | | $2.16 | $ 2.16 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 6/17/2015 | Copying | 5 | $0.90 | | | $0.90 | $ 0.90 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 6/17/2015 | Copying | 159 | $28.62 | | | $28.62 | $ 28.62 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 6/18/2015 | Messenger | 0 | $0.00 | | | $0.00 | $    - | - |
| 6/23/2015 | Copying | 28 | $5.04 | | | $5.04 | $ 5.04 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |

| 6/29/2015 | Copying | 15 | $2.70 | | | $2.70 | $ 2.70 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 6/29/2015 | Copying | 38 | $6.84 | | | $6.84 | $ 6.84 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 6/29/2015 | Copying | 4 | $0.72 | | | $0.72 | $ 0.72 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 6/29/2015 | Copying | 26 | $4.68 | | | $4.68 | $ 4.68 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 7/17/2015 | Messenger | 0 | $0.00 | | | $0.00 | $   - | - |
| 8/12/2015 | Messenger | 1 | $18.00 | | | $18.00 | $ 18.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| 8/13/2015 | Messenger | 1 | $18.00 | | | $18.00 | $ 18.00 | Disallowed (Court cannot determine whether services provided are reasonable pursuant to section 503(b)(4); Creditors failed to meet their burden that services provided related to the criminal case or substantially contributed to case) |
| | | | | | | | | $0.00 in costs allowed |