# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| In Re:<br><br>Treasure Valley Marine, Inc., LLC,<br><br>Debtor. | Bankruptcy Case<br>No. 16-00927-JDP |

**MEMORANDUM OF DECISION RE REQUEST**

**FOR RULE 8008 INDICATIVE RULING**

*Introduction*

On October 15, 2020, this Court entered a Memorandum of Decision ("the Decision") granting in part and denying in part the applications for allowance of an administrative expense priority under § 503(b)(3)(C)[1]

---

[1] Unless otherwise indicated, all chapter references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all Rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037, and all Civil Rule references are to the Federal Rules of Civil Procedure, Rules 1–88.

MEMORANDUM OF DECISION −1

submitted by creditors Leland Spindler, David McKitrick, Grant Lungren, and KeyBank National (collectively, "Creditors") for the attorneys' fees they incurred in connection with the prosecution of a criminal action against the Debtor. Dkt. No. 117. The U.S. Attorney for the District of Idaho ("USA"), an interested party representing the victims of Debtor's crimes collectively, objected to Creditors' applications. Dkt. No. 112. After due consideration of the parties' arguments and submissions, the Court entered an order granting in part and denying in part the Creditors' Motions for Allowance of Administrative Expenses under § 503(b)(3)(C) for the reasons explained in the Decision. Dkt. No. 118. The USA then filed a Motion for Reconsideration of the Memorandum Decision and Corresponding Order. Dkt. No. 119 ("the MFR"), which asked the Court to reconsider one part of the Decision, which held that, under § 503(b)(3)(C), "creditors are entitled to the actual and necessary, reasonable expenses incurred by a creditor in connection with the prosecution of a criminal offense relating to the case, including attorney services rendered in connection with the restitution phase of the criminal proceeding." Dkt. No. 117, p. 34. As it did in the

MEMORANDUM OF DECISION –2

Objection, in the Motion, the USA expressed its view that the Court's holding inappropriately opened the door for creditors to seek priority claims under § 503(b)(3)(C) for fees incurred after a restitution hearing was conducted, and after the entry of a restitution order, in the criminal case. Instead, the USA sought a more narrow ruling limiting the time frame during which administrative priority fees could be awarded under § 503(b)(3)(C) "to the portion of restitution proceedings that are a part of sentencing and that occur before the district court issues its restitution order." MFR at 2. Creditors objected to the Motion, Dkt. No. 120; the USA submitted a reply, Dkt. No. 121; and after careful consideration of the parties' submissions, the Court rejected the USA's position and denied the MFR. Dkt. No. 122.

The USA appealed to United States District Court for the District of Idaho ("District Court"). Dkt. No. 125. However, before further proceedings in the appeal, the USA and Creditors submitted a Stipulation to Resolve the Subject of Appeal and Motion to Partially Vacate Court's Order and Memorandum Decision ("the Stipulation") in the bankruptcy

MEMORANDUM OF DECISION −3

case. Dkt. No. 129. Through the Stipulation, the parties seek relief from the Decision and corresponding order, and an indicative ruling regarding approval of the Stipulation, pursuant to Rule 9024/ Civil Rule 60(b) and Rule 8008 respectively.

The terms of the Stipulation are straight forward. Creditors agreed that any legal fees incurred in this case after the entry of the restitution order would not be entitled to administrative priority for the post-restitution order fees, which amount to a modest $1,200.00. In exchange, the USA agreed that the appeal would be deemed resolved. However, there is one more important condition to the Stipulation that requires scrutiny by this Court: the parties' compromise would only be effective if this Court *vacates* its holding in the Decision that Creditors' fees should be allowed priority for these fees. All other parts of the Decision would remain intact. This vacatur condition, in effect, requires this Court to join in the parties' agreement and gives this Court pause.

///

///

MEMORANDUM OF DECISION –4

*Legal Standard*

Vacatur, which the parties ask the Court in the Stipulation to order, is an extraordinary remedy. The Supreme Court has instructed that an appellate court should not vacate a district court decision mooted while pending on appeal unless it was mooted either by "happenstance," *United States v. Munsingwear*, 340 U.S. 36, 40, 71 S. Ct. 104, 107 (1950). If an appeal is mooted by settlement, there must exist "exceptional circumstances" to justify vacatur. *U.S. Bancorp v. Bonner Mall*, 513 U.S. 18, 29, 115 S. Ct. 386, 393–94 (1994). Appellate courts presented with a request for vacatur of a district court judgment or order may remand the case with instructions that the district court consider the request pursuant to Civil Rule 60(b). *Id*.

However, the posture of this case presented by the Stipulation is different. The request was not that the District Court vacate this Court's decision. Rather, the Stipulation asks this bankruptcy court, sitting as the trial court, to vacate its own decision. But since the Decision and order are on appeal, this Court lacks the authority to grant relief and even partially

MEMORANDUM OF DECISION −5

vacate its prior Decision.[2] To achieve that, one more procedural step must be taken.

Rule 9024 makes Civil Rule 60(b) applicable in cases under the Code.[3] It dictates that "[i]n some circumstances, Rule 8008 governs post-judgment motion practice after an appeal has been docketed and is pending." Rule 9024. Rule 8008, entitled "Indicative Rulings", provides in pertinent part:

> (a) Relief pending appeal
> If a party files a timely motion in the bankruptcy court for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the bankruptcy court may:
> > (1) defer considering the motion;
> > (2) deny the motion; or
> > (3) state that the court would grant the motion if the court where the appeal is pending remands for that purpose, or state that the motion raises a substantial issue.

Rule 8008.

---

[2] It is doubtful that this case presents the sort of "exceptional circumstances" *Bonner Mall* requires to support such a request to the District Court had it been made.

[3] Rule 9024 provides exceptions in certain instances where Civil Rule 60(b) does not apply in bankruptcy cases. None of the exceptions apply here.

MEMORANDUM OF DECISION −6

So how should the Court react to vacatur request in the Stipulation? Here the parties seek vacatur pursuant to Civil Rule 60(b), made applicable by Rule 9024. Civil Rule 60, in relevant part, provides:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> . . .
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable[.]
> (6) any other reason that justifies relief.

Civil Rule 60(b). Although Civil Rule 60 provides the basis for a district courts' vacation of judgments when the equities so demand, it does not establish what substantive standards should be employed. *Am. Games, Inc. v. Trade Prod., Inc.*, 142 F.3d 1164, 1168 (9th Cir. 1998). The question, then, is what standard should this Court apply in considering whether to vacate its own prior judgment or order?

Ninth Circuit precedent makes clear that the "exceptional circumstances" test articulated in *Bonner Mall* and described above only applies to appellate courts that are considering vacating a lower court's

MEMORANDUM OF DECISION –7

judgment or order when the matter on appeal is resolved by agreement or stipulation. *Ayotte v. Am. Econ. Ins. Co.*, 578 F. App'x 657, 658 (9th Cir. 2014). In contrast, the Ninth Circuit has articulated a more lenient standard for situations where a trial court is asked to vacate its own order because of a settlement. *Am. Games, Inc. v. Trade Prod., Inc.*, 142 F.3d at 1168. In those circumstances, the considerations the court should contemplate include, but are not limited to, "the consequences and attendant hardships of dismissal or refusal to dismiss," "the competing values of finality of judgment and right to relitigation of unreviewed disputes," the "motives of the party whose voluntary action mooted the case," and the public policy against allowing a losing party to "buy an eraser for the public record." *Ayotte v. Am. Econ. Ins. Co.*, 578 F. App'x at 658 (citing *Am. Games, Inc. v. Trade Prod., Inc.*, 142 F.3d at 1168). Under this standard, the trial court enjoys ample equitable discretion to modify its own judgments, as compared to an appellate court operating at a distance. *Am. Games, Inc. v. Trade Prod., Inc.*, 142 F.3d at 1170.

MEMORANDUM OF DECISION −8

In sum, given the procedural status of this case, the *Bonner Mall's* "exceptional circumstances" test does not control, but, rather, the parties' request for vacatur in the Stipulation is judged under the discretionary equitable balancing test articulated in *American Games*.

### *Analysis*[4]

Via their stipulation the parties ask the Court to indicate whether it is inclined to approve their settlement and grant partial relief from the Court's prior order by vacating its decision on one of the many discreet issues contested by the parties and resolved by the Court. Even applying the relatively modest "balance of equities" test, this is not an easy call.

The parties actively briefed, argued, submitted, and the Court precisely decided, whether Creditors were entitled to an administrative expense priority claim for their legal costs incurred participating in Debtor's post-restitution judgment criminal proceedings. After a careful

---

[4] The Court determines that the issues are adequately presented in the record, and that no further submissions or arguments from the parties, or a hearing, are required prior to rendering a decision in this matter.

MEMORANDUM OF DECISION −9

analysis and explanation, this Court held, despite the USA's arguments to the contrary, that Creditors' claims indeed qualified for priority status. Decision, Dkt. No. 117 at 32–34. The Court then reaffirmed this holding when it denied the USA's motion to reconsider this aspect of its order. Dkt. No. 122 at 3–4.

The USA, as was its right, appealed what it considered to be this Court's erroneous decision on this issue to the District Court. Now, however, the parties want to forego further litigation, but only if this Court vacates its decision on this issue. Creditors, instead of compromising or waiving this part of their priority claim, prevailed before this Court. But to preserve their $1,200 victory, Creditors now find themselves embroiled in an expensive, time-consuming appeal. The parties' solution to their dilemmas? The USA will agree to forego the fight, but only if Creditors agree to help persuade the Court to void a favorable decision on the very issue the creditors successfully argued. Should this Court accommodate the parties' litigation tactic?

MEMORANDUM OF DECISION −10

Final judgments deserve respect. Merely because the parties have now decided to settle is not alone an adequate basis for this Court to modify what is, in the Court's opinion, a correct interpretation of the Bankruptcy Code.[5] While the parties can, indeed should, prefer settlement to further litigation, in doing so, they should not presume this Court will become a party to their agreement without good cause. Put another way, a claimed error by a trial court on contested legal issue is best resolved by review on appeal, not by a settlement that seeks to bargain away the question. Here, the parties had ample opportunity to compromise before they asked the Court to resolve their dispute.

On the other hand, the dispute here centers on Creditor's right to $1,200 in distributions. And the Court acknowledges that, if the appeal is

---

[5] The Court is unpersuaded by the USA's suggestion that it should alter its order because the Court's decision on the legal issue here will somehow impair the "clear development of the law in this area." Dkt. No. 119 at 2. The decisions of this Court are not precedential nor binding on other appellate or trial courts, nor on other judges of this Court. All are unbridled to determine what, if any, persuasive effect to give this Court's analysis and reasoning, and the Court declines to consider the mere existence of its decision in the docket a good reason to void it.

MEMORANDUM OF DECISION −11

resolved as proposed, the parties will avoid substantial costs and considerable delay on appeal. Moreover, since the issue on appeal involves Creditors' claim to priority, the pending litigation prevents distributions to others in the bankruptcy case. That the settlement will allow other creditors in this bankruptcy case to receive their rightful distributions sooner is important. After all, in this context, the time value of money is always a relevant concern.

    Separate from the interests of the litigants and other parties, the Court is also cognizant of the scare resources and busy schedule of our District Court. While the legal issue on appeal here is arguably an important one, the amounts in controversy are modest, and the District Court's docket is jammed with other pressing tasks and parties urgently requiring its attention. That approving a settlement may ease the District Court's workload, even a little, is a significant factor to this Court.

    And so this is a close call. While, in one sense, the parties' approach to settlement in this case seems repugnant, the Court acknowledges that, under these circumstances, approval of the settlement and a partial

MEMORANDUM OF DECISION –12

vacation of this Court's decision will avoid substantial costs to the parties, potentially benefit the other parties in the bankruptcy case, and may, in a small fashion, ease the District Court's burden. While it lacks enthusiasm for doing so, the Court concludes the equities in this case balance in favor of approval of the settlement and vacating a portion of its Decision if the District Court were to remand for that purpose, followed by dismissal of the appeal.

## *Conclusion*

In the Stipulation, the parties requested that this Court partially vacate a portion of its Decision and order. Per Rule 8008(a)(3), this Court respectfully indicates to the District Court that, if it were to remand the case, this Court is inclined to enter an order approving the Stipulation and partially vacating its previous Decision and order as requested by the parties. The parties are directed to promptly provide a copy of this

MEMORANDUM OF DECISION −13

Memorandum to the District Court for its consideration and, if it is so inclined, action.

DATED: January 5, 2021



_____
Jim D. Pappas
U.S. Bankruptcy Judge

MEMORANDUM OF DECISION −14